IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>                    Plaintiff,<br>v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD. , et al.<br><br>                    Defendants. | Civil Action No. 1:05-CV-02179-CKK |

## OPPOSITION OF FEDERAL TRADE COMMISSION
## TO DEFENDANTS' JOINT MOTION TO CONSOLIDATE

On November 7, 2005, the Federal Trade Commission filed a complaint seeking prompt

injunctive relief to invalidate a five-year anticompetitive agreement between Warner Chilcott and

Barr.  A quick resolution of this enforcement action is essential.  Every day of delay is another

day that consumers are denied access to Barr's lower-priced generic version of Warner Chilcott's

Ovcon oral contraceptive product.  Defendants' motion to consolidate the government's law

enforcement action with seven "tag-along" class actions filed by private plaintiffs seeking

monetary damages threatens to impair the FTC's efforts to open the market to generic drug

competition.[1]

---

[1]    Defendants' motion also seeks to consolidate the FTC's action with a similar
enforcement action brought by 35 State Attorneys General.  The Commission does not object to
consolidation with the State AG Action for purposes of discovery and pretrial proceedings.  Both
cases involve government enforcement actions brought on behalf of the public interest, and both
seek injunctive relief but not damages.  Accordingly, the consolidation of these two cases should
not interfere with the Commission's goal of obtaining prompt relief for consumers.

Defendants' motion should be denied because:

- Consolidation of a government antitrust enforcement action with private treble damages actions is contrary to public policy.

- Consolidation is not warranted in this particular case because the private class action suits present numerous questions of law and fact – including issues of class certification, causation and injury-in-fact, and the nature and extent of damages – that are not present in the FTC's enforcement action seeking injunctive relief.

- Finally, consolidation is unnecessary to address defendants' concern about duplicative discovery and pre-trial proceedings.

## BACKGROUND

The escalating cost of health care in the United States – and in particular, of prescription drugs – is an enormous, national issue. As the Government Accountability Office recently reported: "Prescription drug spending as a share of national health expenditures increased from 5.8 percent in 1993 to 10.7 percent in 2003 and was the fastest growing segment of health care expenditures."[2] Generic drugs play an important role in containing rising prescription drug costs, by offering consumers therapeutically identical alternatives to brand-name drugs, at a significantly reduced cost.

The FTC's First Amended Complaint challenges an agreement not to compete between defendants Warner Chilcott and Barr, two sellers of prescription drugs. Warner Chilcott sells Ovcon, an oral contraceptive used to prevent pregnancy. Barr is the only company approved by the United States Food and Drug Administration (FDA) to sell a generic version of Ovcon. Prior to the challenged agreement, Barr planned to compete with Warner Chilcott by selling Barr's lower-priced generic Ovcon once Barr received FDA approval. Instead of competing, however,

---

[2] United States Government Accountability Office, *Prescription Drugs: Price Trends for Frequently Used Brand and Generic Drugs from 2000 through 2004* 1 (Aug. 2005).

2

defendants entered into an agreement in which Barr agreed to keep its product off the market, and in return, received $20 million.

The Federal Trade Commission challenges this agreement not to compete as an unfair method of competition in violation of Section 5 of the FTC Act. The FTC seeks injunctive relief to invalidate the provision in the agreement that prohibits Barr from introducing a generic version of Ovcon. On the same day that the FTC filed its case, thirty-four states and the District of Columbia jointly filed an enforcement action. The State plaintiffs similarly have alleged that the agreement violated Section 1 of the Sherman Act, 15 U.S.C. § 1, as well as various state antitrust statutes. Like the FTC, the State plaintiffs seek equitable relief. The public interest will be served through prompt decisions in the Commission's and the State AG's lawsuit.

In the wake of the cases commenced by the FTC and the State Attorneys General, at least seven private civil actions also have been filed against defendants. Unlike the government actions, these private suits seek damages on behalf of purported nationwide classes of direct or indirect purchasers. The consolidation of the FTC's case with the private lawsuits – or, for that matter, any delay due to procedural motions like this – will directly interfere with the public interest and the mission of the FTC and the State to enforce the antitrust laws.

