UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 2 9 1999

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>MYLAN LABORATORIES, INC.,<br>CAMBREX CORP.,<br>PROFARMACO S.R.L., and<br>GYMA LABORATORIES OF AMERICA, INC.,<br><br>Defendants. | Civ. No. 1:98-CV-3114 (TFH)<br><br>Order Concerning Case Coordination |
| THE STATE OF ALASKA, *et al.*,<br><br>Plaintiffs,<br><br>MYLAN LABORATORIES, INC.,<br>CAMBREX CORP.,<br>PROFARMACO S.R.L.,<br>GYMA LABORATORIES OF AMERICA, INC.,<br>and SST CORP.,<br><br>Defendants. | Civ. No. 1:98-CV-3115 (TFH) |

RECEIVED
4/29/99 RAL

WHEREAS, over eighteen actions involving the same subject matter as the captioned actions have been filed in eleven states;

WHEREAS, counsel for the parties in ten of those cases (the "Coordinated Actions") have stipulated to coordinated pretrial discovery proceedings and intend to seek entry of orders embodying the substance of the Coordination Agreement annexed to this order (the "Coordination Agreement") in the courts before which the Coordinated Actions are pending;



NYA 177409.1

WHEREAS, counsel for the defendants in the cases before this Court, with the consent of counsel for the plaintiffs in the Coordinated Actions, have sought this Court's approval for coordination of pretrial proceedings in the Coordinated Actions with pretrial proceedings in these cases;

WHEREAS, coordination of pretrial proceedings in the Coordinated Actions and these cases will likely save substantial expense by the parties and produce substantial savings in judicial resources; and

WHEREAS, this Court is mindful of the jurisdiction of each of the courts before whom the Coordinated Actions are pending and does not wish to interfere with the discretion of those courts.

**IT IS ORDERED**:

1.  Robert S. Schachter, Esq. of Zwerling, Schachter & Zwerling, LLP and Bernard Persky, Esq. of Goodkind Labaton Rudoff & Sucharow LLP (together, "Liaison Counsel") who are signatories to the Coordination Agreement, shall be given notice of the depositions scheduled in these cases.

2.  Liaison Counsel or their designees selected from counsel in the Coordinated Actions ("Attending Counsel") shall be entitled to attend and question, pursuant to the Federal Rules of Civil Procedure, in those depositions following questioning by plaintiffs' counsel in these cases; provided that:

(a) the courts before which the Coordinated Actions are pending have, upon review of the issue, entered an Order substantially embodying the terms of the Coordination Agreement;

(b) no more than three (3) Attending Counsel and/or one paralegal shall attend such depositions;

(c) participation of counsel in the Coordinated Actions shall be arranged so as not to delay discovery or other proceedings as scheduled in this case;

(d) counsel in the Coordinated Actions have agreed to be bound by the terms of such confidentiality or protective orders as are applicable to discovery in this case; and

(e) the Court's Protective Order dated March 16, 1999 is hereby amended to include counsel of record in the Coordinated Actions within the definition of "outside counsel" as set forth in subsection 8(c) but to exclude counsel of record in the Coordinated Actions from the provision of subsection 8(e).

3. This Court shall retain jurisdiction to modify, rescind and/or enforce the terms of this Order.

Thomas F. Hogan, U.S.D.J.

DATED: April 26, 1999

## ATTORNEYS ENTITLED TO NOTICE

**FEDERAL TRADE COMMISSION**
Richard A. Feinstein
Federal Trade Commission
6th Street & Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-3688

**STATE of MINNESOTA**
MIKE HATCH
Attorney General
Ann Beimdiek Kinsella
Peter B. Hofrenning
Assistant Attorneys General
Antitrust and Commerce Division
N.C.L. Tower, Suite 1400
445 Minnesota Street
St. Paul, MN 55101
(651) 296-7575

NYA 177409.1

**GARY KUBEK, ESQ.**
Debevoise & Plimpton
875 Third Avenue
New York, New York 10022
Attorney for Defendants Cambrex Corp. and Profarmaco S.R.L.

**SIDNEY ROSDEITCHER, ESQ.**
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, New York 10019
Attorney for Defendant SST Corp.

