IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., et al.<br><br>　　　　　　　　　　　Defendants. | Civil Action No. 1:05-CV-02179-CKK |

**FEDERAL TRADE COMMISSION'S SURREPLY IN OPPOSITION
TO DEFENDANTS' JOINT MOTION TO CONSOLIDATE**

　　　The Federal Trade Commission submits this surreply to correct defendants' unexpected (and mistaken) claim that this antitrust enforcement action is not brought by the "United States" because the plaintiff is the FTC, rather than the Department of Justice.  Defs.' Reply at 3.  The Supreme Court previously rejected this very argument in *Minnesota Mining & Manufacturing Co. v. New Jersey Woodfinishing Co.*, 381 U.S. 311, 321-22 (1965).  In that case, as here, petitioners claimed that an FTC enforcement action was not a civil proceeding "instituted by the United States" (381 U.S. at 313-14 (quoting 15 U.S.C. § 16(b)), and thus did not suspend the statute of limitations for private plaintiff antitrust damages action under the Clayton Act.  The Supreme Court, however, refused to distinguish between an FTC enforcement action and one brought by the Department of Justice.  Instead, the Court held that the limitation provision "is tolled by Commission proceedings to the same extent and in the same circumstances as it is by Justice Department actions."  381 U.S. at 321-22.

> 　　　In so holding we give effect to Congress' basic policy objectives in enacting § 5(b) – objectives which would be frustrated should we reach a contrary conclusion and thereby deprive large numbers of private litigants of the benefits of

government antitrust suits simply because those suits were pursued by one governmental agency rather than the other.

*Id.* at 322.

The same principles apply here. Congress has articulated a clear public policy against combining government antitrust enforcement actions with tag-along private damages actions. *United States v. Dentsply International, Inc.*, 190 F.R.D. 140, 145 (D. Del. 1999) (refusing to consolidate a government antitrust enforcement action with private damages actions pursuant to Fed. R. Civ. P. 42(a), citing the "congressional recognition" of the "primacy" and "special urgency" of the government suit). As in *Minnesota Mining & Manufacturing*, this policy applies "to the same extent" whether the enforcement action is being pursued by the Commission or the Justice Department. Otherwise, Congress' basic policy objectives would be frustrated based simply "on the arbitrary allocation of enforcement responsibility between the Department and the Commission." 381 U.S. at 320.

                                Respectfully submitted,

                                /s/

| | |
|---|---|
| WILLIAM BLUMENTHAL | MARKUS H. MEIER (D.C. Bar # 459715) |
| (D.C. Bar #339283) | BRADLEY S. ALBERT |
| General Counsel | THOMAS H. BROCK (D.C. Bar # 939207) |
| | (202) 326-2813 |
| JOHN A. SINGER (D.C. Bar # 411894) | |
| Attorney | Attorneys for Plaintiff |
| Office of the General Counsel | Bureau of Competition |
| Federal Trade Commission | Federal Trade Commission |
| | 600 Pennsylvania Avenue, N.W. |
| | Washington, D.C. 20580 |
| | Telephone:  (202) 326-3759 |
| | Facsimile:  (202) 326-3384 |

Dated: January 30, 2006