IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION

Plaintiff,

v.

WARNER CHILCOTT HOLDINGS
COMPANY III, LTD., et al.

Defendant.

Civ. Action No. 1:05-CV-02179-CKK

DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SUR-REPLY

The FTC claims it did not expect that Defendants would point out that the FTC,

an independent agency, is not the "United States," and relies on its purported surprise to justify

the filing of a sur-reply in opposition to Defendants' Joint Motion to Consolidate.   It does not,

for at least two reasons.  First, it was the FTC -- not the Defendants -- that put this issue into

play.  The FTC first claimed it litigates on behalf of the "United States" in their Opposition, and

surely anticipated Defendants would respond to this incorrect assertion in their Reply.  Second,

and more important, the matter is irrelevant to Defendants' Motion.  Whether or not the FTC is

"the United States" for purposes of the Multidistrict Litigation Statute has nothing to do with

whether various related cases should be consolidated *in the same Court in which the FTC filed its*

*case* under Fed. R. Civ. P. 42(a).  Therefore, the FTC's motion should be denied.

The FTC's Opposition equates this case to an "action in which the United States

is a complainant," relying on language found in the Multidistrict Litigation Statue.  Pl.'s Opp'n

Br. at 4.  Not surprisingly, Defendants noted in their Reply that "the FTC is an administrative

agency of the United States created by Congress . . . not the United States itself." Defs.' Joint Reply Br. at 3. Defendants further noted that "[t]he Multidistrict Litigation Statute is not at issue here and, importantly, Rule 42(a) creates no exception for specific types of actions or plaintiffs. The two statutes simply do not relate or refer to one another." Defs.' Joint Reply Br. at 3. These straightforward and predictable arguments should not have come as any surprise to the FTC and therefore do not justify the filing of a sur-reply.

Defendants also oppose the FTC motion because the case the FTC brings to the Court's attention -- *Minnesota Mining and Mfg. Co. v. N.J. Wood Finishing Co.*, 381 U.S. 311 (1965) -- is inapposite. The provision examined in *Minnesota Mining* was Section 5(b) of the Clayton Act, 15 U.S.C. § 16(b) (1964). *See Minnesota Mining*, 381 U.S. at 313-14. Neither Federal Rule of Civil Procedure 42(a) nor the propriety of consolidating an FTC case with other related cases was mentioned or considered in the case. Nor did the case discuss the language in the MDL statute that the FTC relies upon; in fact, the MDL statute had not even been passed by Congress in 1965.

In any event, the FTC stretches the holding of *Minnesota Mining* to its breaking point when it asserts that "[t]he Supreme Court . . . refused to distinguish between an FTC enforcement action and one brought by the Department of Justice." Pl.'s Surreply Br. at 1. The *Minnesota Mining* Court's holding was strictly limited to the narrow issue of whether the tolling provision in Section 5(b) of the Clayton Act extends to FTC actions.[1] Thus, the Court explicitly refused to "venture [an] opinion" as to whether a *different subsection* of the Clayton Act, which

---

[1]    Section 5(b) of the Clayton Act applies to the tolling of the statute of limitations in private actions "[w]henever any civil or criminal proceeding is instituted by the United States . . . ." 15 U.S.C. § 16(b) (1964).

covered actions "brought by or on behalf of the United States . . . .," applied to the FTC.[2] *See id.* at 318 (Sections 5(a) and 5(b) of the Clayton Act "are not necessarily coextensive; they are governed by different considerations as well as congressional policy objectives. This makes § 5(b) readily severable from § 5(a)."). It is hard to believe the Court would go out of its way to limit its holding to one particular subsection of the Clayton Act but nevertheless intend for its holding to apply more generally to conflate FTC and Justice Department actions for all other purposes.

For the foregoing reasons, Defendants ask the Court to deny the FTC's Motion for Leave to File a Surreply and enter an order consolidating this and eight pending and substantially identical actions and any additional cases later filed in or transferred to this Court for pre-trial purposes including discovery.

---

[2]   Section 5(a) of the Clayton Act applies to the establishment of prima facie evidence against defendants in cases in which a "final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States . . . ." 15 U.S.C. § 16(a) (1964).

Date:   February  /, 2006                         Respectfully submitted,

                                                 _____
                                                 Karen N. Walker (D.C. Bar #412137)
                                                 Mark L. Kovner (D.C. Bar #430431)
                                                 Chong S. Park (D.C. Bar #463050)
                                                 KIRKLAND & ELLIS LLP
                                                 655 Fifteenth Street, N.W.
                                                 Washington, D.C. 20005
                                                 (202)879-5000

                                                 *Counsel for Barr Pharmaceuticals, Inc.*

                                                 _____
                                                 Kevin J. Arquit (D.C. Bar #438571)
                                                 Charles E. Koob (*pro hac vice* pending)
                                                 SIMPSON THACHER & BARTLETT LLP
                                                 425 Lexington Avenue
                                                 New York, New York 10017-3954
                                                 (212) 455-2000

                                                 *Counsel for Warner Chilcott Holdings*
                                                 *Company III, Ltd., Warner Chilcott*
                                                 *Corporation, Warner Chilcott (US) Inc., and*
                                                 *Warner Chilcott Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2006, I caused a true and complete copy of Defendants' Joint

Opposition to Plaintiff's Motion for Leave to File Sur-reply to be served on the following

counsel of record by first class mail.

_____

Mark L. Kovner (D.C. Bar # 430431)

Recipients:

Markus H. Meier
Bradley S. Albert
Thomas H. Brock
David Dudley
Aaron Hewitt
James Rhilinger
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, District of Columbia 20580
Phone: (202) 326-3759