IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  Civil Action No. 1:05-cv-2179-CKK<br>) |
| WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., *et al.*, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

| | |
|---|---|
| STATE OF COLORADO, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )  Civil Action No. 1:05-cv-2183-CKK<br>) |
| WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., *et al.*, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**CIVIL RULE 16.3 REPORT TO THE COURT**

Plaintiffs Federal Trade Commission, 34 States and the District of Columbia, Defendants Warner Chilcott Holding Company III, Ltd., *et al.*, and Defendant Barr Pharmaceuticals, Inc., respectfully submit this joint report pursuant to LcvR 16, Rules of the United States District Court for the District of Columbia. The numbered paragraphs below correspond to those in LcvR 16.3(c).

1

**BACKGROUND**

The Federal Trade Commission ("FTC") has filed Civil Action No. 1:05-cv-2179-CKK, in which it alleges that a March 24, 2004 contract between Defendants violates section 5(a) of the Federal Trade Commission Act, 15 U.S.C., § 45(a). The FTC seeks a permanent injunction and other equitable relief invalidating the contract. Thirty four states and the District of Columbia (the "State Plaintiffs") have filed Civil Action No. 1:05-cv-2182-CKK, in which they allege that the March 24, 2004 contract between Defendants violates section 1 of the Sherman Act, 15 U.S.C. § 1, and various state antitrust and consumer protection statutes. The State Plaintiffs seek injunctive and equitable relief, civil penalties, and attorneys' fees.

The parties advise the Court that seven putative class actions have been filed by private plaintiffs alleging that Defendants' actions violated federal and state antitrust and consumer protection laws and seeking treble damages. All of these actions are pending in the United States District Court for the District of Columbia. Defendants have moved to consolidate for pretrial purposes the nine actions pending before this Court. The FTC and the State Plaintiffs consent to the consolidation of their two cases for pretrial purposes but oppose the consolidation of their lawsuits with the private lawsuits. The motion is fully briefed and is now pending before the Court.

Pursuant to LCvR 16.3(c), the parties have discussed the following matters.

1.   <u>Dispositive Motions</u>

No dispositive motions are pending.

2.   <u>Joinder of Parties, Amendment of Pleadings and Narrowing of the Issues</u>

Plaintiffs filed First Amended Complaints on December 2, 2005, and Defendants filed Answers on December 19, 2005. The parties do not anticipate that additional parties need to be

joined or that additional amendments of the pleadings are necessary, but reserve the right to amend the pleadings pursuant to Rule 15, Fed. R. Civ. P.

    3.    <u>Agreement to Assign to Magistrate Judge</u>

The parties do not request assignment to a magistrate judge for all purposes.

    4.    <u>Possibility of Settlement</u>

The parties do not believe that there is a realistic possibility of settlement at this time.

    5.    <u>Alternative Dispute Resolution</u>

The parties have considered the possibility of using alternative dispute resolution procedures but do not believe that the case would benefit from such proceedings at this time.

    6.    <u>Summary Judgment</u>

The parties do not agree as to the schedule for filing summary judgment motions.

Plaintiffs anticipate that they may file dispositive motions for summary judgment. Plaintiffs propose that summary judgment motions be filed no later than October 16, 2006.

Defendants propose that summary judgment motions be filed no later than July 16, 2007.

The parties further propose that a response to any dispositive motion be filed within 30 days of the service of the motion and that the moving party shall have 15 days after service of the response to file a reply brief.

    7.    <u>Initial Disclosures</u>

The parties shall serve initial disclosures as required under Rule 26(a)(1), Fed. R. Civ. P. no later than February 24, 2006.

8. <u>Scope of Discovery</u>

    (a)    <u>Allocation of Discovery</u>

The parties agree that, except as otherwise noted, the provisions of this paragraph shall apply to the aggregate discovery taken by the Federal Trade Commission and the State Plaintiffs and to the aggregate discovery taken by Defendants Warner Chilcott and Barr.

    (b)    <u>Timing of Discovery</u>

The parties do not agree on the timing of discovery.

Plaintiffs propose that, except as to requests for admissions for the authentication and admissibility of exhibits, discovery should be completed by September 1, 2006.

Defendants propose that, except as to requests for admissions for the authentication and admissibility of exhibits, discovery should be completed by April 2, 2007.

The parties agree that they shall serve subpoenas and discovery requests sufficiently in advance of the discovery completion date that all responses or objections will be due on or before that date.

    (c)    <u>Limitations on Interrogatories</u>

The parties do not agree on the limitations on the number of interrogatories.

Plaintiffs propose that, pursuant to Rule 33(a), Fed. R. Civ. P., Plaintiffs shall be permitted to serve no more than 25 interrogatories, including all discrete subparts, on Warner Chilcott and no more than 25 interrogatories, including all discrete subparts, on Barr. Plaintiffs further propose that, pursuant to Rule 33(a), Fed. R. Civ. P., Defendants shall be permitted to serve no more than 25 interrogatories, including all discrete

subparts, on the Federal Trade Commission and no more than 25 interrogatories, including all discrete subparts, on the State Plaintiffs as a group, no more than 5 of which may seek information from each State Plaintiff individually regarding its claims for civil penalties.

