IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 1:05-cv-2179-CKK |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| STATE OF COLORADO, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 1:05-cv-2182-CKK |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**PROPOSED ORDER TO COORDINATE DISCOVERY**

On the motion of the Plaintiffs, and upon consideration of the briefs in support and in

opposition thereto, it is hereby

ORDERED:

1. For the purposes of this Order

    (a)    "Government Plaintiffs" refers collectively to the Federal Trade

            Commission, the thirty-four States and the District of Columbia as

plaintiffs in the lawsuits identified in Schedule A.

(b)    "Direct Purchaser Plaintiffs" refers collectively to all plaintiffs in the lawsuits identified in Schedule B.

(c)    "Third Party Payor Plaintiffs" refers collectively to all plaintiffs in the lawsuits identified in Schedule C.

(d)    "Warner Chilcott" refers collectively to Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc.,Warner Chilcott Company, Inc. (collectively "Warner Chilcott").

(e)    "Barr" refers to Barr Pharmaceuticals, Inc.

(f)    "Defendants" refers collectively to Warner Chilcott and Barr.

(g)    "Reasonable notice" shall mean notice given at least seven (7) business days in advance of the action to be taken.

(h)    "Pending Cases" refers to all action identified in Schedules A, B, and C.

2.    The Direct Purchaser Plaintiffs, the Third Party Payor Plaintiffs and Defendants shall implement this Order in a manner so as not to delay discovery or other proceedings in the lawsuits filed by the Government Plaintiffs.

3.    The Government Plaintiffs and Defendants shall make available to the Direct Purchaser Plaintiffs and the Third Party Payor Plaintiffs, to the extent allowed by law, the discovery, including the transcripts of the investigational hearings and the discovery requests, in the investigation conducted by and the lawsuits filed by the Government Plaintiffs, and those materials shall be treated as if they were obtained through discovery in the lawsuits identified in Schedules B and C.

4.    The Direct Purchaser Plaintiffs and the Third Party Payor Plaintiffs shall be bound by a Confidentiality Order substantially identical to the Confidentiality Order entered by the Court in the lawsuits filed by the Government Plaintiffs.

5.    The Direct Purchaser Plaintiffs, the Third Party Payor Plaintiffs, and Defendants shall proceed with all discovery in the cases identified in Schedules B and C on issues relating to class certification under Rule 23, Fed. R. Civ. P., separate from discovery relating to all other issues presented in the lawsuits identified in Schedules A, B, and C. Counsel for the Government Plaintiffs, the Direct Purchaser Plaintiffs and the Third Party Payor Plaintiffs shall confer with each other before the Direct Purchaser Plaintiffs and the Third Party Payor Plaintiffs notice such depositions pursuant to this paragraph. The Direct Purchaser Plaintiffs, the Third Party Payor Plaintiffs, and Defendants shall serve copies of all discovery requests relating to class certification on the Government Plaintiffs. If the Government Plaintiffs elect to participate in a deposition noticed pursuant to this paragraph, they shall make a good faith effort to complete the deposition of the witness at the noticed time, but shall have the right to reopen the deposition at a later time. If the Government Plaintiffs do not participate in the discovery, the Direct Purchaser Plaintiffs, the Third Party Payor Plaintiffs and Defendants shall provide the Government Plaintiffs copies of all documents and deposition transcripts from discovery taken pursuant to this paragraph, and those materials shall be treated as if they were obtained through discovery in the lawsuits identified in Schedule A.

## COORDINATION OF WRITTEN DISCOVERY

6.  A party serving a written discovery request in a Pending Case shall serve a copy of the request to the contact attorneys of the parties to the lawsuits identified in Schedules A, B, and C.

7.  A party responding to a written discovery request shall serve its response to the contact attorneys of the parties to the lawsuits identified in Schedules A, B, and C, and those materials shall be treated as if they were obtained through discovery in each lawsuit identified in Schedules A, B, and C.

8.  The Government Plaintiffs, the Direct Purchaser Plaintiffs and the Third Party Payor Plaintiffs shall use their best efforts to serve initial document requests on Defendants in the Pending Cases at the same time.

