# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., et al.,<br><br>Defendants. | Civil Action No. 1:05-CV-2179-CKK<br><br>Judge Colleen Kollar-Kotelly |
| STATE OF COLORADO, et al.<br><br>Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., et al.,<br><br>Defendants. | Civil Action No. 1:05-CV-2182-CKK<br><br>Judge Colleen Kollar-Kotelly |

## DEFENDANTS' REVISED VERSION OF
## PLAINTIFFS' PROPOSED ORDER TO COORDINATE DISCOVERY

This Stipulation is entered by the parties to the lawsuits identified in the attached Schedules A, B, and C, and shall be filed with the Court in each of those actions.

1. For the purpose of this Stipulation:

    (a) "Government Plaintiffs" refers collectively to the Federal Trade Commission, the thirty-four States and the District of Columbia as plaintiffs in the lawsuits identified in Schedule A.

    (b) "Direct Purchaser Plaintiffs" refers collectively to all plaintiffs in the lawsuits identified in Schedule B.

    (c) "Indirect Purchaser Plaintiffs" refers collectively to all plaintiffs in the lawsuits identified in Schedule C.

    (d) "Warner Chilcott" refers collectively to Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., and Warner Chilcott Company, Inc., and their predecessors, successors, parent corporations and subsidiary corporations.

    (e) "Barr" refers to Barr Pharmaceuticals, Inc. and its predecessors, successors, parent corporations and subsidiary corporations.

    (f) "Defendants" refers collectively to Warner Chilcott and Barr.

    (g) "Reasonable notice" shall mean notice given at least seven (7) business days in advance of the date on which action will be taken.

    (h) "Pending Cases" refers to all actions identified in Schedules A, B and C.

2. The Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs and the Defendants agree to implement this Stipulation in a manner so as not to delay discovery or other proceedings in the lawsuits filed by the Government Plaintiffs.

3. The Government Plaintiffs and Defendants agree to make available to the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs, to the extent allowed by

law, the discovery, including the transcripts of the investigational hearings and the discovery requests, in the investigation conducted by and the lawsuits filed by the Government Plaintiffs, and those materials shall be treated as if they were obtained through discovery in the actions identified in Schedules B and C.

4. The Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs agree to be bound by a Confidentiality Order substantially identical to the Confidentiality Order entered by the Court in the lawsuits filed by the Government Plaintiffs.

## COORDINATION OF WRITTEN DISCOVERY

5. A party serving a written discovery request in a Pending Case shall serve a copy of the request to the contact attorneys of the parties to the lawsuits identified in Schedules A, B and C.

6. A party responding to a written discovery request shall serve its response to the contact attorneys of the parties to the lawsuits identified in Schedules A, B and C, and those materials shall be treated as if they were obtained through discovery in the lawsuits identified in Schedules A, B, and C.

7. The Government Plaintiffs, the Direct Purchaser Plaintiffs, and the Indirect Purchaser Plaintiffs shall serve one initial document request on Defendants relating to issues common to all Pending Cases. The Government Plaintiffs, the Direct Purchaser Plaintiffs, and the Indirect Purchaser Plaintiffs may serve supplemental requests thereafter.

8. A party shall give reasonable notice to the contact attorneys of all parties to the lawsuits identified in Schedules A, B, and C before seeking the production of

documents pursuant to Rule 34(c) from a person not a party to any of the Pending Cases. The parties shall use their best efforts to serve their requests for the production of documents on that person at the same time.

9. A party that receives a response to a discovery request from a non-party shall, as permitted by law, provide copies of the response, including copies of produced documents, to the contact attorneys of the parties to the lawsuits identified in Schedules A, B, and C within ten (10) business days of receiving the response, and those materials shall be treated as if they were obtained through discovery in all Pending Cases.

## COORDINATION OF DEPOSITIONS

10. The Government Plaintiffs, after giving reasonable notice to and consulting with the contact attorneys of the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs, may notice depositions consistent with the schedule established by the Court in the litigation identified in Schedule A. Counsel for the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs may attend those depositions and question the deponents upon the completion of questioning by the counsel for the Government Plaintiffs, provided that:

  (a) No more than a total of six individuals for the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs, collectively, may attend each deposition.

  (b) The Government Plaintiffs, the Direct Purchaser Plaintiffs, and the Indirect Purchaser Plaintiffs each may proceed with the

deposition as if it were noticed in their own lawsuit, consistent with the Federal Rules of Civil Procedure and the orders entered in their own lawsuit and the entire transcript of the deposition shall be treated as if it were obtained through discovery in each Pending Case.

If the Direct Purchaser Plaintiffs or Indirect Purchaser Plaintiffs elect not to attend a deposition noticed pursuant to paragraph 10, they waive the right to notice that deposition thereafter without leave of Court.

