IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., *et al.*,<br><br>        Defendants. | Civil Action No. 1:05-CV-2179-CKK<br><br>Judge Colleen Kollar-Kotelly |
| STATE OF COLORADO, *et al.*<br><br>        Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., *et al.*,<br><br>        Defendants. | Civil Action No. 1:05-CV-2182-CKK<br><br>Judge Colleen Kollar-Kotelly |

**DEFENDANTS' JOINT OPPOSITION TO
PLAINTIFFS' JOINT MOTION TO COORDINATE DISCOVERY
<u>IN LIEU OF CONSOLIDATION WITH PRIVATE PLAINTIFFS</u>**

Defendants agree with plaintiffs that discovery in the nine related actions should be coordinated. Defendants continue to believe that the *most* efficient way to minimize duplication and expense is to consolidate these cases. In the alternative, Defendants believe (as plaintiffs now appear to concede) that meaningful coordination is warranted. But plaintiffs' proposal coordinating discovery does not eliminate or even decrease the inefficiency in the discovery process and therefore is not a sufficient substitute for consolidation of the nine

substantially identical actions or for more substantial coordination as Defendants have suggested.[1] There are considerable flaws in plaintiffs' proposal, the most significant examples of which Defendants will address here. First, plaintiffs' Proposed Order to Coordinate Discovery exposes the same witnesses to multiple depositions, a result Defendants seek to avoid. Second, plaintiffs' proposal allows for duplicative discovery requests in each of the nine separate actions, at the same time prohibiting Defendants from objecting on the grounds that any request is duplicative. Third, plaintiffs' proposed order gives plaintiffs twice as much time as Defendants to depose each and every witness in the case.[2] Based on these and other flaws (addressed in Defendants' submitted alternatives), plaintiffs' motion should be denied.

       1.     Duplicative Depositions. As an initial matter, plaintiffs' proposal contains no limit on the number of times a witness may be deposed. Thus, although it requires the plaintiff to give notice to all parties of a deposition, there is no provision providing that a party who elects not to attend the deposition waives its right to notice that deposition at a later date. *See* Pls.' Proposed Order ¶¶ 13-14.

Moreover, the proposed order permits plaintiffs to proceed with discovery on issues relating to class certification "separately" from discovery relating to all other issues presented in the nine related actions. *See* Pls.' Proposed Order ¶ 5. Although it is not entirely

---

[1] Defendants believe that plaintiffs were given sufficient opportunity to propose alternatives to consolidation in their Opposition to Defendants' Motion to Consolidate, as well as their Sur-Reply. In fact, Defendants themselves submitted an alternative "Case Management Order" that would have provided for *coordination* between the government, direct, and indirect cases. *See* Exhibit A to Defendants' Joint Reply in Support of Their Joint Motion to Consolidate (filed January 27, 2006). Nonetheless, Defendants appreciate plaintiffs' most recent efforts to try to coordinate matters in these proceedings and are willing to continue this dialogue in order to reach arrangements that are acceptable to all parties. To that end, Defendants have attached as Exhibit A a revised version of *plaintiffs'* proposal that, although inferior to consolidation or to the coordination plan Defendants submitted on January 27, addresses the concerns raised herein.

[2] Plaintiffs have also included a provision in their proposed coordination order that all documents produced by any party or non-party in any of these nine cases shall be presumed authentic pursuant to F.R.E. 901. *See* Pls.' Proposed Order ¶ 12. Although Defendants are amenable to negotiating such a presumption after document discovery has concluded, such a provision is premature at this time.

apparent what it means to proceed with class certification discovery "separately," one thing is clear: this provision would allow multiple depositions of Defendants' officers and employees. Pursuant to this paragraph, the same witness could be noticed first on issues "relating to class certification," and then noticed again on issues relating to the merits of the case. The provision even allows Government plaintiffs to participate in the class certification deposition of a witness noticed pursuant to this paragraph and then "reopen the deposition at a later time." *See id.*

In addition, many issues regarding class certification, liability, and damages are intertwined and overlap. For example, discovery regarding Defendants' pricing and sales practices may be relevant to class certification predominance issues, liability issues, and damages issues. Accordingly, allowing plaintiffs to depose a witness regarding "class certification" issues and then a second time on other issues would clearly result in duplicative and inefficient discovery. Paragraph 5 of the proposed order thus promotes the very problems that Defendants' motion to consolidate seeks to cure. *See* FED. R. CIV. P. 26(b)(2) (stating that the Court shall limit the "frequency or extent of use of the discovery methods otherwise permitted under these rules any by any local rule . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative . . . .").

