IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., and BARR PHARMACEUTICALS, INC.**<br><br>Defendants. | Civil Action No. 1:05-CV-02179-CKK<br><br>Judge Colleen Kollar-Kotelly |

## PLAINTIFF'S AND DEFENDANTS' JOINT MOTION AND STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF ENTRY OF AN AGREED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the parties in the above-captioned case jointly request that this Court enter the Proposed Joint Protective Order Governing Discovery Material attached hereto as Exhibit A. In support of this motion, the parties state as follows:

1. The parties anticipate the need for discovery among the parties and from persons not parties to the litigation involving the production and disclosure of documents containing competitively sensitive information, including, but not limited to, trade secrets or other confidential research, development, and commercial or financial information, as such terms are used in Federal Rule of Civil Procedure 26(c)(7) and Section 6(f) of the Federal Trade Commission Act, and the cases so construing them, and in rules promulgated pursuant to or in implementation of them.

2.	The parties also anticipate that some documents responsive to a discovery request among the parties and from persons not parties to the litigation may contain matters that are privileged or that are protected from production or disclosure as work product.

3.	Federal Rule of Civil Procedure 26(c) provides that this Court may, "for good cause shown . . . make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). Rule 26 further provides that a protective order may be entered so that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." FED. R. CIV. P. 26(c)(7).

4.	A determination of whether good cause exists for the entry of a protective order requires a balancing of "the requester's need for the information . . . its relevance to the litigation at hand, the burden of producing the sought-after material; and the harm which disclosure would cause to the party seeking to protect the information." *Burka v. U.S. Dept. of Health and Human Servs.*, 87 F. 3d 508, 517 (D.C. Cir. 1996).

5.	While competitively sensitive information may be necessary and relevant to this litigation, disclosure of such information could cause significant harm to a party or persons not parties to the litigation that produced information to the Federal Trade Commission during the investigation in FTC File No. 0410034. Defendants assert that they maintain their competitive positions in the marketplace by, among other things, protecting the processes by which they develop and manufacture pharmaceutical products, and that public disclosure of this information would significantly harm Defendants' competitive positions. *See, e.g. United States ex rel. Purcell v. MWI Corp.*, 209 F.R.D. 21, 28 (D.D.C. 2002) (finding that defendants met their burden of making "some 'showing of good cause'" by their assertion that "[t]he unrestricted

release [of information] . . . would be detrimental to MWI's competitive position," and that "[d]efendants [would] suffer significant harm . . . .").

6. In addition, third parties have asserted to the FTC that they maintain their competitive positions in the marketplace by, among other things, protecting the confidentiality of information relating to their business operations, and that public disclosure of this information could harm their competitive positions.

7. The parties have accordingly conferred and agreed upon a proposed protective order that balances the parties' need for information, the relevance of the requested information to the litigation, the burden of production, and the harm which disclosure could cause to the parties and persons not parties to the litigation.

8. In addition, the proposed protective order ensures that matters raised by this proceeding are open to the public, while also ensuring that confidential information submitted in connection with this matter, whether pursuant to compulsory process or voluntarily, is not improperly used or disclosed.[1]

---

[1] Virtually identical protective orders have been negotiated, and the parties have requested entry of these orders by similar motions filed, in each of the following cases: *State of Colorado, et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. No. 1:05-CV-02182-CKK; *Meijer, Inc., et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. No. 1:05-CV-02195; *Louisiana Wholesale Drug Co., Inc. v. Warner Chilcott Public Ltd. Co., et al.*, Civ. No. 1:05-CV-02210-CKK; *Rochester Drug Co-op., Inc. v. Warner Chilcott Public Ltd. Co., et al.*, Civ. No. 1:05-CV-02257-CKK; *Valley Wholesale Drug Co., Inc. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. No. 1:05-CV-02321-CKK; *Vista Healthplan, Inc., et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. No. 1:05-CV-02327-CKK; *Am. Sales Co., Inc. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. No. 1:05-CV-02335-CKK; *SAJ Distribs., Inc., et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. No. 1:05-CV-02459-CKK.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the parties in the above-captioned case respectfully request that this Court grant the parties' Joint Motion for an Agreed Protective Order and enter the Proposed Joint Protective Order Governing Discovery Material in the form of the attached Exhibit A.

Date: March 30, 2006

Respectfully submitted,

_____/s/_____
Markus H. Meier
Bradley S. Albert
Thomas H. Brock
David Dudley
Aaron Hewitt
James Rhilinger
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580

*Attorneys for Plaintiff Federal Trade Commission*

_____
Karen N. Walker (D.C. Bar # 412137)
Mark L. Kovner (D.C. Bar # 430431)
Chong S. Park (D.C. Bar # 463050)
KIRKLAND & ELLIS LLP
655 15th Street, NW
12th Floor
Washington, DC 20005
(202) 879-5000
(202) 879-5200 (fax)

*Counsel for Barr Pharmaceuticals, Inc.*

_____/s/_____
Kevin J. Arquit (D.C. Bar # 438511)
Charles E. Koob, *pro hac vice*
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
(212) 455-2502 (fax)

*Counsel for Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., and Warner Chilcott Company, Inc.*