IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARNER CHILCOTT HOLDINGS<br>　COMPANY III, LTD., *et al.*,<br><br>　　　　Defendants. | Civil Action No. 1:05-cv-2179-CKK |
| STATE OF COLORADO, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WARNER CHILCOTT HOLDINGS<br>　COMPANY III, LTD., *et al.*,<br><br>　　　　Defendants. | Civil Action No. 1:05-cv-2182-CKK |

**PLAINTIFFS' JOINT REPLY BRIEF IN SUPPORT OF MOTION
TO COORDINATE DISCOVERY IN LIEU OF CONSOLIDATION**

The Government Plaintiffs have presented a plan to coordinate discovery in the two government enforcement actions and the seven putative class actions that have been filed by Private Plaintiffs. In response, Defendants continue to insist that the unprecedented consolidation of the government enforcement actions with the private lawsuits is absolutely essential. Next, Defendants suggest that coordination (rather than consolidation) might be appropriate if the Court were to make certain changes to Plaintiffs' proposal. Then, Defendants

submit a rewritten "coordination" order which, if implemented, would effectively consolidate the two government enforcement actions with the seven tag-along private lawsuits.

Defendants' position is based on the quite erroneous notion that government enforcement actions and tag-along private lawsuits are but one case. As set forth in our principal brief, however, congressional directives, precedent and past practice here in the District of Columbia reject this notion and ensure that government enforcement actions are not hampered by the competing and sometimes conflicting demands of private litigation. Therefore, we respectfully request that the Court grant Plaintiffs' joint motion to coordinate discovery.[1]

## DISCUSSION

Although Defendants insist that our proposal is rife with "considerable flaws," they identify only three matters that they believe warrant the attention of the Court. We address each of these concerns separately.

1. <u>Duplicative Depositions</u>. Our coordination proposal specifies that the Private Plaintiffs and Defendants could proceed with discovery on class certification issues separate and apart from discovery on the issues relating to the merits. Defendants voice one major concern: that there is a risk that class certification issues and merits issues might overlap and that this approach might lead to duplicative depositions. Defendants' Joint Response at 2-3.[2]

---

[1] As we advised the Court in our opening brief, the Private Plaintiffs in the seven lawsuits consent to the entry of the Government Plaintiffs' coordination order in their lawsuits.

[2] Defendants also suggest that, wholly apart from the class certification discovery, paragraphs 13 and 14 of Plaintiffs' proposal would permit the different plaintiffs to depose an individual witness an unlimited number of times. Defendants' Joint Response at 2. Plaintiffs intended that a deposition taken pursuant to either paragraph 13 or 14 would be treated as if it had been taken in all lawsuits. Therefore, while Plaintiffs are not certain that it is necessary, the specific language Defendants propose to add to those paragraphs is acceptable.

Defendants, however, cannot dispute the basic notion that separate discovery proceedings for class certification are appropriate:

> [C]ourts frequently have ruled that discovery relating to the issue whether a class action is appropriate needs to be undertaken before deciding whether to allow the action to proceed on a class basis.

7AA Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 1785.3 at 466-67.  In fact, "there can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied." *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir.), *cert. denied,* 459 U.S. 838 (1982); *see Parker v. Time Warner Entertainment Co.*, 331 F.3d 13, 21-22 (2d Cir. 2003) (discussing the need to conduct discovery to determine the composition of the class.).

The Private Plaintiffs and Defendants both will retain the discretion to schedule, conduct, and contest discovery relating to class certification under Rule 23, Fed. R. Civ. P.  *Cf. Pittman v. E.I. duPont de Nemours & Co.*, 552 F.2d 149, 150 (5th Cir. 1977)(resolution of class-related discovery issues).  While the private parties must retain this discretion, we should not be prejudiced by having to participate in the class certification proceedings as part of our enforcement efforts.  Conversely, our enforcement efforts should not be delayed by private litigants' need to address class certification issues.

