IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>    Plaintiff,<br><br> v.<br><br>**WARNER CHILCOTT HOLDINGS COMPANY III, LTD., et al.,**<br><br>    Defendants. | **Civil Action No. 1:05-CV-2179-CKK**<br><br>**Judge Colleen Kollar-Kotelly** |
| **STATE OF COLORADO, et al.,**<br><br>    Plaintiffs,<br><br> v.<br><br>**WARNER CHILCOTT HOLDINGS COMPANY III, LTD., et al.,**<br><br>    Defendants. | **Civil Action No. 1:05-CV-2182-CKK**<br><br>**Judge Colleen Kollar-Kotelly** |

## CASE MANAGEMENT ORDER

  This Case Management Order is hereby entered in the above-captioned cases, which will be consolidated for pretrial purposes.

  The above-captioned cases will not be consolidated with the related private litigation identified in Schedules B and C hereto, as to which a separate Case Management Order will be entered. Both Orders will permit sharing of discovery and set out appropriate procedures for avoiding duplication.

  1.  For the purpose of this Order:

    (a) "Government Plaintiffs" refers collectively to the Federal Trade Commission, the thirty-four States and the District of Columbia as plaintiffs in the lawsuits identified in Schedule A.

    (b) "Direct Purchaser Plaintiffs" refers collectively to all plaintiffs in the private lawsuits identified in Schedule B.

    (c) "Indirect Purchaser Plaintiffs" refers collectively to all plaintiffs (including the "Third Party Payor Plaintiffs" and the "Consumer Plaintiffs") in the private lawsuits identified in Schedule C.

    (d) "Warner Chilcott" refers collectively to Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., and Warner Chilcott Company, Inc., and their predecessors, successors, parent corporations and subsidiary corporations.

    (e) "Barr" refers to Barr Pharmaceuticals, Inc. and its predecessors, successors, parent corporations and subsidiary corporations.

    (f) "Defendants" refers collectively to Warner Chilcott and Barr.

    (g) "Reasonable notice" shall mean notice given at least seven (7) business days in advance of the date on which action will be taken.

    (h) "Pending Cases" refers to all actions identified in Schedules A, B and C.

2.     Civil Action No. 1:05cv02179 CKK and Civil Action No. 1:05cv02182 CKK shall be consolidated for the purposes of discovery. The decision whether to consolidate the trials of these matters shall be deferred until a later date, but any motion for such consolidation shall be made no later than the last date for the filing of any motions for summary judgment.

3. The Court expects the parties to the above-captioned cases to cooperate with parties in the other Pending Cases to the extent possible to promote efficiency and avoid duplication. The Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs and Defendants shall implement this order and the corresponding orders in the other Pending Cases in a manner so as not to delay discovery or other proceedings in the lawsuits filed by the Government Plaintiffs.

4. The Government Plaintiffs and Defendants shall, jointly with the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs, establish an electronic service system for coordinating discovery requests to be utilized by the parties in the Pending Cases.

5 The Government Plaintiffs and Defendants shall make available to the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs, to the extent allowed by law, the discovery, including the transcripts of the investigational hearings and the discovery requests, in the investigation conducted by and the lawsuits filed by the Government Plaintiffs, and those materials shall be treated as if they were obtained through discovery in the actions identified in Schedules B and C.

6. The Government Plaintiffs and Defendants shall be bound by the Protective Orders entered by the Court in the above-captioned cases. Substantially identical Protective Orders have been entered in the actions identified in Schedules B and C and shall be given similar effect in those cases.

## SCHEDULING AND DISCOVERY MATTERS

7. The Government Plaintiffs shall produce all documents they obtained from persons other than Defendants during their pre-complaint investigation to Defendants on or

before April 21, 2006, other than documents that cannot be disclosed pursuant to law or are otherwise privileged.

8.  All fact discovery, except as to requests for admissions for the authentication and admissibility of exhibits, shall be conducted so as to be completed by October 18, 2006.

9.  As to fact discovery, all discovery requests, except as to requests for admissions for the authentication and admissibility of exhibits, should be made such that the time for compliance with the same would occur on or before the October 18, 2006 discovery cutoff.

