# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MEIJER, INC., MEIJER DISTRIBUTION, INC., LOUISIANA WHOLESALE DRUG CO., INC., ROCHESTER DRUG CO-OPERATIVE, INC., VALLEY WHOLESALE DRUG COMPANY, INC., AMERICAN SALES COMPANY, INC., SAJ DISTRIBUTORS, INC., and STEPHEN L. LaFRANCE HOLDINGS, INC.,** on behalf of themselves and all others similarly situated,<br><br>    **Plaintiffs,**<br><br>        v.<br><br>**WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC.,**<br><br>    **Defendants.** | Civil Action No. 1:05-CV-02195-CKK<br><br>JURY TRIAL DEMANDED |

### BARR PHARMACEUTICALS, INC.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER CLASS PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Barr Pharmaceuticals, Inc. ("Barr") generally and specifically objects on the following grounds to the Direct Purchaser Class Plaintiffs' First Set of Requests for Production of Documents ("Plaintiffs' First Requests") served upon it on or about May 11, 2006.  Plaintiffs' First Requests are set forth verbatim below, each of which is followed by Barr's response.  Each response is made subject to the objections and conditions identified in that response, as well as to the General Objections and Conditions that precede those responses.

## GENERAL OBJECTIONS AND CONDITIONS

1.      Barr makes the following general objections, whether or not separately set forth in response to each request, to each and every instruction, definition, and request in Plaintiffs' First Request. These general objections may be specifically referred to in response to certain requests for the purpose of clarity; however, the failure to specifically incorporate a general objection should not be construed as a waiver of the objection.

2.      Barr incorporates by reference its General and Specific Objections to the Federal Trade Commission's and plaintiff-States' Joint First Request for the Production of Documents from Barr Pharmaceuticals, Inc. ("Gov't Pls.' First Request").

3.      Barr objects to Plaintiffs' First Requests in their entirety, including all instructions, definitions, and document requests, to the extent that they purport to alter or expand in any manner its obligations under the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, the Case Management Order entered by this Court, or any other applicable law or order.

4.      Barr objects to each document request to the extent that it seeks any documents or information beyond Barr's knowledge, possession, care, custody, or control.

5.      Barr objects to each document request to the extent that it seeks documents and information that are not relevant to the subject matter of the pending actions or the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Barr objects to each document request to the extent that it is cumulative or duplicative and seeks information already sought and obtained through prior discovery in this case or in any related cases.

7.     Barr objects to each document request to the extent that it seeks documents or information that may more directly, easily, or conveniently be obtained from other sources, are more appropriately sought from parties or third parties to whom requests have been or may be directed, or are publicly available to plaintiffs.  Barr will produce documents only to the extent that such information or materials are in the possession, care, custody, or control of Barr.

8.     Barr objects to each document request to the extent that it calls for the production of privileged documents and information, including, but not limited to, documents and information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable immunity, privilege, or exemption from discovery recognized by any applicable law or rule.  Barr will not produce any such documents.  To the extent that any such protected documents or information are inadvertently produced in response to these Requests, the production of such documents or information shall not constitute a waiver of Barr's right to assert the applicability of any privilege or immunity, and any such documents or information shall be returned to Barr's counsel immediately upon discovery thereof pursuant to Paragraph 17 of the Joint Protective Order Governing Discovery Material, entered by the Court on April 5, 2006.

9.     Barr objects to the production of documents that were disclosed to it by any third party pursuant to a non-disclosure agreement.

10.     Barr reserves all objections that may be available to it at any hearing or trial or on any motion to the use or admissibility of any material produced.  The production of any material by Barr does not constitute an admission by Barr that such material or the information contained therein is relevant to this action or admissible as evidence.

11.    The failure of Barr to make a specific objection to a particular, individual request is not, and shall not be construed as, an admission that responsive information exists.  Likewise, any statement herein that Barr will produce any documents in response to an individual request does not mean that Barr in fact has any such documents, or that any such documents exist, or that Barr will search all files maintained by any person, but instead reflects the intention of Barr, subject to its Objections and Conditions, to conduct a reasonable search for responsive documents in locations where Barr reasonably believes that relevant documents are likely to be located.

12.    Barr objects to performing searches duplicative of earlier searches performed in response to subpoenas or other requests of the Federal Trade Commission or other parties to this litigation for similar documents.

13.    Barr objects to the timeframe of these requests as overbroad and unduly burdensome, and objects to producing documents already produced to the Federal Trade Commission in connection with any subpoenas or other requests of the Federal Trade Commission for similar documents.

