# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VISTA HEALTHPLAN, INC., and UNITED FOOD AND COMMERCIAL WORKERS CENTRAL PENNSYLVANIA HEALTH AND WELFARE FUND, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORP., WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., and BARR PHARMACEUTICALS, INC.,<br><br>Defendants._____/ | 05 Civ. 2327 (CKK) |

**PLAINTIFFS' RESPONSES TO DEFENDANT WARNER
CHILCOTT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Vista Healthplan, Inc. ("Vista Healthplan") and United Food and Commercial Workers Central Pennsylvania Health and Welfare Fund ("United Food") (collectively, "Plaintiffs"), hereby respond and, by and through its attorneys, object to Warner Chilcott's First Request for the Production of Documents to Indirect Third Party Payor Plaintiffs, as follows:

**PRELIMINARY STATEMENT**

Plaintiffs' responses and objections to these Document Requests are made for the sole purpose of this litigation. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, which

objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in the responses. Plaintiffs' response to all or any part of the Document Requests should not be taken as an admission that: (1) Plaintiffs accept or admit the existence of any fact(s) set forth in or assumed by the Document Request; or (2) Plaintiffs have in their possession, custody or control documents responsive to the Document Request; or (3) documents responsive to the Document Request exist. Plaintiffs' response to all or any part of Document Request is not intended to be, and shall not be, a waiver by Plaintiffs of all or any part of its objection(s) to that Document Request.

Plaintiffs and their counsel have not completed: (1) investigation of the facts relating to this case, (2) discovery in this action, or (3) preparation for trial. The following responses are based upon information known at this time and are given without prejudice to Plaintiffs' right to supplement these responses prior to trial or to produce evidence based on subsequently discovered information. Plaintiffs' responses are based upon, and therefore are limited by, Plaintiffs' present knowledge and recollection, and consequently, Plaintiffs reserve the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS

1.   Plaintiffs object to the Definitions and Instructions in Defendants' Document Requests insofar as they purport to impose obligations beyond those required by applicable discovery rules and/or the Federal Rules of Civil Procedure.

2.   Plaintiffs object to Defendants' Document Requests to the extent that they seek information or documents that are subject to the attorney-client privilege, attorney work product doctrine, physician-patient privilege or any other applicable privilege.

3. Plaintiffs object to Defendants' Document Requests to the extent that they seek disclosure of information or materials from persons or entities who are not parties to this action and which information or materials are not now and never have been in the possession or custody of Plaintiffs.

4. Plaintiffs object to Defendants' Document Requests to the extent that they seek disclosure of information or documents that are protected by Plaintiffs' right of privacy, in particular to financial privacy, or seek information or documents protected from disclosure by Section 7216 of the Internal Revenue Code.

5. Plaintiffs object to Defendants' Document Requests to the extent that they purport to require Plaintiffs to disclose information or produce documents concerning any expert or other person or entity retained by Plaintiffs' counsel to assist in the preparation of Plaintiffs' case: (a) to the extent any such person or entity will not be designated by Plaintiffs as a trial witness on the ground that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiffs' preparation of this case and is not required by the Federal Rules of Civil Procedure.

6. Plaintiffs object to Defendants' Document Requests to the extent they seek information and documents which would identify individual patients who are participants or beneficiaries of Plaintiffs and who were prescribed and/or have taken Ovcon 35 or a generic version of Ovcon 35, on the grounds that provision of such information would violate such persons' privacy rights, including applicable provisions of federal law, including but not limited to 45 C.F.R. Parts 160 and 164, subparts A and E; and that such identifiable information is not relevant to the issues involved in this case.

7.      Plaintiffs object to the definition of "Combined Hormonal Contraceptive," "CHC" or "CHC product" as overly broad, unduly burdensome, vague and ambiguous and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs will therefore respond to any document request requesting information relating to CHC's as if it were requesting information relating to Ovcon 35.

## RESPONSES TO SPECIFIC DOCUMENT REQUESTS

1.      Any and all records (including minutes of meetings and presentation materials) of meetings of your Board of Directors, Board of Trustees, or comparable governing body during which coverage for any CHC was discussed from January 1, 2000 through the present date.

**RESPONSE TO REQUEST NO. 1:** Plaintiffs incorporate their General Objections by reference and, in addition, object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiffs will produce sufficient non-privileged responsive documents, if any, relating to Ovcon 35.

2.      All documents relating to the factors that have affected or determined the assignment of each CHC, both brands and generics, to a particular formulary or tier level, including the minutes of therapeutic committee meetings.

