# EXHIBIT G

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Karen N. Walker
To Call Writer Directly:
202 879-5096
kwalker@kirkland.com

202 879-5000

www.kirkland.com

Facsimile:
202 879-5200

July 25, 2006

### Via Electronic Mail and Electronic Filing Service

Scott E. Perwin
Kenny Nachwalter
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL  33131-4327

Kevin Landau
Garwin Gerstein & Fisher LLP
1501 Broadway, Suite 1416
New York, New York  10036

Dianne M. Nast
Roda Nast, P.C.
801 Estelle Drive
Lancaster, PA  17601

Re:     *Ovcon Antitrust Litigation* -- Direct Purchaser Actions

Dear Scott, Kevin and Dianne:

I am writing in response to Kevin and Dianne's letters of July 21 regarding Barr's document production and direct purchaser depositions, and as a follow-up to Scott's prior letter regarding direct purchaser depositions.

First, regarding Kevin's letter pertaining to Barr's supplemental discovery responses in this case, I remind you that Barr has already produced to you a substantial amount of relevant documents regarding Ovcon. In response to the numerous and extremely broad requests issued by all three groups of plaintiffs (without coordination), Barr has undertaken far-reaching and burdensome searches for any additional relevant documents relating to Ovcon. Although Barr did not delay its searches and will not delay its production of the same pending resolution of Barr's dispute with the FTC regarding irrelevant documents concerning other products, the supplemental searches underway are time-consuming. We expect to produce documents on a rolling basis and be substantially complete prior to Mr. Catlett's deposition. Accordingly, we would resist any reopening of Mr. Catlett's deposition in this case. In addition, plaintiffs have produced almost no documents whatsoever except for purchase records of Ovcon. I specifically asked Kevin Landau whether plaintiffs would produce any documents regarding products other than Ovcon and am still awaiting a response. Plaintiffs have also refused to produce even relevant information pertaining to Ovcon -- we intend to schedule a meet-and-confer session to discuss this refusal prior to filing a motion to compel.

Chicago          London          ` Los Angeles          Munich          New York          San Francisco

July 25, 2006
Page 2


        Second, regarding Dianne's letter concerning depositions, I would reiterate my prior response to Scott Perwin.  Defendants respectfully disagree with plaintiffs' apparent position that only one witness per company should be deposed in this action.  Certainly that is not the position plaintiffs are taking.  For example, plaintiffs seek to depose *both* Timothy Catlett and Timothy Sawyer of Barr, despite the fact that each would be able to provide the same relevant information (the precise objection plaintiffs raise regarding several of their witnesses).  I would note as well that even with respect to the single witnesses per company that plaintiffs have agreed to produce, we have not been provided with a single deposition date, despite having requested them over three weeks ago.  Please provide dates immediately for the requested witnesses, particularly for the those as to whom plaintiffs have raised no dispute regarding need or relevance.

                        Sincerely,

                        /s/ Karen N. Walker

                        Karen N. Walker


cc:     Contact Attorneys via DealRoom