## ARGUMENT

**I.    Congress has clearly articulated a strong public policy against consolidating government antitrust actions with private antitrust damages suits.**

Consolidation of the FTC's enforcement action with the seven pending private antitrust damages suits would be contrary to public policy, as articulated by Congress in the multidistrict litigation statute. The MDL Statute provides for consolidation or coordination of pretrial

proceedings in most civil actions involving one or more common questions of fact pending in different districts. 28 U.S.C. § 1407(a). The statute, however, specifically exempts from the scope of multidistrict litigation "any action in which the United States is a complainant arising under the antitrust laws." 28 U.S.C. § 1407(g). This exemption embodies a clear public policy choice in favor of promptly resolving government antitrust claims to protect the nation's consumers from competitive injury. As the legislative history reflects, Congress was concerned that "consolidation might induce private plaintiffs to file actions merely to ride along on the Government's cases," and that this would "almost certainly" delay resolution of the government's case. H.R. Rep. No. 90-1130, at 5 (1968), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1902-03.

Significantly, Congress was well aware that foreclosing consolidation in these instances might impose burdens of duplicative discovery on defendants: "[E]xempting the Government from this legislation may occasionally burden defendants because they may have to answer similar questions posed both by the Government and by private part[ies]." H.R. Rep. No. 90-1130, at 8 (1968), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1905 (letter of Deputy Attorney General Ramsey Clark, incorporated into Report). Nevertheless, Congress specifically carved out government antitrust enforcement actions from multidistrict consolidation because of:

> the importance to the public of seeing relief in [Government] antitrust cases as quickly as possible. To treat the Government differently is not arbitrary, for the purpose of the governmental suit normally differs from that of a private suit; the Government seeks to protect the public from competitive injury, while private parties are primarily interested in recovering damages for injuries already suffered.

*Id.* Thus, faced with balancing the public interest in prompt and efficient resolution of government antitrust actions with the potential burden on private defendants from duplicative discovery, Congress chose to strike the balance in favor of the public interest.

This Congressional policy judgement has been followed in previous antitrust litigation. Indeed, we are aware of no case – and defendants have cited none – in which a court has consolidated, over the government's objection, a federal antitrust enforcement suit with one or more private damages suits for pretrial proceedings under Fed. R. Civ. P. 42(a).[3] The federal district court decision in *United States v. Dentsply International, Inc.*, 190 F.R.D. 140, 145 (D. Del. 1999), is squarely on point. In that case, the court faced the precise question at issue here: whether to consolidate for purposes of pre-trial proceedings, pursuant to Fed. R. Civ. P. 42(a), a government antitrust enforcement action with tag-along private antitrust damages suits. In considering the standard factors under Rule 42(a), the court found many to favor consolidation: (1) the claims in the government's complaint and the private suits were similar; (2) the claims arose from the same alleged conduct; (3) in light of these similarities, a substantial overlap in discovery likely would result; and (4) consolidation of the cases would conserve defendant's resources by avoiding duplicative discovery and reduce the burdens on third party witnesses. 190 F.R.D. at 143. Nonetheless, the *Dentsply* court rejected consolidation of the private damages

---

[3]     Instead, each of defendants' cited cases concern whether to consolidate lawsuits brought by private parties. *See, e.g., Mylan Pharmaceuticals, Inc. v. Henney*, 94 F. Supp. 2d 36 (D.D.C. 2000) (consolidating two private plaintiffs' actions against the FDA and Department of Health and Human Services); *Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, 208 F.R.D. 59 (S.D.N.Y. 2002) (consolidating two private actions involving a stock purchase agreement).