**JOHN CARROLL, ESQ.**
Rogers & Wells LLP
200 Park Avenue
New York, New York 10166
(212) 878-8596
Attorney for Defendant Mylan Laboratories

**IRVING SCHER, ESQ.**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153-0119
Attorney for Defendant Gyma Laboratories

# AGREEMENT CONCERNING
# COORDINATED PRETRIAL DISCOVERY

Counsel for the parties who are signatories hereto stipulate and agree as follows:

## I. COORDINATION

A. The parties recognize the pendency of the following actions which involve many of the same defendants and certain common issues (the "Related Cases"):

1. In the United States District Court for the District of Columbia
   a. *F.T.C.* v. *Mylan Laboratories, Inc.*
      No. 98CV03114

   b. *State of Alaska* v. *Mylan Laboratories, Inc.*
      No. 98CV03115

   (collectively, the "FTC/AG Actions")

   c. *St. Charles Hospital and Rehab. Ctr.* v. *Mylan Laboratories, Inc.*
      No. 99CV00790

2. In the Chancery Court of Davidson County at Nashville, Tennessee
   *Middle Tennessee Teamsters Trust Fund* v. *Mylan Laboratories, Inc.*
   Case No. 98-3833 (II)

3. Supreme Court of the State of New York County of New York

   a. *Migden* v. *Mylan Laboratories, Inc.*
      Index No. 99600120

   b. *Hunt* v. *Mylan Laboratories, Inc.*
      Index No. 99601308

4. Superior Court of Arizona, Yavapai County
   *McLaughlin* v. *Mylan Laboratories Inc.*
   Case No. CU980863

Exhibit A

5. State of Wisconsin Circuit Court, Dane County
   *Scenic Bluffs Community Health Center* v. *Mylan Laboratories, Inc.*
   No. 98CV3286

6. Superior Court of the State of California
   For the County of San Francisco

   a. *Tumpowsky* v. *Mylan Laboratories, Inc.*
      No. 999973
   b. *La Rose* v. *Mylan Laboratories, Inc.*
      No. 300579

7. State of Michigan in the Circuit Court for the County of Oakland
   *Dunkel* v. *Mylan Laboratories, Inc.*
   No. 98-011503-CZ

8. Superior Court of the District of Columbia Civil Division
   *Datlow* v. *Mylan Laboratories, Inc.*
   No. 00002CC-99

9. In the Circuit Court of Jefferson County, Alabama Bessemer Division
   *Ashcraft* v. *Mylan Laboratories, Inc.*
   No.CV99-39

10. In the State of North Carolina, County of Carteret
    *Swain* v. *Mylan Laboratories, Inc.*
    No. 99CVS235

11. In the 11th Circuit Court, Dade County, Florida
    *Masin* v. *Mylan Laboratories, Inc.*
    No. 98-28632CA01

12. In The Superior Court of the State of California for the
    County of San Diego
    a. *Bullock* v. *Mylan Laboratories*
       No. 726950
    b. Galloway v. Mylan Laboratories
       No.727358

13. In the 17th Circuit Court, Broward County, Florida
    *Dearman* v. *Mylan Laboratories, Inc.*
    No. 99000123

14. In the Superior Court, Bergen County, New Jersey
    *Kieffer* v. *Mylan Laboratories, Inc.*
    No. BER-L-365-99 EM

15. In the Superior Court, Mercer County, New Jersey
    *Cement Masons Local #699* v. *Mylan Laboratories, Inc.*
    No. MER-L-000431-99

16. Court of Common Pleas, Richland County, South Carolina
    *Shissias* v. *Mylan Laboratories, Inc.*
    No. 99-CP-10-481

17. Chancery Court of Sumner County, Tennessee
    *Wright* v. *Mylan Laboratories, Inc.*

18. United States District Court for the Central District of California
    *Eldredge* v. *Mylan Laboratories, Inc.*
    No.98CV10048

19. United States District Court for the District of South Carolina
    *Corn* v. *Mylan Laboratories, Inc.*
    No. 98-CP-40-0580

20. United States District Court for the Northern District of Illinois
    *Advocate Health Care* v. *Mylan Laboratories, Inc.*
    No. 99C2228

The Plaintiffs in the cases identified in paragraphs 2, 3(a), 4, 5, 6(a), 7, 8, 9, 10 and 11 are represented, in part, by common counsel, Goodkind Labaton Rudoff & Sucharow LLP (the "Goodkind Firm") and Zwerling, Schachter & Zwerling, LLP (the "Zwerling Firm") (collectively, "Plaintiffs' Common Counsel"). Those cases and the case identified in I.A.15 shall be known as the "Coordinated Actions."