Defendants propose no modification of the limits on interrogatories set forth in Rule 33(a) of the Federal Rules of Civil Procedure.

(d)     Other Written Discovery

The parties do not agree on the limitations on written discovery.

Plaintiffs propose that there be no limitations on the number of requests for the production of documents pursuant to Rule 34, Fed. R. Civ. P., or on the number of requests for admission pursuant to Rule 36, Fed. R. Civ. P. Each party reserves the right to seek a protective order pursuant to Rule 26(c), Fed. R. Civ. P., with respect to the total number of requests for the production of documents or requests for admission as well as any objections to specific discovery requests.

Defendants propose that there be no limitations on the number of requests for the production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, or on the number of requests for admission pursuant to Rule 36 of the Federal Rules of Civil Procedure, so long as consolidation and/or coordination of all nine pending actions has occurred in a manner that attempts to avoid duplicative discovery. Each party reserves the right to seek a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure with respect to the total number of requests for the production of documents or requests for admission as well as any objections to specific discovery requests. In

addition, each party reserves the right to object to discovery to the extent that such discovery is duplicative of discovery requested in any of the nine related actions.

(e)    Limitations on Depositions

The parties do not agree on the limitations on depositions.

The parties agree that it will be necessary to take more than 10 depositions as permitted under Rule 30(a)(2)(A), Fed. R. Civ. P.

Plaintiffs propose that Plaintiffs and Defendants each be permitted to take the depositions of the parties, the fact witnesses named on the opposing parties' witness lists, and no more than 20 other witnesses.

Defendants propose that Plaintiffs and Defendants each be permitted to take the depositions of the parties, the fact witnesses named on the opposing parties' witness lists, and no more than 50 other witnesses.

Plaintiffs propose to exchange proposed fact witness lists on June 1, 2006 and revised proposed fact witness lists on August 1, 2006.

Defendants propose to exchange proposed fact witness lists on February 1, 2007 and revised proposed fact witness lists on March 1, 2007.

The parties agree that expert depositions are not subject to the provisions and limitations of this subparagraph.

(f)    Protective Order

The parties further agree that a protective order is necessary to safeguard confidential information concerning Defendants' and third parties' business information. The parties are negotiating a protective order which they will submit for the Court's consideration upon the completion of their negotiations.

9.  Experts

Subject to the following paragraphs, the parties propose no modification of the requirements of Rule 26(a)(2), Fed. R. Civ. P.

    (a)  Expert Reports

The parties do not agree on the schedule for expert reports.

Plaintiffs propose that the parties shall exchange the expert reports required by Rule 26(a)(2)(B), Fed. R. Civ. P, by October 2, 2006.

Defendants propose that Plaintiffs provide the expert reports required by Rule 26(a)(2)(B), Fed. R. Civ. P, by May 1, 2007, and that Defendants provide the expert reports required by Rule 26(a)(2)(B), Fed. R. Civ. P. by June 1, 2007.

The parties agree to waive the production of draft reports.

    (b)  Expert Rebuttal Reports

The parties do not agree on the schedule for expert rebuttal reports.

Plaintiffs propose that the parties shall exchange expert rebuttal reports by October 30, 2006.

Defendants propose that Defendants' expert(s) provide expert rebuttal reports by June 1, 2007, and that Plaintiffs' expert(s) provide expert rebuttal reports by July 2, 2007.

    (c)  Expert Depositions

The parties do not agree on the schedule for expert depositions.

Plaintiffs propose that expert depositions take place by November 22, 2006.

Defendants propose that expert witness depositions take place by July 17, 2007.

10.  Class Actions

These cases are not class actions.

11. <u>Bifurcation</u>

At this time, the parties agree that trial and/or discovery should not be bifurcated or managed in phases.

12. <u>Pretrial Conference</u>

The parties do not agree on the schedule for a pretrial conference.

Plaintiffs propose that the Court schedule a pretrial conference for December 18, 2006.

Defendants propose that the Court schedule a pretrial conference for October 1, 2007.

13. <u>Trial Date</u>

The parties do not agree on a date for trial.

Plaintiffs propose that the Court set a trial date beginning in January, 2007. Defendants propose that the Court should set a trial date at the pretrial conference.

14. <u>Other</u>

(a) The parties agree that the following types of information shall not be the subject of discovery: (1) the content of communications among and between: (a) counsel and expert witnesses; (b) expert witnesses and other expert witnesses or consultants; and/or (c) expert witnesses and their respective staffs, and (2) notes, drafts, written communications or other types of preliminary work created by, or for, expert witnesses. The parties further agree that protections against discovery contained in this paragraph will not apply to nay communications or documents upon which an expert specifically relies as a basis for any of his or her opinions or reports.

(b) Plaintiffs advise the Court that on February 1, 2006, the Judicial Panel on Multidistrict Litigation in *In re Ovcon Oral Contraceptive Antitrust Litigation (No. II)*,

8

MDL Docket No. 1757, entered an order that Defendants' motion for transfer under 28 U.S.C. § 1407 is deemed moot.