9.  Defendants may not object to a written discovery request issued by the Government Plaintiffs on the basis that such request is duplicative or cumulative of a request issued by the Direct Purchaser Plaintiffs and the Third Party Payor Plaintiffs.  Notwithstanding the first sentence of this paragraph, a Defendant may respond to a specific discovery request served by the Government Plaintiffs by referring to the Bates numbers or similar identification of the specific documents that the Defendant has already produced in response to a request issued by the Direct Purchaser Plaintiffs or the Third Party Payor Plaintiffs.

10.  A party shall give reasonable notice to the contact attorneys of all parties to the lawsuits identified in Schedules A, B, and C before seeking the production of documents pursuant to Rule 34(c) from a person not a party to any of the Pending

4

Cases. The parties shall use their best efforts to serve their requests for the production of documents on that person at the same time.

11. A party that receives a response to a discovery request from a non-party shall, as permitted by law, provide copies of the response, including copies of the produced documents, to the contact attorneys of the parties to the lawsuits identified in Schedules A, B, and C within ten (10) business days of receiving the response, and those materials shall be treated as if they were obtained through discovery in all Pending Cases.

12. Any document produced by a party or a non-party in response to a discovery request or a subpoena shall be presumed to be authentic pursuant to F.R.E. 901.

## COORDINATION OF DEPOSITIONS

13. The Government Plaintiffs, after giving reasonable notice to and consulting with the contact attorneys of the Direct Purchaser Plaintiffs and the Third Party Payor Plaintiffs, may notice depositions consistent with the schedule established by the Court in the litigation identified in Schedule A. Counsel for the Direct Purchaser Plaintiffs and the Third Party Payor Plaintiffs may attend those depositions and question the deponents upon the completion of the questioning by the counsel for the Government Plaintiffs, provided that:

(a) No more than a total of six individuals for the Direct Purchaser Plaintiffs and the Third Party Payor Plaintiffs, collectively, may attend each deposition.

(b) The Government Plaintiffs, the Direct Purchaser Plaintiffs and the Third

Party Payor Plaintiffs each may proceed with the deposition as if it were noticed in their own lawsuit, consistent with the Federal Rules of Civil Procedure and the orders entered in their respective lawsuits, and the entire transcript of the deposition shall be treated as if it were obtained through discovery in each Pending Case.

14. The Direct Purchaser Plaintiffs and the Third Party Payor Plaintiffs may proceed with depositions consistent with the scheduling orders entered by the Court in their lawsuits, provided that:

(a) Prior to noticing a deposition, the Direct Purchaser Plaintiffs and the Third Party Payor Plaintiffs shall give reasonable notice to and consult with the contact attorneys of the Government Plaintiffs to determine whether the Government Plaintiffs intend to depose the witness in their lawsuits. At the election of the Government Plaintiffs, the deposition shall be scheduled and conducted pursuant to paragraph 13.

(b) The Government Plaintiffs, the Direct Purchaser Plaintiffs, and the Third Party Payor Plaintiffs each may proceed with the deposition as if it were noticed in their own lawsuit, consistent with the Federal Rules of Civil Procedure and the orders entered in their respective lawsuits, and the entire transcript of the deposition shall be treated as if it were obtained through discovery in each Pending Case.

15. Subject to the provisions of paragraphs 13 and 14, a party taking the deposition of a person other than a party shall give reasonable notice to the contact attorneys in

all lawsuits identified in Schedules A, B, and C before serving the subpoenas

pursuant to Rule 45, Fed. R. Civ. P.  At the request of the contact attorney for any

opposing party, and consistent with the orders entered in each lawsuit, the

deposition shall be noticed for all lawsuits identified in Schedules A, B, and C,

and each party may participate in the deposition as if it were noticed in their own

lawsuit, consistent with any order entered in that lawsuit and with the Federal

Rules of Civil Procedure and the entire transcript of the deposition shall be treated

as if it were obtained through discovery in each Pending Case.

16.    The time limits on depositions established by Rule 30(d)(2), Fed. R. Civ. P., shall

apply to all depositions, except as specified herein.