11. The Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs may proceed with depositions consistent with the scheduling orders entered by the Court in their lawsuits, provided that:

(a) Prior to noticing a deposition, the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs shall give reasonable notice to and consult with the contact attorneys of the Government Plaintiffs to determine whether the Government Plaintiffs intend to depose the witness in their lawsuits. At the election of the Government Plaintiffs, the deposition shall be scheduled and conducted pursuant to paragraph 10.

(b) The Government Plaintiffs, the Direct Purchaser Plaintiffs, and the Indirect Purchaser Plaintiffs each may proceed with the deposition as if it were noticed in their own lawsuit, consistent with the Federal Rules of Civil Procedure and the orders entered their respective lawsuits, and the entire transcript of the

deposition shall be treated as if it were obtained through discovery in each Pending Case.

If the Government Plaintiffs elect not to attend a deposition noticed pursuant to paragraph 11, they waive the right to notice that deposition thereafter without leave of Court.

12. Subject to the provisions of paragraphs 10 and 11, a party taking the deposition of a person other than a party shall give reasonable notice to the contact attorneys in all lawsuits identified in Schedules A, B, and C before serving the subpoena pursuant to Rule 45, Fed. R. Civ. P. At the request of the contact attorneys for any opposing party, and consistent with the orders entered in each lawsuit, the deposition shall be noticed for all lawsuits identified in Schedules A, B, and C, and each party may participate in the deposition as if it were noticed in their own lawsuit, consistent with any order entered in that lawsuit and with the Federal Rules of Civil Procedure and the entire transcript of the deposition shall be treated as if it were obtained through discovery in each Pending Case.

13. The time limits on depositions established by Rule 30(d)(2), Fed. R. Civ. P., shall apply to all depositions, except as specified herein.

   (a) The time limit for the Plaintiffs' depositions of no more than five (5) current or former employees of Warner Chilcott and no more than five (5) current or former employees of Barr in which the Government Plaintiffs and either the Direct Purchaser Plaintiffs or the Indirect Purchaser Plaintiffs participate may be extended to fourteen (14) hours, unless

    further modified by agreement of the parties or by order of the Court, to be allotted by agreement of the Plaintiffs.

  (b) The time limit for the Defendants' depositions of no more than five (5) current or former employees of the Government Plaintiffs collectively, each named Direct Purchaser Plaintiff, and each named Indirect Purchaser Plaintiff in which the Government Plaintiffs and either the Direct Purchaser Plaintiffs or the Indirect Purchaser Plaintiffs participate may be extended to fourteen (14) hours, unless further modified by agreement of the parties or by order of the Court, to be allotted by agreement of the Defendants.

14. To attend a deposition, counsel and his/her client must be bound by the Confidentiality Order entered in a case identified in Schedule A, B, or C.

15. A party to this Stipulation, for good cause shown, may move the Court for an order modifying any provision of this Stipulation, including the time limitations for any specific deposition.

## Schedule A: Government Cases

1. Title of Action: *Federal Trade Commission v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.: 1:05-CV-02179-CKK

2. Title of Action: *State of Colorado, et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.: 1:05-CV-02182-CKK

**Contact Attorneys**

Thomas H. Brock
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2813

Devin M. Laiho
Office of Attorney General
1525 Sherman Street, Fifth Floor
Denver, Colorado 82023
(303) 866-5079

Charles E. Koob
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

Karen N. Walker
Mark L. Kovner
Chong S. Park
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

## Schedule B: Direct Purchaser Cases

1.     Title of Action:     *Meijer, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.:     1:05-CV-02195-CKK

2.     Title of Action:     *Louisiana Wholesale Drug Co., Inc. v. Warner Chilcott Public Limited Company, et al.*
   Civil Action No.:     1:05-CV-02210-CKK

3.     Title of Action:     *Rochester Drug Co-Operative, Inc. v. Warner Chilcott Public Limited Company, et al.*
   Civil Action No.:     1:05-CV-02257-CKK

4.     Title of Action:     *Valley Wholesale Drug Company, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.:     1:05-CV-02321 -CKK

5.     Title of Action:     *American Sales Company, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.:     1:05-CV-02335-CKK

6.     Title of Action:     *SAJ Distributors, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.:     1:05-CV-02459-CKK

## Contact Attorneys

Karen N. Walker
Mark L. Kovner
Chong S. Park
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Linda P. Nussbaum
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005-3964

Charles E. Koob
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

## Schedule C: Indirect Purchaser Cases

1.  Title of Action:     *Vista Healthplan, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*
    Civil Action No.:    1:05-CV-02327-CKK

## Contact Attorneys

Charles E. Koob
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

Karen N. Walker
Mark L. Kovner
Chong S. Park
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Kevin B. Love
Hanzman, Criden & Love, P.A.
7301 S .W. 57th Court, Suite 515
South Miami, Florida 33143
(305) 357-9000