2. Overlapping Document Requests. Plaintiffs' proposal also calls for plaintiffs in the nine separate actions to "use their best efforts to serve initial document requests . . . at the same time." Pls.' Proposed Order ¶ 8. There is no provision in this paragraph, however, that prevents these requests from being duplicative, inconsistently drafted, or from overlapping. Nor is there any requirement that plaintiffs actually attempt to coordinate or consolidate the requests that will be common to each of their cases. Given the substantial similarity of the allegations in the pending complaints (as set out in Defendants' motion to consolidate), it is inevitable that the

3

plaintiffs' various requests will be overlapping, cumulative, and duplicative. Accordingly, it is inefficient for plaintiffs not to be required to coordinate at least their initial requests. For the same reason, Defendants cannot agree to waive their right to object to duplicative or cumulative requests. *See* Pls.' Proposed Order ¶ 9. In addition, given the expected size of the document productions, requiring Defendants to research and identify the specific Bates numbers of a response that is responsive to a duplicative request is wasteful and imposes undue burdens on Defendants and Defendants alone. As in many other situations involving related cases, Defendants respectfully suggest instead that the initial requests on common issues be a coordinated request by all plaintiffs, with each group then free to serve supplemental requests relating to their individual issues.

        3.      One-Sided, Excessive Deposition Limits. Plaintiffs' proposed order also awards plaintiffs twice as much time for depositions as Defendants. Plaintiffs' proposal allows plaintiffs 14 hours to depose Defendants' witnesses, while allowing Defendants only 7 hours with respect to plaintiffs' witnesses. *See* Pls.' Proposed Order ¶ 16(a). Defendants submit that 14 hours should be required only for certain key witnesses, and that some limit should therefore be placed on the number of multiple-day depositions that may be taken. Moreover, any limits on depositions should apply equally to plaintiffs and Defendants. Thus, if plaintiffs are permitted to take a specified number of 14-hour depositions, Defendants should be entitled to the same number. Accordingly, Defendants suggest that the 14-hour limit be extended to 5 witnesses for each side.[3]

---

[3] In addition, Defendants believe that the parties cannot stipulate to third-party time limits, as only those parties can assert their rights to rely on the deposition limit under the Federal Rules of Civil Procedure. FED. R. CIV. P. 30(d)(2) ("Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours."); *see* Pls.' Proposed Order ¶ 16(b).

Finally, Defendants wish to clarify the Court's understanding of the communications between the parties. Plaintiffs' assertion that Mr. Charles Koob, counsel for Defendant Warner Chilcott, advised plaintiffs that their suggestion of a proposed coordination order was unacceptable to Defendants is simply not true. *See* Pls.' J. Mot. at 3. (In fact, Defendants themselves actually *submitted* an alternative coordination plan some two months ago, as Exhibit A to their reply brief in support of their motion to consolidate.) Defendants have been—and remain—open to cooperation with plaintiffs to ensure the fast and fair resolution of this case. Thus, Mr. Koob contacted Mr. Thomas Brock, counsel for the Federal Trade Commission, on Monday, March 6, 2006, to discuss certain provisions of plaintiffs' proposal. Mr. Koob then sent Mr. Brock a letter on March 8, 2006, two days before plaintiffs filed their motion, memorializing their prior conversation and stating Defendants' particular concerns, mainly the three substantial flaws identified in plaintiffs' proposal that are discussed above. *See* Ex. B (stating that "[w]e are discussing these issues with counsel for Barr and are drafting proposed language that will deal with them."). Plaintiffs did not wait for Defendants' further efforts to reach agreement and instead filed this motion two days later.

Though plaintiffs' proposed order is not a fair and adequate substitute for consolidation of the nine related actions, Defendants agree that the parties should coordinate discovery in order to avoid "unnecessary and duplicative costs on the Court, third parties, and the litigants themselves." Pls.' Mem. in Support of J. Mot. to Coordinate Discovery, at 6. Accordingly, Defendants submit that either (1) the cases should be consolidated, (2) the cases should be coordinated as set forth in the Case Management Order attached to Defendants' January 27, 2006 Reply Brief, or (3) at the very least, plaintiffs' proposal should be modified to address the significant flaws Defendants have identified. (With regard to this third alternative,

Defendants' attached revised version of plaintiffs' proposed order addresses the concerns enumerated above. *See* Ex. A.)

For the foregoing reasons, Defendants respectfully request that this Court deny plaintiffs' Joint Motion to Coordinate Discovery in Lieu of Consolidation with Private Lawsuits and grant Defendants' motion to consolidate (or, in the alternative, enter Defendants' January 27, 2006 Case Management Order or Defendants' proposed revisions to plaintiffs' Proposed Order to Coordinate Discovery).

Date:  March 24, 2006

Respectfully submitted,

/s/
_____
Kevin J. Arquit (D.C. Bar # 438511)
Charles E. Koob (*pro hac vice*)

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017-3954
(212) 455-2000
(212) 455-2502 (fax)

*Counsel for Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc.*

_____
Karen N. Walker (D.C. Bar # 412137)
Mark L. Kovner (D.C. Bar #  430431)
Chong S. Park (D.C. Bar # 463050)

KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, District of Columbia  20005
(202) 879-5000
(202) 879-5200 (fax)

*Counsel for Barr Pharmaceuticals, Inc.*