      2.     <u>Overlapping Document Requests</u>.  Our coordination proposal also specifies that (1) the government enforcement agencies will expedite the discovery process by turning over to the Private Plaintiffs the pre-complaint investigation discovery; (2) the Plaintiffs will coordinate their document requests by consulting with each other and using good faith efforts to serve the initial round of document requests at the same time; and (3) documents produced in any one set

of lawsuits will be treated as if they were produced in all lawsuits.

Defendants object to this portion of our proposed coordination order because it threatens to generate document requests that, in Defendants' words, are "overlapping, cumulative and duplicative." Defendants' Joint Response at 4. Therefore, Defendants first insist that the Government Plaintiffs should be required to prepare a single document request with the tag-along Private Plaintiffs.

Our proposed order does not sanction duplicative discovery but simply gives priority to the government's document discovery. In responding to a document request by the Government Plaintiffs, Defendants either must produce the documents or identify the responsive documents previously produced in response to requests of the Private Plaintiffs. Still, the coordination order would preserve Defendants' ability to invoke the standard procedures and protections under Rules 26 and 34, Fed. R. Civ. P., in responding to the document requests of the Private Plaintiffs. Greater coordination of the document discovery would interfere with our enforcement efforts, however, in that it would bind us to the discovery schedule and priorities of the Private Plaintiffs and Defendants in the tag-along private actions.

3. <u>Limits on Depositions</u>. The proposed coordination order also specifies the amount of time that will be allowed for the depositions of certain witnesses. Due to the widely divergent issues in the government enforcement actions and the private tag-along lawsuits, the Government Plaintiffs and the Private Plaintiffs propose that we each will have seven hours for the depositions of Defendants' witnesses. For the same reason, we have proposed that Plaintiffs and Defendants, collectively, each would have seven hours for the depositions of third parties.

Defendants label our proposal as "one-sided," primarily because the proposed order does

not allot fourteen hours to Defendants for any depositions. Defendants' Joint Response at 4. Still, unlike Plaintiffs, Defendants have not identified any way in which the topics that the two defendants must address in any deposition are so significantly different that they need more time than allowed under Rule 30(d)(2), Fed. R. Civ. P. Indeed, the amount of discovery that Defendants really need from Plaintiffs or third parties is limited; after all, in an antitrust case like this, "the proof is largely in the hands of the alleged conspirators." *Poller v. Columbia Broadcasting Systems, Inc.,* 368 U.S. 464, 473 (1962). And, as provided in paragraph 18 of our proposed order, Defendants can always apply to the Court for additional time for any individual deposition.

Defendants also are concerned that the Government Plaintiffs and the Private Plaintiffs each would have seven hours to depose any former or current employee of Defendants. Based on this concern, Defendants argue that the Court should allow Plaintiffs fourteen hours for the depositions of only five key employees of Defendants. Except as to these five witnesses, though, Defendants' counterproposal would effectively limit the Government Plaintiffs to three and one-half hours for depositions of Defendants' personnel merely because the Private Plaintiffs elected to filed seven tag-along lawsuits. This type of interference with the government enforcement actions is arbitrary and should not be endorsed.

## CONCLUSION

Plaintiffs have developed a discovery proposal that will conserve judicial resources, preserve the government's need for flexibility in its antitrust enforcement actions, and minimize the cost of the litigation and duplicative discovery among the private litigants. For these reasons, our joint motion to coordinate discovery should be granted.

Respectfully submitted,

Dated: March 31, 2006

/s/
Markus H. Meier (DC Bar # 459715)
Bradley S. Albert
Thomas H. Brock (DC Bar # 939207)
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20580
Telephone:   (202) 326-3759
Facsimile:   (202) 326-3384
Counsel for Plaintiff
Federal Trade Commission

/s/
Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
STATE OF COLORADO
1525 Sherman Street, 5th Floor
Denver, CO 80203
(303) 866-5079

Meredyth Smith Andrus
Assistant Attorney General
STATE OF MARYLAND
200 St. Paul Street
Baltimore, MD 21202
(410) 576-6470
Counsel for the Plaintiff States