10. Pursuant to Rule 33(a), Fed. R. Civ. P., (i) Plaintiffs shall be permitted to serve no more than 25 interrogatories, including all discrete subparts, on Defendants, and no more than 8 additional individualized interrogatories on a particular Defendant which may request different information from the Defendants, and (ii) Defendants shall be permitted to serve no more than 25 interrogatories, including all discrete subparts, on the Federal Trade Commission, and no more than 25 interrogatories, including all discrete subparts, on the Plaintiff States as a group, and no more than 8 additional individualized interrogatories on a particular Plaintiff State which may seek different information from each Plaintiff State, provided that each of the common 25 interrogatories served upon the Plaintiff States as a group shall be answered by each state individually to the extent that such answers differ.

11. <u>Expert discovery</u>

    a.  The parties shall serve their expert reports on or before November 8, 2006, and shall serve their rebuttal expert reports on or before December 4, 2006. The parties shall make their expert witnesses available for deposition on or before December 22, 2006.

     b.    The parties shall exchange the information required by Rule 26(a)(2), Fed. R. Civ. P., by November 8, 2006.  In addition, for each expert witness, the party shall provide a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; a listing of any other cases in which the witness has testified as an expert at trial or by deposition in the past four years; and a copy of the deposition or trial testimony of the witness in the past four years to the extent that such testimony is in the witness's possession and is not subject to any confidentiality or protective order.

     c.    A party shall produce with the expert report or expert rebuttal report, (i) a list of all commercially-available computer applications used in the preparation of the report; (ii) a copy of all data sets, in native file format, used or developed in the preparation of the report; and (iii) upon request, a party shall produce all customized programs and processed data files relied upon by the expert in preparing his or her report and necessary to replicate the findings upon which his or her opinions are based.

     d.    The following types of information shall not be the subject of discovery: (1) the content of communications among and between:  (a) counsel and expert witnesses, (b) expert witnesses and other expert witnesses or consultants, and/or (c) expert witnesses and their respective staffs; and (2) notes, drafts, written communications or other types of preliminary work created by, or for, expert witnesses.  The protections against discovery contained in this paragraph will not apply to any communications or documents upon which an expert specifically relies as a basis for any of his or her opinions or reports.

12.    The Government Plaintiffs and Defendants shall appear on Friday, January 5, 2007 at 10:00 a.m. for a Status Conference to address remaining pretrial proceedings.

**COORDINATION OF WRITTEN DISCOVERY**

13. A party serving a written discovery request in this case shall serve a copy of the request to the contact attorneys in the Pending Cases identified in Schedules A, B and C. (A similar Case Management Order in the other Pending Cases will impose a reciprocal obligation.)

14. A party responding to a written discovery request in the above-captioned actions shall serve its response to the contact attorneys of the Pending Cases identified in Schedules A, B and C, and those materials shall be treated as if they were obtained through discovery in the lawsuits identified in Schedules A, B and C. (A similar Case Management Order in the other Pending Cases will impose a reciprocal obligation.) Likewise, all discovery materials served in response to discovery requests in the other Pending Cases shall be treated as if they were obtained through discovery in the above-captioned cases.

15. The Government Plaintiffs and Defendants shall use their best efforts to cooperate with the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs to avoid duplicating prior discovery requests.

16. A party shall give reasonable notice to the contact attorneys of all parties to the lawsuits identified in Schedules A, B and C before seeking the production of documents pursuant to Rule 34(c) from a person not a party to any of the Pending Cases. The parties shall use their best efforts to serve their requests for the production of documents on that person at the same time.

17. A party that receives a response to a discovery request from a non-party shall, as permitted by law, make available at the election of the contact attorney either by inspection or by providing copies of the response, including any documents produced, to the contact attorneys of the parties to the lawsuits identified in Schedules A, B and C within ten (10) business days of

receiving the response, and those materials shall be treated as if they were obtained through discovery in all Pending Cases.