14.    Barr objects to such requests to the extent that they seek to impose unreasonable costs upon Barr, objects to these requests as unduly burdensome, and objects that it is unreasonable and unduly burdensome for the searches and productions called for by these requests to be completed in the requested time period.

15.    Barr objects to each document request to the extent that it requires Barr to search for and produce documents that are not reasonably accessible because of undue burden and cost.

16.    Barr objects to each document request to the extent that it requests information that calls for non-public, proprietary, confidential, commercially sensitive, or business or trade

secret information.  To the extent that such documents are produced by Barr in response to Plaintiffs' First Request, such documents are subject, where appropriate, to the Joint Protective Order Governing Discovery Material entered by the Court on April 5, 2006.

17.    By responding to these requests, Barr does not waive any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any documents or information produced.  Barr reserves the right to object on any ground to the use of any documents or information produced in response to these requests.

18.    Barr reserves the right, at any time, to supplement, revise, correct, clarify, add to, or otherwise modify any responses or objections contained herein.  Barr also reserves the right to assert any other applicable objections to these document requests and to object to any other demands related to the subject matter of the responses herein.  Barr's response to these document requests is not a waiver of any rights.

19.    Barr objects to each document request to the extent that it explicitly or implicitly characterizes facts, events, circumstances, or issues relating to the subject of this litigation.

20.    Barr's responses to Plaintiffs' First Requests shall not be construed in any way as an admission that any definition provided by plaintiffs is either factually or legally binding upon Barr.  Neither the fact that an objection is interposed to a particular request, nor the fact that no objection is interposed necessarily means that responsive documents exist.  Barr's undertaking to produce documents responsive to Plaintiffs' First Requests is subject to the general proviso that Barr only agrees to produce documents to the extent that such documents are identified on the basis of a reasonable search in the places such documents would likely be located.

21.    No incidental or implied admissions are intended by these responses and none should be inferred.  Nothing stated in these responses is an admission of the existence of any fact

or document referred to or assumed in any request for production, or that anything stated in this response is admissible evidence, or a waiver of any objection.

22.    To the extent that Barr objects to any individual request on the grounds that it is vague or ambiguous, Barr reserves the right to further object to the request to the extent the request is later clarified.

23.    Barr objects to plaintiffs' definition of "Defendants," "you," and "your" as set forth in Definition 1 as overly broad and unduly burdensome.

24.    Barr objects to plaintiffs' definition of "Warner Chilcott Defendants" as set forth in Definition 2 as overly broad and unduly burdensome.

25.    Barr objects to plaintiffs' definition of "Ovcon 35" as set forth in Definition 3 as ambiguous, vague, overly broad, and unduly burdensome.

26.    Barr objects to plaintiffs' definition of "generic equivalent," "generically equivalent," or "generic drug equivalent" as set forth in Definition 4 as ambiguous, vague, overly broad, and unduly burdensome.

27.    Barr objects to plaintiffs' definition of "minutes" as set forth in Definition 7 as ambiguous, vague, overly broad, and unduly burdensome.

28.    Barr objects to Instruction 1 as imposing requirements beyond those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, the Case Management Order entered by this Court, and any other applicable law or order.

29.    Barr objects to Instruction 2 as imposing requirements beyond those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, the Case Management Order entered by this Court, and any other applicable law or order.

30.    Barr objects to Instruction 3 as imposing requirements beyond those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, the Case Management Order entered by this Court, and any other applicable law or order.

31.    Barr objects to Instruction 4 as imposing requirements beyond those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, the Case Management Order entered by this Court, and any other applicable law or order.

32.    Barr objects to Instruction 5 as imposing requirements beyond those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, the Case Management Order entered by this Court, and any other applicable law or order.

33.    Barr objects to Instruction 6 as unduly burdensome and imposing requirements beyond those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, the Case Management Order entered by this Court, and any other applicable law or order. Barr further objects to these instructions to the extent that they seek to require Barr to: (1) produce documents or data in a particular format; (2) convert documents or data into a particular format; (3) produce data, fields, records, or reports about produced documents or data; (4) produce documents or data on any particular media; (5) search for and/or produce any documents or data on back-up tapes; (6) produce any proprietary software, data, programs, or databases; or (7) violate any licensing agreement or copyright laws.

34.    In its responses below, when Barr refers to "Ovcon" in its response it refers collectively to Ovcon, Ovcon Chewable, and/or any generic equivalent of Ovcon.