**RESPONSE TO REQUEST NO. 2:** Plaintiffs incorporate their General Objections by reference and, in addition, object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the use of the

word "formulary or tier level" to the extent it is not defined and has different meanings within the healthcare industry. Subject to, as limited by, and without prejudice to these objections, Plaintiffs will produce and sufficient non-privileged responsive documents, if any, related to Ovcon 35.

3. All documents relating to prescription drug benefits available to your Beneficiaries for CHCs from January 1, 2000 through the present date including policies, endorsements, exclusions, amendments, benefit booklets, explanation of benefits, and all other documents relating to such prescription drug benefits or coverage for CHCs.

**RESPONSE TO REQUEST NO. 3:** Plaintiffs incorporate their General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiffs will produce, if any, a sample of guidebooks and drug riders and/or summary plan descriptions.

4. All documents sufficient to show the number of women Beneficiaries covered by you from January 1, 2000 through the present on a monthly basis.

**RESPONSE TO REQUEST NO. 4**: Plaintiffs incorporate their General Objections by reference and, in addition, object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to providing any information which identifies individual patients, as such information is protected by state and/or federal privacy laws and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

-5-

5. All documents sufficient to show the benefits available to your Beneficiaries for any CHC from January 1, 2000 through the present date including: (a) the amount of coverage, formulary status, and suggested alternatives for each CHC; (b) whether coverage differed for brand name or generic CHCs; (c) any co-payment or deductible associated with a brand name or generic CHC; and (d) whether benefits are incurred automatically at the time of prescription purchase or whether a claim for reimbursement to the Plan is required after a prescription purchase.

**RESPONSE TO REQUEST NO. 5**: Plaintiffs incorporate their General Objections by reference and, in addition, object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiffs will produce, if any: (1) sample guidebooks and drug riders; (2) formularies; and/or (3) summary plan descriptions.

6. All documents from January 1, 2000 through the present date relating to agreements with insurance companies, pharmaceutical manufacturers, pharmaceutical marketers, health maintenance organizations, managed care organizations, Third-Party Payors, pharmacy benefit managers, state and federal governments, or other Health Care Providers relating to prescription drug benefits or coverage for brand name or generic CHCs.

**RESPONSE TO REQUEST NO. 6**: Plaintiffs incorporate their General Objections by reference and, in addition, object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiffs will produce, if any: (1) any rebate contracts (and related

documents) between Plaintiffs and the Defendants relating to Ovcon 35; (2) PBM contracts; and (3) sample pharmacy contracts.

7. Copies of all insurance claims or claims for reimbursement for Ovcon 35, and all documents relating to such claims from January 1, 2000 through the present date.

**RESPONSE TO REQUEST NO. 7:** Plaintiffs incorporate their General Objections by reference and, in addition, object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the Defendant's Document Request to the extent that such information and documents relate to private medical information without a basis in the cause of action. Subject to, as limited by, and without prejudice to these objections, Plaintiffs will produce utilization or claims reports summarizing reimbursements for Ovcon 35.

8. Copies of all insurance claims or claims for reimbursements for any CHC, and all documents relating to such claims from January 1, 2000 through the present date.

**RESPONSE TO REQUEST NO. 8**: See Response to Request No. 7.

9. All documents from January 1, 2000 through the present date, relating to the payment of claims and reimbursements for Ovcon 35, including documents sufficient to show both in the aggregate and at the transaction level per individual Beneficiary (without disclosure of personal information of any such Beneficiary, but including a member identification number): (a) the number of payments and reimbursements for Ovcon 35; (b) the amount of the payment or reimbursements for Ovcon 35; (c) any co-payment or supplemental payment paid by your Beneficiary for Ovcon 35; and (d) the quantity of Ovcon 35 dispensed, distinguishing between new prescriptions and refills.

**RESPONSE TO REQUEST NO. 9:** See Response to Request No. 7.

10. Copies of all documents, from January 1, 2000 through the present date, relating to the payment of claims and reimbursements for any CHC, including documents sufficient to show both the aggregate and at the transaction level per individual Beneficiary (without disclosure of personal information of any such Beneficiary, but including a member identification number); (a) the number of payment and reimbursements for each CHC product, both brands and generics, other than Ovcon 35: (b) the amount of the payment or reimbursement for such other CHCs; ( c) any co-payment or supplemental payment paid by your Beneficiary for other CHCs; and (d) the quantity of the CHC product dispensed, distinguishing between new prescriptions and refills.