5

suits with the government antitrust case, citing "the public policy position articulated by the

United States Congress" in exempting government actions from multidistrict litigation.  *Id.*

> Although Rule 42(a) does not expressly prohibit consolidation of pretrial
> proceedings in any particular type of case, Congress has articulated a strong public
> policy against combining antitrust complaints brought by the Government with
> private antitrust damages suits.
>
> . . . .
>
> This antitrust exemption is not capricious, but rather based on congressional
> recognition of the primacy of antitrust enforcement actions brought by the United
> States, and that such actions are of special urgency and serve a different purpose
> than private damages suits because they seek to enjoin ongoing anticompetitive
> conduct.

190 F.R.D. at 144, 145.  As in *Dentsply*, the FTC's enforcement action here has a "special

urgency" and serves a "different purpose" than the private lawsuits.  Therefore, defendants'

motion to consolidate should be denied.

## II.    Consolidation is not appropriate as it would unduly delay resolution of the FTC enforcement action.

Even putting aside the strong public policy argument against consolidating federal

antitrust enforcement actions with private suits, consolidation is not warranted in this case.

While all the pending actions require resolution of whether defendants entered into an unlawful

horizontal agreement not to compete, that is where the similarity between the government

enforcement actions and the private damages suits begins and ends.[4]

---

[4]    Further, "[t]he mere fact that a common question is present, and that
consolidation therefore is permissible under Rule 42(a)" does not mean that the court must order
consolidation.  9 Wright and Miller, *Federal Practice and Procedure, Civil* § 2383 (2d ed. 1995).
*See, e.g., Madison v. Hennepin County*, 2003 U.S. Dist. LEXIS 11709, *4 (D. Minn. 2003)
(denying consolidation despite satisfying common questions requirement).

The Commission's case is straightforward, and it can move quickly if kept separate from the private actions because the only real issue in dispute concerns the legality of this agreement. The private plaintiffs' claims, by contrast, will involve many other significant contested issues, such as:

- whether a class should be certified.  *See, e.g., Meijer* Compl. ¶¶ 62-68 (alleging class of direct purchasers); *Vista Healthplan* Compl. ¶¶ 61-67 (alleging class of third-party payors); *Jabo's Pharmacy* Compl. ¶¶ 60-66 (alleging class of indirect purchasers);

- issues of causation and injury-in-fact.[5]  *See, e.g., Meijer* Compl. ¶ 74 ("As a direct and proximate cause of the illegal conduct alleged. . . Plaintiffs were forced to pay more for Ovcon than they otherwise would have paid"); *Rochester Drug* Compl. ¶ 65 ("As a result of the illegal conduct of Defendants, members of the Class were compelled to pay, and did pay, artificially inflated prices"); *American Sales* Compl. ¶ 47; *Valley Wholesale* Compl. ¶ 68;

- the extent of any specific injuries or losses.  *See, e.g., Meijer* Compl. at 14 (seeking "overcharge damages); *Vista Healthplan* Compl. ¶ 81 (seeking "damages, multiple damages, treble damages, and other damages as permitted by state law"); and

- whether the conduct also violates consumer protection laws in each of the states. *See, e.g., Vista Healthplan* Compl. ¶¶ 85-87.

It is defendants' burden to demonstrate to this Court that consolidation is proper and will avoid unnecessary costs or delay.  *See Watkinson v. Great Atlantic & Pacific Tea Co.*, 585 F. Supp. 879, 883 (E.D. Pa. 1984) (stating that the "moving party has the burden of persuading the court that consolidation is proper").  In this case, however, consolidation will interfere with the just and efficient conduct of the Commission's enforcement efforts.  If consolidated with the

---

[5]     Under Section 4 of the Clayton Act (15 U.S.C. § 15), private antitrust plaintiffs seeking damages must establish an injury-in-fact caused by defendant's alleged wrongdoing. *Andrx Pharm., Inc. v. Biovail Corp. Int'l*, 256 F.3d 799, 806 (D.C. Cir. 2001), *citing Associated Gen. Contractors of Cal., v. California State Council of Carpenters*, 459 U.S. 519, 535 (1983).