B.    In light of the foregoing, the plaintiffs and defendants in the Coordinated Actions (the "Parties") wish to assure their mutual ability to have access in each of the Coordinated Actions to the discovery developed in the other Coordinated Actions, while also assuring that

discovery taken in one or more of the Coordinated Actions will not be duplicative or cumulative with one another or the FTC/AG Actions.

C.  One or more of the plaintiffs and one or more of the defendants who are parties to this Agreement shall submit a stipulation and order (a "Coordination Order") embodying the terms of this Agreement in each of the Coordinated Actions, and all counsel for plaintiffs and defendants who are parties to the Coordination Order submitted in such respective Coordinated Action shall be bound thereby. Nothing in any such Coordination Order shall be deemed to make any defendant a party to any action in which it was not named as defendant or was not properly served, and no such party shall be required to sign the Coordination Order in any such action. By entering into this Agreement, no defendant shall be deemed to have waived any argument that the court in which any Coordinated Action is pending lacks personal jurisdiction over that defendant and no such party shall be required to sign, nor shall it be bound by the Coordination Order in any such action. The limitations on discovery set forth in this Agreement and any Coordination Order shall not limit the scope or nature of any party's proof at trial, nor shall they be deemed to address or determine what issues are included in any party's claims or defenses.

D.  Should any court before which any of the Coordinated Actions is pending decline or otherwise fail to enter a Coordination Order embodying the terms of this Agreement, this Agreement will continue to apply to all other Coordinated Actions, and the Parties agree, to the extent not inconsistent with other orders or rules of such court and subject to the provisions of Part I.C., above, to abide by the terms of this Agreement with respect to such Action.

II. CONFIDENTIALITY AND USE OF DISCOVERY MATERIALS

A. Subject to the provisions of Part I.C., above, the parties to the Coordination Order in each Coordinated Action will promptly enter into a Confidentiality Stipulation and Proposed Order in each such action substantially in the form attached as Exhibit 1 to this Agreement.

B. Within twenty-one (21) days following the execution of this Agreement, one or more of the Parties to each Coordinated Action will submit the Confidentiality Stipulation and Proposed Order for entry in each of the Coordinated Actions. The Parties may use materials provided in accordance with this Agreement only for the purposes of each of the Coordinated Actions in which the Confidentiality Stipulation and Proposed Order is entered, subject to the provisions of Part I.C., above, and may do so without making a further request to any other Party.

C. Notwithstanding any other provision of this Agreement, (i) no plaintiffs' counsel shall be entitled to obtain access to any of the materials described in Part III or Part IV of this Agreement before a Confidentiality Stipulation and Proposed Order to which such counsel is a signatory is entered by a Court in at least one of the Coordinated Actions, and (ii) plaintiffs' counsel shall not be entitled to use documents, deposition testimony or other materials provided in accordance with this Agreement for any purpose in any Coordinated Action in which the Court has not entered the Confidentiality Stipulation and Proposed Order substantially in the form attached as Exhibit 1 to this Agreement.

III. ACCESS TO DISCOVERY RECORD FROM THE FEDERAL TRADE COMMISSION ("FTC") INVESTIGATION AND TO DISCOVERY MATERIALS PRODUCED IN THE COORDINATED ACTIONS

A. Within the latter of either 21 days after the execution of this Agreement or 5 days following the entry of the Confidentiality Stipulation and Proposed Order attached as Exhibit 1 to this Agreement in any of the Coordinated Actions in which Plaintiffs' Common Counsel have

5

appeared, each defendant which is a signatory thereto will provide to Plaintiffs' Common Counsel all materials previously provided by that defendant to the FTC, whether informally or in response to subpoenas or other formal process. Plaintiffs' Common Counsel may provide other plaintiffs' counsel in any Coordinated Action with access to the materials described in this Part III. only after the Confidentiality Stipulation and Protective Order to which such other counsel is a signatory has been entered by a Court in at least one of the Coordinated Actions.