Defendants note that initially two actions were filed outside of this judicial district in Pennsylvania and Tennessee. In an effort to conserve the resources of the parties and the courts, Defendants moved before the Judicial Panel on Multidistrict Litigation for an order transferring these cases to a single judicial district. Plaintiffs in the Pennsylvania and Tennessee actions moved to voluntarily dismiss their complaints. As a result, the Panel deemed Defendants' motion moot. Subsequently, an additional case was filed outside this judicial district in Florida. Defendants renewed their motion before the Panel. Plaintiff in the Florida action moved to dismiss the complaint with prejudice. As a result, the Panel deemed Defendants' motion moot.

  (c) <u>Supplemental Proposals Submitted by Plaintiffs</u>.

The parties do not agree to the inclusion of Plaintiffs' Supplemental Proposals in this Report.

  (i) Plaintiffs propose that the filing of summary judgment motions shall not stay the schedule established by the Court.

  (ii) Plaintiffs propose that the parties exchange the information required by Rule 26(a)(2)(A), Fed. R. Civ. P., by August 1, 2006. In addition, for each expert witness, the party shall provide a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; a listing of any other cases in which the witness has testified as an expert at trial or by deposition in the past four years; and a copy of the transcript of the deposition or trial testimony.

(iii) Plaintiffs propose that, because experts for both Plaintiffs and Defendants will likely use significant data sets in the preparation of their expert reports and their expert testimony, a party shall produce with the expert report or the expert rebuttal report (a) a list of all commercially-available computer applications used in the preparation of the report; (b) a copy of all data sets, in native file format, used or developed in the preparation of the report; (c) a copy of any customized statistical software or other customized computer programs used by the party's expert in the course of preparing the report; (d) all processed data files developed in the preparation of the report; (v) a description of how the programs and original data sets were employed to create the final data set(s); and (vi) a description of the purpose and format of each data file and program file provide instructing a use how replication can be conducted.

(iv) Because of delays in the delivery of correspondence due to government security screening procedures, Plaintiffs propose that correspondence between counsel shall be delivered via email, with a courtesy copy delivered by first class mail, postage prepaid.

(v) Plaintiffs propose that pleadings delivered to counsel via the Electronic Case Filing System after 5:00 p.m., on a weekend, or on a federal holiday shall be deemed served on the party the next business day for the purposes of calculating the due date for any responsive pleading.

(vi) Plaintiffs propose that pleadings filed pursuant to LcvR 5.4(e) shall be served on opposing counsel by hand delivery both in original and on electronic disk unless the parties agree otherwise.

(vii)    Plaintiffs propose that all materials produced in response to discovery requests shall be produced in their native file format, provided that statistical information and financial and other business data shall be produced in electronic format, except if the parties agree otherwise.

Defendants object to Plaintiffs inclusion in the Joint Rule 16 Report of these "supplemental proposals." None of these additional matters are required to be addressed in this Joint Report under the Federal Rules of Civil Procedure or the Local Rules of this Court. Defendants contend that each of Plaintiffs' "supplemental proposals" is premature and properly addressed in the context of a case management order. On January 25, 2006, Defendants tendered to the FTC and States a proposed case management order and advised the FTC and States that they are willing to discuss any of the "supplemental proposals" in reaching an agreement on a case management order. To date, the FTC and States have not responded to Defendants' proposed case management order. At this early time, as to each of the items enumerated by Plaintiffs in 14(c), Defendants propose no modification to the Federal Rules of Civil Procedure.

Plaintiffs and Defendants have each submitted proposed scheduling orders reflecting their alternative positions.

Respectfully submitted,

Dated: February 8, 2006

/s/
_____
Markus. H. Meier (DC Bar # 459715)
Bradley S. Albert
Thomas H. Brock (DC Bar # 939207)
FEDERAL TRADE COMMISSION
601 New Jersey Avenue, N.W.
Washington, D.C. 20580
Telephone:     (202) 326-3759
Facsimile:     (202) 326-3384

Counsel for Plaintiff
Federal Trade Commission

Dated: February 8, 2006

/s/
_____
Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
STATE OF COLORADO
1525 Sherman Street, 5th Floor
Denver, CO 80203
(303) 866-5079

Meredyth Smith Andrus
Assistant Attorney General
STATE OF MARYLAND
200 St. Paul Street
Baltimore, MD 21202
(410) 576-6470

Counsel for the State Plaintiffs

Dated: February 8, 2006

/s/
Karen N. Walker (D.C. Bar #. 412137)
Mark L. Kovner (DC Bar # 430431)
Chong S. Park (D.C. Bar # 463050)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Fax: (202) 879-5200

Counsel for Barr Pharmaceuticals, Inc.

Dated: February 8, 2006

/s/
Kevin J. Arquit (D.C.Bar # 438511)
Charles E. Koob
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Fax: (212) 455-2502

Counsel for Warner Chilcott Holdings Company III, Ltd. *et al.*