   (a)    The time limit for the Plaintiffs' deposition of a current or former

employee of Defendants in which the Government Plaintiffs and either the

Direct Purchaser Plaintiffs and the Third Party Payor Plaintiffs participate

shall be extended to fourteen (14) hours, unless further modified by

agreement of the parties or by order of the Court, to be allotted by

agreement of the Plaintiffs.

   (b)    The time limit for a deposition of a person other than a party in which both

the Government Plaintiffs and either the Direct Purchaser Plaintiffs and

the Third Party Payor Plaintiffs participate shall be extended to fourteen

(14) hours, with seven (7) hours allotted, collectively, to Defendants and

seven (7) hours allotted, collectively, to the Government Plaintiffs, the

Direct Purchaser Plaintiffs and the Third Party Payor Plaintiffs unless

further extended by agreement of the parties or by order of the Court.

Plaintiffs and Defendants each consent to the opposing parties seeking

more time for the deposition of an individual witness, either by stipulation

of the witness or, if necessary, by motion.

17.   To attend a deposition, counsel and his/her client must be bound by the

Confidentiality Order entered in a case identified in Schedule A, B or C.

18   A party subject to this order, for good cause shown, may move the Court for an

order modifying any provision of this order relating to a specific discovery request

or deposition, including the time limits for any specific deposition.

Entered this ___ day of ____, 2006.


_____
Colleen Kollar-Kotelly
United States District Judge

## Schedule A:  Government Cases

1.    Title of Action:        *Federal Trade Commission v. Warner Chilcott Holdings*
                              *Company III, Ltd., et al.*
      Civil Action No.:       1:05-CV-02179-CKK


2.    Title of Action:        *State of Colorado, et al. v. Warner Chilcott Holdings*
                              *Company III, Ltd., et al.*
      Civil Action No.:       1:05-CV-02182-CKK


## Contact Attorneys

Thomas H. Brock
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C.  20580
(202) 326-2813

Devin M. Laiho
Office of Attorney General
1525 Sherman Street, Fifth Floor
Denver Colorado  82023
(303) 866-5079

Kevin J. Arquit
Charles E. Koob
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

Karen N. Walker
Mark L. Kovner
Chong S. Park
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Streetk, N.W.
Washington, D.C.  20005
(202) 879-5000

**<u>Schedule B:  Direct Purchaser Cases</u>**

1.    Title of Action:        *Meijer, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*

      Civil Action No.:       1:05-CV-02195-CKK


2.    Title of Action:        *Louisiana Wholesale Drug Co., Inc. v. Warner Chilcott Public Limited Company, et al.*

      Civil Action No.:       1:05-CV-02210-CKK


3.    Title of Action:        *Rochester Drug Co-Operative, Inc. v. Warner Chilcott Public Limited Company, et al.*

      Civil Action No.:       1:05-CV-02257-CKK


4.    Title of Action:        *Valley Wholesale Drug Company, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*

      Civil Action No.:       1:05-CV-02321-CKK


5.    Title of Action:        *American Sales Company, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*

      Civil Action No.:       1:05-CV-02335-CKK


6.    Title of Action:        *SAJ Distributors, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*

      Civil Action No.:       1:05-CV-02459-CKK

**<u>Contact Attorneys</u>**

Karen N. Walker
Mark L. Kovner
Chong S. Park
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Streetk, N.W.
Washington, D.C.  20005

Linda P. Nussbaum
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, NW
Washington, D.C. 20005-3964

Kevin J. Arquit
Charles E. Koob
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

## Schedule C:  Third-Party Payor Cases

1.    Title of Action:        *Vista Healthplan, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*

      Civil Action No.:       1:05-CV-02327-CKK

## Contact Attorneys

Kevin J. Arquit
Charles E. Koob
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

Karen N. Walker
Mark L. Kovner
Chong S. Park
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Streetk, N.W.
Washington, D.C.  20005
(202) 879-5000

Kevin Love
Hanzman, Criden & Love, P.A.
7301 S.W. 57th Court, Suite 515
South Miami, Florida  33143
 (305) 357-9000