## COORDINATION OF DEPOSITIONS

18. In the case of party depositions, the noticing party shall notify its opponent of its intent to depose such a witness and shall request available dates for the witness prior to issuing a notice for a date certain, and the noticing party shall use its best efforts to schedule the deposition on an available date. Depositions taken in any of the Pending Cases shall be treated as if they were obtained through discovery in the above-captioned cases.

19. The Government Plaintiffs, after giving reasonable notice to and consulting with the contact attorneys of the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs, may notice depositions consistent with the discovery schedule in this Order. Counsel for the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs may attend those depositions and question the deponents upon the completion of questioning by the counsel for the Government Plaintiffs, provided that:

(a) No more than a total of six individuals for the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs, collectively, may attend each deposition.

(b) The Defendants, the Government Plaintiffs, the Direct Purchaser Plaintiffs, and the Indirect Purchaser Plaintiffs each may proceed with the deposition as if it were noticed in their own lawsuit, consistent with the Federal Rules of Civil Procedure and the orders entered in their own lawsuit and the entire transcript of the deposition shall be treated as if it were obtained through discovery in each Pending Case.

Pursuant to the Case Management Order entered in the related private cases, if the Direct Purchaser Plaintiffs or Indirect Purchaser Plaintiffs elect not to attend a deposition noticed pursuant to this Order, they waive the right to notice that deposition thereafter without leave of Court and only upon good cause shown.

20.    Pursuant to the Case Management Order entered in the related private cases, the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs may proceed with depositions consistent with the scheduling orders entered by the Court in their lawsuits, provided that:

(a) Prior to noticing a deposition, the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs shall give reasonable notice to and consult with the contact attorneys of the Government Plaintiffs to determine whether the Government Plaintiffs intend to depose the witness in their lawsuits.  At the election of the Government Plaintiffs, the deposition shall be scheduled and conducted pursuant to paragraph 19 of this Order.

(b) The Government Plaintiffs, the Direct Purchaser Plaintiffs, and the Indirect Purchaser Plaintiffs each may proceed with the deposition as if it were noticed in their own lawsuit, consistent with the Federal Rules of Civil Procedure and the orders entered their respective lawsuits, and the entire transcript of the deposition shall be treated as if it were obtained through discovery in each Pending Case.

If the Government Plaintiffs elect not to attend a deposition noticed pursuant to this Order, they waive the right to notice that deposition thereafter without leave of Court and only upon good cause shown.

21. Subject to the provisions of this Order, a party taking the deposition of a person other than a party shall give reasonable notice to the contact attorneys in all lawsuits identified in Schedules A, B and C before serving the subpoena pursuant to Fed. R. Civ. P. 45. At the request of the contact attorneys for any opposing party, and consistent with the orders entered in each lawsuit, the deposition shall be noticed for all lawsuits identified in Schedules A, B, and C, and each party may participate in the deposition as if it were noticed in their own lawsuit, consistent with any order entered in that lawsuit and with the Federal Rules of Civil Procedure, and the entire transcript of the deposition shall be treated as if it were obtained through discovery in each Pending Case.

22. The time limits on depositions established by Fed. R. Civ. P. 30(d)(2) shall apply to all depositions, except that, (i) in the event that a deposition of Defendants is noticed by the Plaintiffs in both the Government Cases and other Pending Cases, the total time limit for all Plaintiffs noticing the deposition shall be extended to fourteen (14) hours, with seven (7) hours allotted to the Plaintiffs in the Government Cases and seven (7) hours allotted to the Plaintiffs in the other Pending Cases; and (ii) in the event that a deposition of Plaintiffs is noticed by Defendants in both the Government Cases and other Pending Cases, the total time limit for all Defendants noticing the deposition shall be extended to fourteen (14) hours, with seven (7) hours allotted to the Defendants in the Government Cases and seven (7) hours allotted to the Defendants in the other Pending Cases. Pursuant to Fed. R. Civ. P. 30(a)(2)(A), leave is granted to both Government Plaintiffs and Defendants to conduct in excess of ten (10) depositions per side.

23. To attend a deposition, counsel and his/her client must be bound by the Confidentiality Order entered in the above-captioned cases or in the other Pending Cases identified in Schedule A, B or C.