## RESPONSE TO SPECIFIC REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

> Any and all documents requested in the Government's Joint First Request for Production of Documents, which Plaintiffs incorporate herein.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 1 on the grounds that it is overly broad and unduly burdensome. Barr further objects to Request No. 1 to the extent that it is cumulative and duplicative and seeks information already sought through prior discovery. (*See* Case Management Order ("CMO") ¶¶ 14-15.) Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr incorporates by reference its responses to the Government's Joint First Request for Production of Documents and will produce documents it agreed to produce therein at a mutually convenient time and location.

**REQUEST NO. 2:**

> Any and all documents consisting of, evidencing, referring or relating to any contacts or communications between or among the defendants and their agents, representatives, servants or employees concerning the claims and/or defenses of this litigation that are not privileged.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 2 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to Request No. 2 to the extent that it is cumulative and duplicative and seeks information already sought through prior discovery. (*See* Gov't Pls.' First Request; *see also* CMO ¶¶ 14-15.) Barr

further objects that this request is premature and that such documents will be identified during discovery and pretrial statements.  Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not previously produced that may support Barr's denials and defenses as such documents are identified and discovered throughout the pretrial phase of this litigation.

**REQUEST NO. 3:**

>    Any and all documents supporting the claims and/or defenses in
>    this litigation.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 3 on the grounds that it is ambiguous, vague, overly broad and unduly burdensome.  Barr also objects to Request No. 3 to the extent that it is cumulative and duplicative and seeks information already sought through prior discovery.  (*See* Gov't Pls.' First Request; *see also* CMO ¶¶ 14-15.)  Barr further objects that this request is premature and that such documents will be identified during discovery and pretrial statements.  Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced that may support Barr's denials and defenses as such documents are identified and discovered throughout the pretrial phase of this litigation.

**REQUEST NO. 4:**

>    Any and all expert reports or other work which were reviewed or
>    relied upon, in whole or in part, by any such expert you expect to
>    call or may call to testify at the trial of this case.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 4 on the grounds that it is ambiguous, vague, overly broad, and unduly burdensome. Barr also objects to Request No. 4 to the extent that it seeks documents and information beyond those discoverable under the CMO (*See* CMO ¶ 11.) Barr further objects that this request is premature and that such documents will be identified during discovery and pretrial statements. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr will produce non-privileged documents not previously produced that its testifying experts have relied upon in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, and the CMO.

**REQUEST NO. 5:**

> Any and all work papers, drafts, notes, documents or database of any expert witness who is expected to testify, or who may be called to testify at the trial of this case or upon whose report, conclusion, impression or finding has been reviewed or relied upon by an expert who is expected to or may testify at trial.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 5 on the grounds that it is ambiguous, vague, overly broad, and unduly burdensome. Barr also objects to Request No. 5 to the extent that it seeks documents and information beyond those discoverable under the CMO (*See* CMO ¶ 11.) Barr further objects that this request is premature and that such documents will be identified during discovery and pretrial statements. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr will produce non-privileged documents not previously produced that its testifying experts have relied upon in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, and the CMO.

**REQUEST NO. 6:**

> All documents and communications concerning any agreement reached between any of the Warner Chilcott Defendants and Barr regarding Ovcon 35 and any generic equivalent thereof, including but not limited to the following: (a) drafts and final forms of the agreement (whether or not incorporated in the executed agreement); (b) correspondence, communications or memoranda concerning the agreement; (c) studies or other documents analyzing, evaluating or considering the agreement or its costs, benefits or consequences; (d) consultant reports, communications, forecasts, projections, presentations, or negotiations concerning the agreement; (e) documents concerning the projected, expected, potential, or actual effect of the agreement on your revenues, prices, profits, and/or profit margins from the sale or marketing (or preclusion thereof) of Ovcon 35 and/or a generic equivalent thereof; (f) minutes, agendas or notes of your board of directors or of any other group or body, formal or informal, discussing or concerning the agreement; (g) notes or other documents concerning the negotiations of the agreement; (h) documents referenced or relied upon in negotiating the agreements; and (i) annual reports or other documents (including documents filed with the Securities and Exchange Commission) that mention or refer directly or indirectly to the agreement.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 6 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to Request No. 6 to the extent that it is cumulative and duplicative and seeks information already sought through prior discovery. (*See* Gov't Pls.' First Request; *see also* CMO ¶¶ 14-15.) Barr further objects to this request to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that

Barr will produce non-privileged documents not previously produced that relate to the Warner

Chilcott/Barr Agreement at a mutually convenient time and location.