**RESPONSE TO REQUEST NO. 10**: See response to Request No. 7.

11. All documents relating to any Sample distributed, dispensed, or given to your Beneficiaries including: any policies, practices, or procedures followed by you relating to Samples; documents sufficient to show your awareness or knowledge of Samples given to your Beneficiaries; any data, studies, surveys, or analyses relating to the impact of Samples on the effective cost of Ovcon 35 or any other CHC to you.

**RESPONSE TO REQUEST NO. 11:** Plaintiffs incorporate their General Objections by reference and, in addition, object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the Defendant's Document Request to the extent that such information and documents relate to private medical information without a basis in the cause of action.

12. All analyses, studies, surveys, or other data concerning the use of CHCs; including:

-8-

(a) the average number of consecutive months a woman uses a brand CHC; (b) the average number of consecutive months a woman uses a generic CHC; (c) the average number of consecutive months a woman uses a CHC Sample; and (d) the average number of consecutive months a woman uses Ovcon 35.

**RESPONSE TO REQUEST NO. 12**: Plaintiffs incorporate their General Objections by reference and, in addition, object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiffs will produce sufficient non-privileged responsive documents, if any, relating to Ovcon 35.

13. All documents relating to the extent to which you are employer-sponsored, specifying by dollar amounts what contributions to the Plan are made by employers both in the aggregate and per employer, and what contributions are made by Beneficiaries both in the aggregate and per Beneficiary.

**RESPONSE TO REQUEST NO. 13**: Plaintiffs incorporate their General Objections by reference and, in addition, object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to providing any information which identifies individual patients, as such information is protected by state and/or federal privacy laws and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

14. All documents relating to incentives provided by your company for your Beneficiaries

to purchase generic, rather than brand name, prescription drugs.

**RESPONSE TO REQUEST NO. 14:** Plaintiffs incorporate their General Objections by reference and, in addition, object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiffs shall produce sample guidebooks, drug riders and/or summary plan descriptions.

15. All documents relating to the techniques used to encourage physicians to prescribe, and pharmacists to dispense, particular CHCs, both brands and generics, over other CHCs.

**RESPONSE TO REQUEST NO. 15:** Plaintiffs incorporate their General Objections by reference and, in addition, object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16. All documents showing the total dollar amount you claim to have spent in payments and reimbursements for Ovcon 35 prescriptions for your Beneficiaries both in the aggregate and per Beneficiary from January 1, 2000 through the present date and how such number was calculated.

**RESPONSE TO REQUEST NO. 16:** See Response to Request No. 7.

17. All documents showing any amount you received in payments and/or reimbursements from any Beneficiary, employer, or governmental entity both in the aggregate and per transaction relating to any payment or reimbursement you claim to have spent for Ovcon 35 prescriptions in response to Request No. 16.

**RESPONSE TO REQUEST NO. 17:** See Response to Request No. 7.

-10-

18. All documents sufficient to show the dispensing fees paid for each CHC from January 1, 2000 through the present date.

**RESPONSE TO REQUEST NO. 18:** See Response to Request No. 7.

19. All documents relating to agreements in effect from January 1, 2000 through the present date that you have had with any retail pharmacy, mail-order pharmacy, pharmacy benefit manager, or employee benefit plan or similar entity relating to or covering any or all CHCs.

**RESPONSE TO REQUEST NO. 19:** Subject to, as limited by, and without prejudice to these objections, Plaintiffs shall produce sample pharmacy contracts.

20. All documents relating to agreements in effect from January 1, 2000 through the present date that you have had with any manufacturer or marketer of a CHC relating to that CHC, including documents sufficient to show the total dollars received in rebates or any other discounts from pharmaceutical manufacturers or marketers for CHCs.

**RESPONSE TO REQUEST NO. 20:** Plaintiffs incorporate their General Objections by reference and, in addition, object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiffs will produce any rebate contracts (and related documents) between Plaintiffs and the Defendants relating to Ovcon 35.

21. All correspondence to you or any of your agents or representatives from your Beneficiaries relating to Ovcon 35, your coverage of Ovcon 35, or the cost of Ovcon 35.

**RESPONSE TO REQUEST NO. 21:** Plaintiffs incorporate their General Objections by reference and, in addition, object to this request on the grounds that it is vague, ambiguous, overly

-11-

broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the Defendant's Document Request to the extent that such information and documents relate to private medical information without a basis in the cause of action.

22. All communications you have had with any person or entity relating to your purchase, consumption, or reimbursement of Ovcon 35.

**RESPONSE TO REQUEST NO. 22:** Plaintiffs incorporate their General Objections by reference and, in addition, object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. To the extent the Request purports to seek information from Plaintiffs' attorneys, Plaintiffs object on the ground that it seeks information protected from discovery at this time by the attorney work-product doctrine. Subject to, as limited by, and without prejudice to these objections, Plaintiffs will produce communications between Plaintiffs and the Defendants relating to Ovcon 35.