seven putative private class actions, the Commission's effort to obtain injunctive relief for the nation's consumers of prescription drugs undoubtedly will get bogged down by the discovery and other pre-trial matters relating to issues that – though relevant to the plaintiffs' actions – have nothing to do with the Commission's. Because consolidation will delay resolution of the FTC's charges, and thus harm the public interest, defendants' motion should be denied.[6]

## III. Consolidation is unnecessary to address defendants' concern about duplicative discovery.

There are ways, without consolidation, for the government enforcement agencies and private litigants to work alongside each other to further the efficient management and resolution of these actions. For example, in *FTC v. Mylan Laboratories, Inc.,* No. 1-98-CV-3114 (TFH), slip op. ¶ 2 (D.D.C. Apr. 26, 1999), U.S. District Judge Thomas F. Hogan entered a coordination agreement that allowed private litigants in tag-along treble damage actions to take part in the discovery of the government antitrust enforcement actions.[7] This agreement granted the private plaintiffs access to the pre-complaint discovery that the government had conducted and, with

_____

[6]     9 Wright and Miller, *Federal Practice and Procedure* § 2383 (Civil 2d. 1995) (explaining that a district court may deny a motion to consolidate, despite common legal and factual issues, "if consolidation will cause delay in the processing of one or more of the individual cases."). *See Farahmand v. Rumsfeld*, 2002 WL 31630709, *2 (E.D. Pa. 2002) (denying motion to consolidate because, *inter alia*, consolidation would delay individual cases); *Madison v. Hennepin County*, 2003 U.S. Dist. LEXIS 11709, *4-*5 (D. Minn. 2003) (denying motion to consolidate because it would "serve to unnecessarily postpone resolution" of individual cases).

[7]     The order and the coordination agreement among the *Mylan* private litigants are attached as Exhibit A. We provided the defendants and private plaintiffs a copy of these materials before defendants filed the pending motion. As we informed defendants, the FTC is ready to discuss any necessary modifications to the *Mylan* agreement, so long as it does not interfere with, or delay, the FTC's enforcement efforts in this litigation.

certain limitations, the ability to attend and question witnesses at future depositions noticed in the government actions.

By offering a pragmatic and workable framework to avoid the wasteful duplication of discovery, the *Mylan* approach, or one similar to it, can advance judicial efficiency and fairness. At the same time, such an approach would not interfere with the prompt resolution of the government enforcement actions because the private party participation can "be arranged so as not to delay discovery or other proceedings" in the government suit. *See Mylan* Order ¶ 2(c). Therefore, the FTC respectfully suggests that, as part of its order denying defendants' motion to consolidate, the Court direct the government, private plaintiffs, and defendants to develop a stipulation similar to the *Mylan* agreement for submission to the Court with the Rule 16 Report.

The Court should also reject defendants' alternative "coordination" proposal. *See Defs.' Mot.* ¶ 16. As stated earlier, the FTC does not oppose consolidation with the State AG Action. *See infra* n.1. Nor do we oppose cooperating with defendants and the private plaintiffs on terms similar to those ordered in *Mylan*. We do, however, oppose defendants' call for coordination of all pending matters for all pretrial purposes, without the specification of any terms, conditions, or limitations. This blanket "coordination" proposal appears simply to be another way to achieve the complete consolidation defendants seek.

Accordingly, defendants' Motion to Consolidate should be denied.

Respectfully submitted,

Dated: January 17, 2006


                                         /s/

WILLIAM BLUMENTHAL                  MARKUS H. MEIER (D.C. Bar # 459715)
(D.C. Bar #339283)                      BRADLEY S. ALBERT
General Counsel                        THOMAS H. BROCK (D.C. Bar # 939207)
                                        (202) 326-2813
JOHN A. SINGER (D.C. Bar # 411894)
Attorney                                Attorneys for Plaintiff
Office of the General Counsel          Bureau of Competition
Federal Trade Commission             Federal Trade Commission
                                        600 Pennsylvania Avenue, N.W.
                                        Washington, D.C. 20580
                                        Telephone: (202) 326-3759
                                        Facsimile:  (202) 326-3384

10