B. Subject to the provisions of Part II. C., above, plaintiffs may use such documents originally submitted to the FTC by any defendant for purposes of any Coordinated Action in which such defendant is a party as if such documents had been produced by such defendant therein.

C. Following execution of this Agreement, counsel for the Parties may have access, subject to the provisions of Part, I. C. and II. C., above, to:

1. All documents that are produced by any defendant in one Coordinated Action for purposes of any other Coordinated Action in which such defendant is a party as if such documents had been produced by such defendant therein;

2. All deposition transcripts (and exhibits thereto) of any present or former employee of any defendant who is deposed as a fact witness in one Coordinated Action (and whose deposition was principally defended by counsel for that defendant) for purposes of any other Coordinated Action in which such defendant is a party as if such deposition had been taken therein; and

3. All written discovery responses of any defendant in one Coordinated Action for purposes of any other Coordinated Action in which such defendant is a party as if such responses had been provided therein.

NYB 1037628.1

## IV. DISCOVERY IN COORDINATED ACTIONS AND ACCESS TO DISCOVERY IN FTC/AG ACTIONS

A.   1.   Plaintiffs agree that they will not seek from defendants, whether through production of documents, depositions, interrogatories or otherwise, discovery that is cumulative or duplicative of discovery taken in the FTC/AG Actions. Plaintiffs further agree that they will seek other discovery in a fashion that is not duplicative or cumulative in connection with all Coordinated Actions.

2. <u>Depositions</u>

a.   Counsel on behalf of plaintiffs in the Coordinated Actions may attend and participate in depositions noticed in the FTC/AG Actions and, after completion of any examination by counsel for plaintiffs in the FTC/AG Actions, examine any witness in all matters relevant to the Coordinated Actions if permitted by, and subject to the terms of, an order of the Court before which the FTC/AG Actions are pending. Defendants will notify Plaintiffs' Common Counsel of the schedule of depositions in the FTC/AG Actions. If counsel for plaintiffs elects to attend such a deposition, such counsel will notify counsel for all defendants in the FTC/AG actions no less than five (5) business days prior to such deposition. Subject to the provisions of Parts I. C. and II. C. above, the testimony of a witness taken in a deposition in the FTC/AG Actions, whether expert or non-expert, shall be usable in each Coordinated Action to the extent provided under the law applicable to such Coordinated Action as if the deposition had been noticed and taken in such Coordinated Action.

b.   Unless stipulated to by counsel for plaintiff and the respective defendants in any Coordinated Action or permitted by an order of the Court in such Action upon a showing of good cause, a party may not take the deposition of any witness who was previously

7

deposed in the FTC/AG Actions if the Goodkind Firm or the Zwerling Firm had received notice of the deposition of the witness.

   c. Plaintiffs shall coordinate any depositions taken in the Coordinated Actions, such that each witness not deposed in the FTC/AG Actions is only deposed once in connection with the Coordinated Actions by one set of counsel on behalf of plaintiffs in the Coordinated Actions, unless subsequent depositions are stipulated to by counsel for plaintiff and defendants or permitted by order of a court on a showing of good cause. Parties may attend and participate in depositions noticed in connection with any of the Coordinated Actions and may examine witnesses in all matters relevant to all such Coordinated Actions. Subject to the provisions of Parts I.C. and II. C., above, the testimony of any witness taken in deposition, whether expert or non-expert, may be used to the extent provided under the law applicable to each Coordinated Action as if the deposition had been noticed and taken in that Action.

   d. Notwithstanding any other provision of this Agreement, no plaintiffs' counsel in any Coordinated Action shall be permitted to attend a deposition in the FTC/AG Actions unless such counsel is a signatory to a Confidentiality Stipulation and Proposed Order, that has been entered by a Court in at least one of the Coordinated Actions substantially in the form attached as Exhibit 1 to this Agreement.

  3. <u>Documents</u>

   a. Subject to the provisions of Parts I.C. and II. C. above, plaintiffs' counsel in a Coordinated Action (i) may review all documents that are produced in the FTC/AG Actions by a defendant who is also a defendant in that Coordinated Action, and (ii) may use such documents in that Coordinated Action as if they had been produced by that defendant therein.