24. A party may move the Court for an order modifying any provision of this Order, including the time limitations for any specific deposition.

## OTHER MATTERS

25. Correspondence between counsel shall be delivered via email. To the extent that the entire correspondence is not included in an email, the entire correspondence shall be delivered either by hand or by next business day delivery.

26. Pleadings pursuant to LCvR 5.4(e) shall be served on opposing counsel by hand delivery or by next business day delivery, unless the parties agree otherwise.

27. Pleadings served on counsel via the Electronic Case Filing System after 5:00 p.m., on a weekend, or on a federal holiday shall be deemed served on the party the next business day solely for the purpose of calculating the due date for any responsive pleading.

28. The following schedule is established:

| | | |
|---|---|---|
| a. | Exchange of Fact Witness Lists | July 1, 2006 |
| b. | Exchange of Revised Fact Witness Lists | September 1, 2006 |
| c. | Close of Fact Discovery | October 18, 2006 |
| d. | Rule 26(a)(2)(A) Disclosures | November 8, 2006 |
| e. | Expert Report(s) | November 8, 2006 |
| f. | Rebuttal Expert Report(s) | December 4, 2006 |
| g. | Close of Expert Depositions | December 22, 2006 |
| h. | Status Conference | January 5, 2007, 10:00 a.m. |

IT IS SO ORDERED:

_____

## Schedule A: Government Cases

1.  Title of Action:       *Federal Trade Commission v. Warner Chilcott Holdings Company III, Ltd., et al.*
    Civil Action No.:    1:05-CV-02179-CKK

2.  Title of Action:       *State of Colorado, et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*
    Civil Action No.:    1:05-CV-02182-CKK

**Contact Attorneys**

Thomas H. Brock
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2813

Devin M. Laiho
Office of Attorney General
1525 Sherman Street, Fifth Floor
Denver, Colorado 82023
(303) 866-5079

Charles E. Koob
Peter C. Thomas
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

Karen N. Walker
Mark L. Kovner
Chong S. Park
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

**Schedule B: Direct Purchaser Cases**

1. Title of Action: *Meijer, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.: 1:05-CV-02195-CKK

2. Title of Action: *Louisiana Wholesale Drug Co., Inc. v. Warner Chilcott Public Limited Company, et al.*
   Civil Action No.: 1:05-CV-02210-CKK

3. Title of Action: *Rochester Drug Co-Operative, Inc. v. Warner Chilcott Public Limited Company, et al.*
   Civil Action No.: 1:05-CV-02257-CKK

4. Title of Action: *Valley Wholesale Drug Company, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.: 1:05-CV-02321 -CKK

5. Title of Action: *American Sales Company, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.: 1:05-CV-02335-CKK

6. Title of Action: *SAJ Distributors, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.: 1:05-CV-02459-CKK

7. Title of Action: *Walgreen Co., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.: 1:06-CV-00494-CKK

**Contact Attorneys**

Karen N. Walker
Mark L. Kovner
Chong S. Park
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Charles E. Koob
Peter C. Thomas
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York  10017-3954
(212) 455-2000

Linda P. Nussbaum
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005-3964
(212) 838-7797

Scott E. Perwin
Kenny Nachwalter, P.A.
110 Miami Center
201 South Biscayune Boulevard
Miami, FL 33131

13

**Schedule C: Indirect Purchaser Cases**

1. Title of Action: *Vista Healthplan, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*
   Civil Action No.: 1:05-CV-02327-CKK

2. Title of Action: *Cohen v. Warner Chilcott Public Limited Company, et al.*
   Civil Action No: 1:06-CV-00401-CKK

**Contact Attorneys**

Charles E. Koob
Peter C. Thomas
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

Karen N. Walker
Mark L. Kovner
Chong S. Park
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Kevin B. Love
Hanzman, Criden & Love, P.A.
7301 S.W. 57th Court, Suite 515
South Miami, Florida 33143
(305) 357-9000

Robert Sink
Law Offices of Robert W. Sink
319 West Front St.
Media, PA 19063
(610) 566-0800