**REQUEST NO. 7:**

> All documents regarding, addressing, discussing, concerning or referring to defendants' actual, potential, projected or expected sales, revenues and/or profits from the sale of Ovcon 35 or any generic drug equivalent thereof. This includes, but is not limited to: (a) documents discussing, addressing, concerning or regarding defendants' actual sales, revenues and profits from the sale of Ovcon 35 or any generic equivalent; (b) documents discussing, addressing, concerning or regarding any actual, potential or expected changes in the defendants' revenues and/or profits from the marketing or sale of Ovcon 35 or any generic equivalent; and (c) documents discussing, addressing, concerning or regarding the possible, potential or expected effect on defendants' sales, revenues and/or profits from the sale of Ovcon 35 as a result of the marketing or sale of any other drugs (including but not limited to, generic equivalent forms of Ovcon 35).

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to

plaintiffs' Request No. 7 on the grounds that it is ambiguous, vague, overly broad, unduly

burdensome, seeks documents not relevant to the claims or defenses of any party, and on the

grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr

also objects to Request No. 7 to the extent that it is cumulative and duplicative and seeks

information already sought through prior discovery. (*See* Gov't Pls.' First Request; *see also*

CMO ¶¶ 14-15.) Barr further objects to this request to the extent that it seeks documents and

information covered by the attorney-client privilege or work product doctrine. Subject to and

without waiving these specific objections and the General Objections and Conditions set forth

above, Barr states that it has already produced documents responsive to this request, and that

Barr will produce non-privileged documents not previously produced relating to sales of Ovcon

at a mutually convenient time and location.

**REQUEST NO. 8:**

All documents regarding, addressing, discussing, concerning or referring to actual, potential, or expected prices charged to or other terms of sale for direct purchasers of Ovcon 35 or its generic equivalent, including, but not limited to the wholesale acquisition prices for Ovcon 35 or its generic equivalent. This includes, but is not limited to: (a) documents discussing, addressing, concerning or regarding the actual prices or terms of sale for Ovcon 35 or any generic equivalent thereof; (b) documents discussing, addressing, concerning or regarding any actual, potential, or expected changes in the prices or terms of sale for Ovcon 35 or any generic equivalent thereof; and (c) documents discussing, addressing, concerning or regarding the actual, possible, potential or expected effect on the prices or other terms of sale of Ovcon 35 as a result of the marketing or sale of any other drugs (including but not limited to, generic equivalent forms of Ovcon 35).

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 8 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to Request No. 8 to the extent that it is cumulative and duplicative of plaintiffs' Request No. 7. Barr further objects to this request to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to its pricing of Ovcon at a mutually convenient time and location.

**REQUEST NO. 9:**

All transaction-level sales and sales adjustment data relating to the defendants' sales of Ovcon 35 or its generic equivalents, with regular updates as appropriate, identifying, where applicable, for

each sale and/or other transaction (including returns and error corrections): (a) the date thereof, the identity of the particular product, and any and all codes relating to transaction types; (b) the name and address of, and all unique codes or identifiers for, the person, firm, corporation, or other business entity billed or credited for the sale (the "bill-to customer") and, in addition, the full name and address of the parent company, if the database or documents identify a subsidiary, corporate affiliate, division, satellite office, or warehouse; (c) the name and address of, and all unique codes or identifiers for, the person, firm, corporation, or other business entity to whom the products were shipped (the "ship-to customer") and, in addition, the full name and address of the parent company, if the database or documents identify a subsidiary, corporate affiliate, division, satellite office, or warehouse; (d) the National Drug Code ("NDC") product identifier number, Ovcon 35 package size in extended units per package, and any and all other unique codes or other identifiers; (e) the number of Ovcon 35 packages sold, returned or otherwise affected by the transaction; (f) any price or unit adjustments – whether monthly, quarterly or at any other periodicity – involving or relating to the sale or transaction, and including all database fields specified above; (g) the transaction price in dollars per package for each sale or other transaction and, in addition, the source of the transaction price (*e.g.*, contract number or price type); and (h) the net extended amount in dollars for each transaction.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 9 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to Request No. 9 to the extent that it seeks sales data other than Barr's and further objects to the production of transaction-level data as unduly burdensome. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not previously produced relating to Barr's Ovcon sales at a mutually convenient time and location.