23. All documents relating to public presentations at which you, your attorneys, or your representatives have discussed Ovcon 35 (including press conferences, lawyer conventions, and media interviews).

**RESPONSE TO REQUEST NO. 23:** Plaintiffs incorporate their General Objections by reference and, in addition, object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without prejudice to these objections, Plaintiffs will produce sufficient non-privileged responsive documents,

if any.

24. All documents you have prepared or received (whether for this case or any other) relating to Ovcon 35.

**RESPONSE TO REQUEST NO. 24:** Plaintiffs incorporate their General Objections by reference and, in addition, object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. To the extent the Request purports to seek information from Plaintiffs' attorneys, Plaintiffs object on the ground that it seeks information protected from discovery at this time by the attorney work-product doctrine.

25. All documents relating to damages you claim to have suffered, including calculations of the total amount of damages claimed and how such damages were calculated.

**RESPONSE TO REQUEST NO. 25:** Plaintiffs incorporate their General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object that this Document Request is premature and is likely to require supplemental answers. Upon information and belief, the information requested is in part contained in documents being provided by Defendants to Plaintiffs. Plaintiffs' attorneys are currently reviewing said documents and information and reserve the right to supplement these responses as necessary or appropriate. Plaintiffs also object to this request to the extent it seeks reports or information which is likely to be generated by Plaintiffs' experts. To the extent that this Document Request purports to seek information from Plaintiffs' attorneys, Plaintiffs further object on the ground that it seeks information protected from

-13-

N/A
N/A

discovery by the attorney work product doctrine.

Subject to, as limited by, and without prejudice to these objections, Plaintiffs will produce a utilization or claims report showing payments made by Plaintiffs for Ovcon 35 during the Class period.

26. All documents relating to the circumstances of our participation in this lawsuit, including the manner of payment or compensation you have received or expect to receive as a result of your participation in this lawsuit.

**RESPONSE TO REQUEST NO. 26:** Plaintiffs incorporate their General Objections by reference and, in addition, object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

27. All documents Plaintiffs intend to use in support of the allegations in their Complaint.

**RESPONSE TO REQUEST NO. 27:** Plaintiffs incorporate their General Objections by reference and, in addition, objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and purports to seek documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object that this Document Request is premature and is likely to require supplemental answers. Upon information and belief, the information requested is in part contained in documents being provided by Defendant to Plaintiffs. Plaintiffs' attorneys are currently reviewing said documents and information and reserve the right to supplement these responses as necessary or appropriate. Plaintiffs also object to this request to the extent it seeks reports or information which is likely to be generated by Plaintiffs' experts To the extent that this Document Request purports to seek information from

Plaintiffs' attorneys, Plaintiffs further object on the ground that it seeks information protected from discovery by the attorney work product doctrine.

Dated: June 20, 2006                    Respectfully submitted,

/s/ Kevin B. Love
Kevin B. Love (pro hac vice)
HANZMAN, CRIDEN & LOVE, P.A.
7301 S.W. 57th Court, Suite 515
South Miami, Florida 33143
Telephone: (305) 357-9000
Facsimile: (305) 357-9050

/s/ L. Kendall Satterfield
L. Kendall Satterfield (Bar # 393953)
Michael G. McLellan (Bar # 489217)
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, N.W.
Washington, D.C. 20007
Phone: (202) 337-8000
Facsimile (202) 337-8090


Jay Shapiro
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
150 W. Flagler Street, Suite 2200
Miami, Florida 33130
Phone: (305) 789-3200
Facsimile (305) 789-3229

Marc A. Wites
WITES & KAPETAN, P.A.
4400 North Federal Highway
Lighthouse Point, FL 33064
Phone: (954) 570-8989
Facsimile (954) 428-3929

Joseph C. Kohn
William E. Hoese
KOHN, SWIFT & GRAF, P.C.

-15-

        One South Broad Street, Suite 2100
        Philadelphia, PA 19107
        Phone: (215) 238-1700
        Facsimile: (215) 238-1968

        Eric L. Young
        **KENNEY LENNON & EGAN**
        3031C Walton Road, Suite 202
        Plymouth Meeting, PA 19462
        Phone: (610) 940-9099
        Facsimile: (610)-940-0284

        ***Attorneys for Plaintiffs***

L:\103\PLEADINGS\Plaintiffs' responses to Defendant Warner Chilcott's First Request for Prod of Docs.wpd