8

b.  Notwithstanding any other provisions of this Agreement, a defendant may, at its option, withhold from production to plaintiffs' counsel in a Coordinated Action documents produced in the FTC/AG Actions on the basis of any objection which is available under applicable law, provided such defendant notifies Plaintiffs' Common Counsel of its election to withhold such documents and furnishes a description of such withheld documents. Plaintiffs' Common Counsel may dispute such objections to production.

4. Written discovery

a.  Subject to the provisions of Parts I.C. and II. C. above, plaintiffs' counsel in a Coordinated Action (i) may obtain all written discovery produced in the FTC/AG Actions by a defendant who is also a defendant in that Coordinated Action, and (ii) may use such written discovery in that Coordinated Action as if it had been produced by such defendant therein.

V.  **RESERVATION OF OBJECTIONS AND PRIVILEGES**

A. Nothing in this Agreement shall constitute or be deemed to constitute a waiver of any objection of any defendant or plaintiff to the admissibility at trial or other use, in any Coordinated Action, of any documents, deposition testimony or exhibits or written discovery responses provided in accordance with this Agreement, whether on grounds of relevance, materiality or any other basis, and all such objections are specifically preserved. The admissibility into evidence in any Coordinated Action of any material provided in accordance with this Agreement shall be determined under the law and rules applicable to that specific Action.

B. The obligation of a defendant to provide copies of any document described in this Agreement is conditioned upon the agreement of plaintiffs' counsel to pay for such copies, at a reasonable rate to be negotiated between the Parties, as well as any attendant shipping costs.

9

## VI. SERVICE OF PAPERS ON PLAINTIFFS

Service of all notices, motions or other papers called for by this Agreement, or otherwise in connection with any of the Coordinated Actions, shall be made by service upon the Goodkind Firm and the Zwerling Firm. If such notice applies to more than one of the Coordinated Actions, service of one such notice to each of the Goodkind Firm and the Zwerling Firm shall be sufficient, and such notice shall identify to which of the Coordinated Actions it applies.

## VII. AUTHORITY OF COUNSEL

A. 1. Plaintiffs' counsel who have appeared in any of the Coordinated Actions shall be deemed to constitute the Committee of the Whole in all of the Coordinated Actions. Those counsel are specifically listed in Exhibit 2 to this Agreement.

2. The Goodkind Firm and the Zwerling firm are authorized by the Committee of the Whole to enter into this Agreement, which terms are applicable in the Coordinated Actions.

B. Plaintiffs' Counsel agree (a) to ensure that there is no duplication of effort or unnecessary expenses in connection with discovery in the Coordinated Actions, (b) to coordinate on behalf of plaintiffs the initiation and conduct of discovery proceedings in the Coordinated Actions, and (c) to provide general coordination, supervision and control the activities of plaintiffs' counsel in those Coordinated Actions.

Dated: April    , 1999

>GOODKIND LABATON RUDOFF
>& SUCHAROW LLP
>
>By: *Bernard Persky* (by JHC)
>Bernard Persky
>Barbara Hart
>100 Park Avenue
>New York, NY  10001
>Tel:  (212) 907-0700
>
>-and-
>
>ZWERLING, SCHACHTER &
>ZWERLING, LLP
>
>By: _____
>Robert Schachter
>Joseph Lipofsky
>Joseph Tusa
>767 Third Avenue
>New York, NY  10017
>Tel: (212) 223-3900
>
>**Attorneys for Plaintiffs**

Dated: April 16, 1999

                                                ROGERS & WELLS LLP

                                                By: _____
                                                James B. Weidner
                                                200 Park Avenue
                                                New York, NY 10166

                                                **Counsel for Mylan**

Dated: April    , 1999

                                        DEBEVOISE & PLIMPTON

                                        By: _____
                                        Christopher K. Tahbaz
                                        875 Third Avenue
                                        New York, NY  10022

                                        **Counsel for Cambrex Corp.**

Dated: April    , 1999

                                    DEBEVOISE & PLIMPTON

                                    By: _____
                                    Christopher K. Tahbaz
                                    875 Third Avenue
                                    New York, NY  10022

                                    **Counsel for Profarmaco S.r.l.**

Dated: April   , 1999

                                            WEIL, GOTSHAL & MANGES LLP

                                            By: _____
                                            Debra J. Pearlstein
                                            767 Fifth Avenue
                                            New York, NY 10153

                                            **Counsel for Gyma**

NYB 1037628.1