**REQUEST NO. 10:**

>All documents concerning, regarding, discussing, relating to, or addressing Barr's validation of generic Ovcon, including, but not limited to, product identification, research and development, formulation, scale-up, commercial manufacturing timelines, projections, agendas and minutes of meetings of the departments or committees involved in any phase of the validation process.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 10 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to Request No. 10 to the extent that it is cumulative and duplicative and seeks information already sought through prior discovery. (*See* Gov't Pls.' First Request; *see also* CMO ¶¶ 14-15.) Barr further objects to this request to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to the validation of Ovcon at a mutually convenient time and location.

**REQUEST NO. 11:**

>All documents associated with both methods [of] validation and production or manufacturing validation for generic Ovcon, including, but not limited to, product validation protocols, validation reports, and any reports of failed batches and/or validation attempts.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 11 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to Request No. 11 to the extent that it is cumulative and duplicative of plaintiffs' Request No. 10 and seeks information already sought through prior discovery. (*See* Gov't Pls.' First Request; *see also* CMO ¶¶ 14-15.) Barr further objects to this request to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to the validation of Ovcon at a mutually convenient time and location.

**REQUEST NO. 12:**

> All documents relating to communications with suppliers of the active and inactive ingredients for generic Ovcon, including, but not limited to, anticipated bulk needs for validation and commercialization.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 12 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this

request, and that Barr will produce non-privileged documents not previously produced relating to Barr's communications with suppliers of Ovcon ingredients at a mutually convenient time and location.

**REQUEST NO. 13:**

> All documents relating to internal financial projections for anticipated income from generic Ovcon sales, including, but not limited to, projected financial statements.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 13 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to Request No. 13 to the extent that it is cumulative and duplicative and seeks information already sought through prior discovery. (*See* Gov't Pls.' First Request; *see also* CMO ¶¶ 14-15.) Barr further objects to this request to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to Ovcon sales projections at a mutually convenient time and location.

**REQUEST NO. 14:**

> All documents relating to your decision to develop, seek FDA approval of, scale-up, produce, validate, manufacture, market, and/or sell any generic version of Ovcon.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 14 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to Request No. 14 to the extent that it is cumulative and duplicative and seeks information already sought through prior discovery. (*See* Gov't Pls.' First Request; *see also* CMO ¶¶ 14-15.) Barr further objects to this request to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to Barr's decision to develop Ovcon at a mutually convenient time and location.

**REQUEST NO. 15:**

> All documents regarding FDA regulatory approval of any ANDA's you filed for any generic version of Ovcon, including, but not limited to: (a) any and all correspondence with the FDA; (b) any and all internal communications about the ANDA's, including any telephone contact reports; (c) any and all data underlying and supporting the ANDA's and any amendments and/or supplements thereto, including laboratory notebooks; (d) any and all deficiency notices and responses thereto; (e) any and all amendments and supplements thereto, including drafts; (f) any and all approval letters; (g) any and all warning letters; (h) any and all Citizen Petitions.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 15 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the

grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Barr

further objects to Request No. 15 to the extent that it seeks documents and information covered

by the attorney-client privilege or work product doctrine.  Subject to and without waiving these

specific objections and the General Objections and Conditions set forth above, Barr states that it

has already produced documents responsive to this request, and that Barr will produce non-

privileged documents not previously produced relating to FDA regulatory approval of Barr's

Ovcon ANDA at a mutually convenient time and location.

**REQUEST NO. 16:**

> To the extent not provided in response to the above requests, all
> data relating to chargebacks, rebates, discounts, and/or other
> considerations given and/or accrued relating to sales of Ovcon 35
> or any generic equivalent thereof.  Such data shall identify: (a) the
> amount of the chargeback, rebate, discount, and/or other
> consideration paid and/or accrued, the contract or other bases upon
> which the chargeback, rebate, discount, and/or other consideration
> is calculated, the date thereof, and any and all codes relating to
> transaction types; (b) the name and address of, and all unique
> codes or identifiers for, the person(s), firm(s), corporation(s), or
> other business entity(ies) that made the purchase(s) in which you
> paid and/or accrued the chargeback, rebate, discount and/or other
> consideration; and (c) the sales, or group of sales, upon which the
> chargeback, rebate, discount and/or other consideration is based,
> including: (i) the identity of the particular product, the NDC
> number, package size in extended units per package, and any and
> all other unique codes or other identifiers; (ii) the number of
> packages sold; (iii) the bill-to customer; (iv) the ship-to customer;
> (v) the date(s) of the sales, or group of sales; and (vi) the invoice
> amount in dollars for the sale(s) or group of sales.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to

plaintiffs' Request No. 16 on the grounds that it is ambiguous, vague, overly broad, unduly

burdensome, seeks documents not relevant to the claims or defenses of any party, and on the

grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Barr

further objects to Request No. 16 to the extent that it is cumulative and duplicative of plaintiffs' Request Nos. 8-9.  Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that will produce non-privileged documents not previously produced sufficient to show any Ovcon sales discounts at a mutually convenient time and location.

**REQUEST NO. 17:**

>To the extent not already provided in response to any requests above, all documents sufficient to determine the final terms, including the price net of all reductions, of each of your sales of Ovcon 35 or its generic equivalent.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 17 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Barr further objects to Request No. 17 to the extent that it is cumulative and duplicative of plaintiffs' Request Nos. 8-9, and 16.  Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not previously produced relating to Ovcon terms of sales at a mutually convenient time and location.

**REQUEST NO. 18:**

>All documents regarding, addressing, discussing, concerning or referring to IMS data for Ovcon 35 and any generic drug equivalent thereof.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 18 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to plaintiffs' Request No. 18 to the extent that it is cumulative and duplicative and seeks information already sought through prior discovery. (*See* Gov't Pls.' First Request; *see also* CMO ¶¶ 14-15.) Barr further objects to this request to the extent that it seeks the production of documents or information more appropriately obtained from other sources. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not previously produced constituting IMS reports for Ovcon at a mutually convenient time and location.

**REQUEST NO. 19:**

> All documents discussing, addressing, concerning, regarding or reflecting how the marketing or sale of any drug other than Ovcon 35 could, would, might affect, or has affected: (a) the quantity of Ovcon 35 sold in the United States; and/or (b) the quantity of any generic drug equivalent to Ovcon 35 that might be sold in the United States.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 19 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to Request No. 19 to the extent that it is cumulative and duplicative and seeks information already sought through prior discovery. (*See* Gov't Pls.' First Request; *see also*

CMO ¶¶ 14-15.)  Barr further objects to this request to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine.  Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to the effect of Ovcon sales at a mutually convenient time and location.

**REQUEST NO. 20:**

> All documents discussing, addressing, concerning, regarding or reflecting the market for sales of Ovcon 35 and any generic equivalent thereof, including but not limited to all documents that: (a) discuss, address, concern, regard or reflect products that have a significant cross-elasticity of demand with Ovcon 35, or that are reasonably substitutable for, interchangeable with, or close therapeutic equivalents of Ovcon 35; and/or (b) discuss, address, concern, regard or reflect whether, and to what extent, the marketing, pricing, and/or sale of a drug other than Ovcon 35 has caused, or could or might cause, physicians, consumers, and other individuals or entities to terminate or reduce their purchase or use of Ovcon 35.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 20 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Barr further objects to Request No. 20 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine.  Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-

privileged documents not previously produced relating to the market for sales of Ovcon at a mutually convenient time and location.

**REQUEST NO. 21:**

> All documents regarding any action(s) that the Warner Chilcott Defendants have taken or may take: (a) against any company that might potentially market or sell a generic equivalent of Ovcon 35 or (b) to impede, deter or prevent any other company from marketing or selling a generic equivalent of Ovcon 35.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 21 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 21 to the extent that it seeks the production of documents or information more appropriately obtained from other sources. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not previously produced relating to Warner Chilcott's actions regarding the marketing of a generic Ovcon at a mutually convenient time and location.

**REQUEST NO. 22:**

> All documents regarding any meeting(s) among some or all of your directors, officers, or employees during which the sale or marketing of generic equivalent forms of Ovcon 35 were discussed or addressed.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 22 on the grounds that it is ambiguous, vague, overly broad, unduly

burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to the sale or marketing of a generic Ovcon at a mutually convenient time and location.

**REQUEST NO. 23:**

> All insurance policies and all documents concerning insurance policies taken out by or for the benefit of any defendant that provides or may provide for coverage for any claims asserted in this case, including any liability or indemnity policies or comprehensive liability policies or reinsurance policies.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 23 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 23 to the extent that it seeks documents and information disclosed to Barr by any third party pursuant to a non-disclosure agreement. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will identify any such policies to the extent they exist consistent with the obligations imposed by the Federal Rules of Civil Procedure.

**REQUEST NO. 24:**

> All documents evidencing communications by you or within your company regarding the impact of the entry of a generic or bioequivalent form of Ovcon 35 into the United States market.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 24 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 24 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents response to this request, and that Barr will produce non-privileged documents not previously produced relating to the impact of the entry of a generic version of Ovcon at a mutually convenient time and location.

**REQUEST NO. 25:**

> All documents relating to actual, expected, forecasted or projected entry into the United States market of a generic equivalent to Ovcon 35 or a chewable form of Ovcon 35, including: (a) the timing of such entry; (b) the actual, expected, forecasted or projected approval by the FDA to sell or market a generic equivalent to Ovcon 35 or a chewable form of Ovcon 35; and (c) the actual, expected, forecasted or projected effect of entry into the United States market of a generic equivalent to Ovcon 35 or a chewable form of Ovcon 35 on your sales, profits, revenues and/or quantities sold of other drugs.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 25 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to Request No. 25 to the extent that it is cumulative and duplicative and seeks

information already sought through prior discovery.  (*See* Gov't Pls.' First Request; *see also* CMO ¶¶ 14-15.)  Barr further objects to this request to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine.  Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to the impact of the entry of Ovcon at a mutually convenient time and location.

**REQUEST NO. 26:**

> All documents regarding the actual or potential effect of launching a chewable form of Ovcon 35 on the sales of any other forms of Ovcon 35.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 26 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Barr also objects to Request No. 26 to the extent that it is cumulative and duplicative and seeks information already sought through prior discovery.  (*See* Gov't Pls.' First Request; *see also* CMO ¶¶ 14-15.)  Barr further objects to this request to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine.  Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to the effect of Ovcon Chewable on Barr's sales of Ovcon at a mutually convenient time and location.

**REQUEST NO. 27:**

> All documents concerning any actual or proposed decision by you
> and/or any person or entity acting on your behalf, to issue any
> press releases and public announcements, and drafts of the same,
> made pertaining to Ovcon 35 and/or any generic equivalent
> thereof, including all documents discussing such press releases.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to

plaintiffs' Request No. 27 on the grounds that it is ambiguous, vague, overly broad, unduly

burdensome, seeks documents not relevant to the claims or defenses of any party, and on the

grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Barr

further objects to Request No. 27 to the extent that it seeks documents and information covered

by the attorney-client privilege or work product doctrine.  Subject to and without waiving these

specific objections and the General Objections and Conditions set forth above, Barr states that it

has already produced documents responsive to this request, and that Barr will produce non-

privileged documents not previously produced relating to the issuance of press releases

pertaining to Ovcon at a mutually convenient time and location.

**REQUEST NO. 28:**

> All of your press releases and public announcements, and drafts of
> the same, relating to Ovcon 35 or any generic equivalent thereof.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to

plaintiffs' Request No. 28 on the grounds that it is ambiguous, vague, overly broad, unduly

burdensome, seeks documents not relevant to the claims or defenses of any party, and on the

grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Barr

further objects to Request No. 28 to the extent that it seeks documents and information publicly

available to plaintiffs.  Subject to and without waiving these specific objections and the General

Objections and Conditions set forth above, Barr states that it has already produced documents

responsive to this request, and that Barr's press releases are available on its website.

**REQUEST NO. 29:**

>  All calendars, notes, diaries, whether electronic or otherwise, of
> your officers, directors, employees which relate to meetings in
> which the sale or marketing of Ovcon 35 and/or its generic
> equivalent were discussed.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to

plaintiffs' Request No. 29 on the grounds that it is ambiguous, vague, overly broad, unduly

burdensome, seeks documents not relevant to the claims or defenses of any party, and on the

grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Barr

further objects to Request No. 29 to the extent that it is cumulative and duplicative and seeks

information already sought through prior discovery.  (*See* Gov't Pls.' First Request; *see also*

CMO ¶¶ 14-15.)  Subject to and without waiving these specific objections and the General

Objections and Conditions set forth above, Barr states that it will produce non-privileged

documents not previously produced reflecting substantive discussions pertaining to Ovcon at a

mutually convenient time and location.

**REQUEST NO. 30:**

>  All documents concerning any market studies or market analysis of
> any kind related to Ovcon 35 and/or its generic equivalents.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to

plaintiffs' Request No. 30 on the grounds that it is ambiguous, vague, overly broad, unduly

burdensome, seeks documents not relevant to the claims or defenses of any party, and on the

grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced constituting market studies or analyses regarding Ovcon at a mutually convenient time and location.

**REQUEST NO. 31:**

> Your organizational charts, personnel directories, telephone directories, and electronic mail user and address lists for each of your divisions, subsidiaries, or affiliates that had or has any involvement in the research, development, manufacture, sale or marketing of Ovcon 35 or any generic equivalent thereof.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 31 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Barr further objects to Request No. 31 to the extent that it is cumulative and duplicative and seeks information already sought through prior discovery.  (*See* Gov't Pls.' First Request; *see also* CMO ¶¶ 14-15.)  Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced sufficient to identify personnel involved with Ovcon at a mutually convenient time and location.

**REQUEST NO. 32:**

> All documents regarding any investigation or complaint made by a state or federal government agency, including, but not limited to the Federal Trade Commission, regarding the sale of Ovcon 35 or its generic equivalents or the competition for the sale of Ovcon 35 or its generic equivalents.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 32 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to Request No. 32 to the extent that it is cumulative and duplicative and seeks information already sought through prior discovery. Barr further objects to this request to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced that were provided in connection with government investigations or complaints regarding Ovcon at a mutually convenient time and location.

**REQUEST NO. 33:**

> All testimony, including any witness statements or depositions taken, regarding any investigation or complaint made by a state or federal government agency regarding the sale of Ovcon 35 or its generic equivalents or the competition for the sale of Ovcon 35 or its generic equivalents.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 33 on the grounds that it is ambiguous, vague, overly broad, unduly

burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 33 to the extent that it is cumulative and duplicative and seeks information already sought through prior discovery. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to testimony regarding the sale of Ovcon at a mutually convenient time and location.

**REQUEST NO. 34:**

> All documents that refer or relate in any way to whether Barr was considering entering into a licensing agreement concerning generic Ovcon 35 with any company other than the Warner Chilcott Defendants.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 34 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 34 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not previously produced reflecting actual or potential agreements concerning Ovcon with any company other than Warner Chilcott at a mutually convenient time and location.

**REQUEST NO. 35:**

> All documents that relate in any way to how Barr would benefit from the Warner Chilcott/Barr Agreement.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 35 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 35 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced reflecting the benefits of the Warner Chilcott/Barr Agreement at a mutually convenient time and location.

**REQUEST NO. 36:**

> All documents that refer or relate in any way to the Warner Chilcott/Barr Agreement, including, but not limited to, discussions, communications, or negotiations concerning the Warner Chilcott/Barr Agreement, any analysis, communications or discussions concerning the benefits provided to Barr, including calculation of the monies to be paid to Barr, and drafts of the Warner Chilcott/Barr Agreement (whether or not incorporated in the executed agreement).

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 36 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to Request No. 36 to the extent that it is cumulative and duplicative to plaintiffs'

Request No. 6 and seeks information already sought through prior discovery. (*See* Gov't Pls.'
First Request; *see also* CMO ¶¶ 14-15.) Barr further objects to this request to the extent that it
seeks documents and information covered by the attorney-client privilege or work product
doctrine. Subject to and without waiving these specific objections and the General Objections
and Conditions set forth above, Barr states that it has already produced documents responsive to
this request, and that Barr will produce non-privileged documents not previously produced that
relate to the Warner Chilcott/Barr Agreement at a mutually convenient time and location.

**REQUEST NO. 37:**

> All documents concerning any indemnification agreements
> between or among any of the Defendants concerning Ovcon 35, a
> generic Ovcon 35, or a chewable form of Ovcon 35.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to
plaintiffs' Request No. 37 on the grounds that it is ambiguous, vague, overly broad, unduly
burdensome, seeks documents not relevant to the claims or defenses of any party, and on the
grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.
Subject to and without waiving these specific objections and the General Objections and
Conditions set forth above, Barr states that it will produce non-privileged documents not
previously produced relating to indemnification agreements between the Defendants, if any,
concerning Ovcon at a mutually convenient time and location.

Date:   June 12, 2006                        Respectfully submitted,


                                             _____/s/_____
                                             Karen N. Walker (D.C. Bar # 412137)
                                             Mark L. Kovner (D.C. Bar #  430431)
                                             Chong S. Park (D.C. Bar # 463050)

                                             KIRKLAND & ELLIS LLP
                                             655 Fifteenth Street, N.W.
                                             Washington, District of Columbia  20005
                                             (202) 879-5000
                                             (202) 879-5200 (fax)

                                             *Counsel for Barr Pharmaceuticals, Inc.*