IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                        )
FEDERAL TRADE COMMISSION, et al.,       )
                                        )
          Plaintiffs,                   )
                                        )
     v.                                 )     Civil Action Nos.    1:05-cv-2179-CKK
                                        )                          1:05-cv-2182-CKK
WARNER CHILCOTT HOLDINGS                 )
    COMPANY III, LTD., et al.,          )
                                        )
          Defendants.                   )
_____)
```

**PLAINTIFFS' EXPEDITED MOTION TO COMPEL DEFENDANT BARR
TO COMPLY WITH RULE 34(b), FED. R. CIV. P.**

By this motion, plaintiffs Federal Trade Commission, thirty-four States and the District of
Columbia move the Court for an expedited Order, pursuant to Rules 34 and 37 of the Federal
Rules of Civil Procedure, directing Barr to immediately reproduce in a useable form the
documents responsive to Plaintiffs' First Request for the Production of Documents dated May 5,
2006.

Further, we respectfully request the Court to establish an expedited briefing schedule for
this motion to ensure that there is a quick resolution of these discovery issues.  The parties have
scheduled the first deposition of Barr personnel to commence on September 6, 2006.  If Barr
does not complete a production of documents consistent with the Federal Rules by August 21,
2006, it will interfere with our preparations for complete depositions of Barr's personnel.

By this motion, we respectfully move the Court to order Barr:

1.  To produce each document responsive to our First Request for the Production of Documents in an organized format by identifying the document by the physical or electronic folder from which the document was drawn, as kept in the usual course of business.

2.  In the case of a document that Barr maintains in hard copy files, (i) to produce a copy of the label of the folder in which the document is retained; (ii) to produce the name and the physical location of the file drawer in which the folder is kept; and (iii) to produce the identification of the custodian(s) of the file by identifying the person(s) whose work papers are routinely included in the file drawer.

3.  In the case of a document that Barr maintains in an electronic format on personal computer or servers, (i) to produce the document identifying the personal computer or server from which the document was drawn, if applicable; (ii) to produce the document's metadata, including information regarding the network path in which the file is retained; and (iii) to produce, for each document, an optical character recognition or an extracted text file, if the data is available in that format.

4.  Due to the pending schedule for depositions of Barr's personnel, to complete the reproduction of documents no later than August 21, 2006.

Pursuant to a letter dated August 2, 2006, and a telephone conversation on August 4, 2006, counsel for Plaintiffs and counsel for Barr Pharmaceuticals, Inc., discussed the anticipated motion and we determined that defendant Barr opposed this motion.

Respectfully submitted,

Dated: August 9, 2006

_____/s/_____
Markus H. Meier (DC Bar # 459715)
Bradley S. Albert
Thomas H. Brock (DC Bar # 939207)
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 326-3759

Counsel for Plaintiff
Federal Trade Commission

_____/s/_____
Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
STATE OF COLORADO
1525 Sherman Street, 5th Floor
Denver, CO 80203
(303) 866-5079

Meredyth Smith Andrus
Assistant Attorney General
STATE OF MARYLAND
200 St. Paul Street
Baltimore, MD 21202
(410) 576-6470

Counsel for the Plaintiff States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| FEDERAL TRADE COMMISSION, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action Nos.    1:05-cv-2179-CKK |
| | ) | 1:05-cv-2182-CKK |
| WARNER CHILCOTT HOLDINGS | ) | |
| COMPANY III, LTD., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DEFENDANT BARR TO COMPLY WITH RULE 34(b), FED. R. CIV. P.**

On May 5, 2006, the Federal Trade Commission and the Plaintiff States served their first

set of document requests on defendant Barr Pharmaceuticals, Inc. Eighty-four days later – well

past the thirty-day deadline prescribed by Rule 34, Fed. R. Civ. P. – Barr finally produced

documents partially responsive to our requests. To be blunt, Barr has engaged in an electronic

version of an old discovery game – the last-minute dump of hundreds of boxes of unorganized

documents on opposing counsel – that even the most aggressive litigants quit playing a quarter of

a century ago when Rule 34 was amended for the stated purpose of ending that game.

Barr's document production is an absolute mess. Barr produced these documents – the

physical equivalent of perhaps 125 boxes of documents – on an external computer hard drive

with unsearchable picture images of 21,000 documents, undifferentiated by any characterization

of the document. Barr did not organize the documents in any fashion or give us any information

about each document such as the name or location of the file and folder from which the

document was drawn, the document's custodian, or the request to which the document is

responsive.  And, sometimes, Barr aggregated two or more documents (or two or more folders) under the same number, which will hopelessly interfere with the litigation use of these documents.

Because the depositions of Barr personnel will begin on September 6, 2006, we are moving the Court for an expedited order, pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure, directing Barr to immediately reproduce the documents in a useable form.  This includes:

- Producing each document in an organized format by grouping the documents by the physical or electronic folder from which the document was drawn, as kept in the usual course of business.

    - In the case of each document that Barr maintains in hard copy files, (i) producing a copy of the label of the folder in which the document is retained; (ii) producing the name and the physical location of the file drawer in which the folder is kept; and (iii) producing the identification of the custodian(s) of the file by identifying the person(s) whose work papers are routinely included in the file drawer.

    - In the case of each document that Barr maintains in an electronic format on personal computer or servers, (i) producing the document identifying the personal computer or server from which the document was drawn, if applicable; (ii) producing the document's metadata, including information regarding the network path in which the file is retained; and (iii) producing, for each document produced, an optical character recognition

2

or an extracted text file, if the data is available in that format.

• Further delays in a meaningful document production by Barr will inevitably interfere with plaintiffs' commitment to abide by the schedule set in the Court's April 14, 2006, Case Management Order. Therefore, we respectfully ask the Court to order Barr to complete the production of documents no later than August 21, 2006.

## BACKGROUND

In this litigation, the FTC, thirty four States and the District of Columbia challenge an agreement between defendants in which Barr agreed not to market a generic version of Ovcon, an oral contraceptive sold by Warner Chilcott. On account of this agreement, consumers were denied access to a lower-price generic version of the contraceptive and Warner Chilcott was able to maintain its sales for its higher-priced, branded Ovcon. In this action, the FTC and the Plaintiff States seek an order invalidating this agreement between Warner Chilcott and Barr.

On May 5, 2006, we served on Barr our First Request for the Production of Documents. When Barr served a written response to the document request on June 5, 2006; however, it did not produce any documents. Further, despite our repeated requests,[1] Barr withheld any production. Finally, on July 28, 2006 – only after we threatened to bring the matter to the Court's attention[2] – Barr provided us with an initial production.

Barr produced its documents on an external hard drive, *i.e.,* a computer disk that contains

---

[1]     *E.g.,* Letter from Thomas H. Brock to Karen N. Walker, dated June 12, 2006 (attached as Ex. A); Letter from Thomas H. Brock to Karen N. Walker, dated June 23, 2006 (attached as Ex. B).

[2]     Letter from Thomas H. Brock to Karen N. Walker, dated July 20, 2006 (attached as Ex. C).

images of all produced documents. On review, however, we determined that Barr has merely numbered the documents sequentially – from document number 1 through document number 21,602.[3] Barr did not distinguish the documents it retained in "hard copy" and documents that were "electronic" documents. Barr did not identify the folder and file in which the document was maintained. Barr did not identify the persons who authored, edited or had access to the document. And, Barr did not identify the document request to which the document is deemed responsive.

Hard copy documents. Barr informed us that this information might not be available for all of its "hard copy" documents.[4] Apparently, Barr retains its hard copy documents in one of two sets of files. Some individual employees maintain working files for his or her own individual use. Also, two or more individuals may maintain documents in folders kept in central "common" files that are accessible to a number of individuals. According to Barr, it is impossible to provide any relevant information, including the designation of the custodian, about the documents that are maintained in these common files.

---

[3]    This production includes documents that Barr maintains both in hard copy format in its files as well as electronic documents from Barr's own computer system. Barr generated pictures of these hard copy or electronic documents, copied the pictures onto an external hard drive, and produced a copy of the external hard drive to us for our inspection. We do not object to the production of the responsive documents by external hard drive rather than in hard copy for our inspection.

[4]    See E-mail from Thomas H. Brock to Karen N. Walker dated August 1, 2006 (attached as Ex. D); E-mail from Karen N. Walker to Thomas H. Brock dated August 1, 2006 (attached as Ex. E); Letter from Thomas H. Brock to Karen N. Walker, dated August 3, 2006 (attached as Ex. F).

Quite candidly, we must express our own doubts regarding Barr's current description of its filing system. The FTC conducted an administrative investigation of Warner Chilcott and Barr before it filed the Complaint in this case. During that investigation, Barr regularly produced documents to the Commission in which it attributed each document to one of twenty-five different custodians.[5] Unless Barr has completely revamped its filing system in the past two years, it still has the capacity today to identify the location of these folders and files and the custodian of documents.

However, even if Barr's assertions are true, Barr has the capacity to produce the documents in a manner that would eliminate most if not all of these problems. As to the hard copy documents, Barr could have produced the documents organized by source, so that we at least knew which documents were drawn from the files of individuals and which documents were drawn from the central files. And, as to each group of hard copy documents, Barr should have produced the labels from the folders and the files from which each document was routinely stored. The production of these "tangible things," *see* Fed. R. Civ. P. 34(a), is particularly important to us because many of the hard copy documents have handwriting on them which, due to Barr's incomplete production, cannot be attributed to any individual in our preparations for the depositions of Barr's management.[6]

---

[5]      *See* Letter from Mark L. Kovner to Andrew S. Ginsburg, dated May 25, 2003. (A copy of this confidential document will be provided to the Court at its request).

[6]      For example, eight of the first ten documents that Barr produced (BARR-OVCON-000001 through BARR-OVCON-000048) have handwritten notations, but due to the defects in production, we do not have any means to attribute this handwriting to any individual.

5

Electronic Documents.  Barr's production of electronic documents – e-mails, word processing documents, spreadsheets, and the like – is equally problematic.  Like the hard copy documents, Barr simply produced unsearchable picture images of these electronic documents.  These electronic documents apparently are commingled with the hard copy documents, and are not organized either as maintained by the company or by designating the document request to which the document is responsive.  In addition, by producing a picture copy of the document, Barr did not give us information regarding the metadata relating to the document, i.e., to reveal information about the author, editor, or recipient of the document.

## RULE 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 34(b) of the Federal Rules of Civil Procedure governs the production of documents.  The operative provision of Rule 34(b) is the third paragraph, which delineates the requirements for the production of documents:

> A person who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

This sentence was added to Rule 34(b) in 1980 because of a serious concern that litigants all too often abused the discovery process by producing documents in a disorganized fashion.  Specifically, as explained in the Advisory Notes:

> "The Committee is advised that, 'It is apparently not rare for parties deliberately to mix critical documents with others in the hope of obscuring significance.'"  Advisory Committee Notes, Rule 34(b), 1980 Amendments.

The American Bar Association, which had made the recommendation to the Advisory Committee to amend Rule 34, was equally explicit in the preferred method of production.  In its 1977 Report to the Advisory Committee, the ABA observed:

6

"Most members determined that the convenient and least burdensome requirement would entail production in the order in which the documents are actually kept in the usual course of business so that there is an internal logic reflecting business use."  Report of the Special Committee for the Study of Discovery Abuse, Section of Litigation, American Bar Association (Oct. 1977).

## ARGUMENT

## BARR SHOULD BE ORDERED TO PRODUCE ITS HARD COPY AND ELECTRONIC DOCUMENTS IN ACCORDANCE WITH RULE 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Barr's production of its documents is inadequate, both as to the documents it maintains in a hard copy format and documents it maintains in electronic format.  We will separately address the steps that must be taken with respect to hard copy documents and electronic documents.[7]

## I.      Barr Should Be Ordered to Produce Hard Copy Documents Organized as Those Documents Are Maintained in the Usual Course of Business.

The best we can tell, Barr elected to produce these documents as kept in the usual course of business.  However, its organization for these documents is inexcusably confusing.  For example, Barr produced its first 73 documents, BARR-OVCON-00001 through BARR-OVCON-00073, without any identifying characteristics – folder or file names – of the materials.

In contrast, Barr's very next "document,"  BARR-OVCON-00074, contains 166 pages. In truth, this "document" is really at least 18 separate documents that Barr kept in at least 13

---

[7]      There may be other legitimate ways in which we might obtain this information. We considered noticing depositions pursuant to Rule 30(b)(6), Fed. R. Civ. P., but as a practical matter, no individual will be able to provide the information regarding 21,000 documents at a deposition, particularly before we begin the depositions of Barr's executives in less than a month.

Alternatively, we considered the possibility of seeking this information through interrogatories.  We note, however, that the parties are limited to 25 interrogatories under the Court's April 14, 2006, Case Management Order.  Besides, we would not receive the necessary information before the Barr depositions commence, and we are concerned that our interrogatories would likely lead to another round of equally unsatisfactory discovery responses.

7

distinct folders.  Each folder is labeled with a 22-digit identification code naming the folder.

Notably, however, Barr did not produce any information about the file(s) in which these 13

folders or 166 pages of documents were kept.

 While the party responding to a document request under Rule 34 may choose the manner

of production, the Court clearly enjoys supervisory authority to ensure that the production

complies with the Federal Rules.  As explained in Wright, Miller & Marcus, under Rule 34(b),

> "[T]he court should have the authority where necessary to direct some disclosure
> of the manner of organization of the producing party's files."  8A Wright Miller &
> Marcus, *Federal Practice and Procedure* § 2213 at 431-32 (1994) (emphasis
> added, citations omitted).

Therefore, "producing large amounts of documents in no apparent order does not comply with a

party's obligations under Rule 34."  *Wagner v. Dryvit Systems, Inc.* 208 F.R.D. 606, 610 (D. Neb.

2001) (citations omitted).  Or, as the court in *Scripps Clinic v. Baxter Travenol Labs., Inc.*, 1988

U.S. Dist. LEXIS 7495 (D. Del. 1988), reasoned,

> "Scripps requests . . . an index between the documents and individual files, the
> title . . . and the custodial source of each file. . . .It is obvious that Baxter did not
> organize the documents to correspond to the individual requests.  Baxter also
> failed, however, to produce the documents as they were kept in the ordinary
> course of business.  The documents were gathered from many people and
> transferred . . . in an unintelligible manner.  This is insufficient under Rule
> 34(b) . . . ."

 Barr should have produced discrete documents, including with each individual document,

the production of (i) a copy of the heading, name, or other identification of the folder in which

the document was retained; (ii) a copy of the heading, name or other identification of the file

drawer in which the folder is kept; and (iii) any other documents containing the identification of

the custodian(s) of the file, *e.g.,* the person(s) whose work papers are routinely included in that

file drawer. Thus, an order compelling production of those documents in the format set forth above is warranted.[8]

## II.     Barr Should Be Ordered to Produce Its Electronic Documents In a Useable Format.

The external hard drive produced by Barr also included documents that Barr regularly maintained in electronic format – e-mails, draft word processing documents, and spreadsheets. Apparently, rather than providing us with comprehensive information about each document, Barr created a TIFF image of each of the electronic documents, transferred the TIFF image to the external hard drive with no identifying metadata (such as the date, author or custodian of the document), and produced the external hard drive to us.

Barr's production of these electronic documents suffers the same defects as Barr's production of its hard copy documents. It is not organized to reflect either the folder or the file from which they were drawn. This material is especially important because the source of the document – the computer folder and file information – usually reveals the identity of the

---

[8]     As we explained, Rule 34 allows a party to produce documents either as maintained in the ordinary course of business or organized and labeled to correspond with the categories in the request. Barr opted to produce the documents, apparently, as they were maintained in its ordinary course of business and it should not now be permitted to switch horses in midstream.

However, even if Barr were now permitted to organize its documents to correspond to the categories of the request to which the documents are responsive, it should produce the file and folder labels relating to each document. Rule 34 is comprehensive, in that it requires the production of documents "and things," including *any writings* "from which information can be obtained." Fed. R. Civ. P. 34(a). Labels reflecting the file and folder from which the document is drawn, and any tangible materials identifying the custodian of the document are clearly "tangible things" which should be produced, whether the documents are organized as kept in the usual course of business or labeled to correspond to the request to which they are responsive.

In other words, the choice of methods of production under Rule 34 is to facilitate discovery, not to obfuscate it.

9

person(s) who drafted, had access to, or maintained these computer folders and files, either by identifying the individual person's computer system or by identifying the person responsible for the document on the company-wide computer system. Therefore, like the hard copy documents, we need this information that permits us to evaluate the significance of the electronic documents that Barr produced.

The courts have recognized that litigants should produce *all* documents containing relevant electronic information responsive to the document request, including the underlying information of the sort that we seek here. Thus, in *Hagenbuch v. 3B6 Sistemi Eletronici Industriali S.R.,* 2006 WL 665005 (N.D. Ill. 2006), for example, the court recognized the deficiencies of the production of documents in TIFF images:

> "As an initial matter it is clear that the TIFF documents do not contain all of the relevant nonprivileged information contained in the designated electronic media. . . . [T]he TIFF documents do not contain information such as the creation and modification dates of a document, e-mail attachments and recipients, and metadata." *Id.* at 2.

And, the court recognized the relevance of this information to litigation because, *inter alia,*

> ". . . the information contained in the designated electronic media . . . will allow [the litigant] to piece together the chronology of events and figure out, among other things, *who received what information and when*." *Id.* at 3 (italics added).

*See also Versign, Inc. Securities Litigation,* 2004 U.S. Dist. LEXIS 22467 (N.D. Cal. 2004).

In sum, this underlying information regarding Barr's electronic documents is a predicate to our efforts to attribute electronic documents to specific individuals and to have the opportunity to use those documents effectively at depositions. With this in mind, Barr should be compelled to produce the electronic documents completely and in an organized fashion.

**III.    Barr Should Comply With the Order Compelling Production by August 21, 2006.**

The FTC and the Plaintiff States also must ask the Court to set a deadline for this

production no later than August 21, 2006.  The parties have already had to delay the

commencement of depositions of Barr's personnel due to Barr's intransigence in producing

documents: the first deposition, originally scheduled for August 14, 2006, has been rescheduled

until September 6, 2006, because of Barr's delay in producing documents.  The only way that we

will be able to proceed with these depositions as scheduled, with any confidence that a deposition

can be completed on the same day it is commenced, is if Barr is ordered to comply with the

Court's order promptly.  An expedited order is particularly important because the Court has

established an October 18, 2006, discovery cut-off date for this lawsuit and Barr's expeditious

compliance with the Federal Rules will ensure that the parties can proceed under that schedule.

## CONCLUSION

For the foregoing reasons, the FTC and the Plaintiff States respectfully move the Court

for an order directing defendant Barr to comply with Rule 34(b) by providing the specified

information regarding the documents it has produced.[9]

---

[9]    After our unsuccessful Rule 7(m) conference last week – and after we had
prepared this motion and brief –  Barr offered at the last minute to provide us an index to the
documents "in a few weeks."  *See* Letter dated August 8, 2006, from Karen N. Walker to Thomas
H. Brock (attached as Ex. G).  However, in our conference, Barr made clear that any index would
not include the information – including the custodian and the name and location of the file and
folder containing the document – as the court ordered the responding party to produce in *Scripps
Clinic* and which we seek by this motion.  Anyway, the provision of an index would not begin
the address all the problems that Barr has created in its document production, such as the
production of multiple documents under a single document number.  Regardless, as we have
repeatedly advised Barr in our negotiations, we need this information immediately, since our
depositions of Barr's personnel are scheduled to begin in a "few weeks."

11

Respectfully submitted,


Dated: August 9, 2006

_____/s/_____
Markus H. Meier (DC Bar # 459715)
Bradley S. Albert
Thomas H. Brock (DC Bar # 939207)
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 326-3759

Counsel for Plaintiff
Federal Trade Commission


_____/s/_____
Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
STATE OF COLORADO
1525 Sherman Street, 5th Floor
Denver, CO 80203
(303) 866-5079


Meredyth Smith Andrus
Assistant Attorney General
STATE OF MARYLAND
200 St. Paul Street
Baltimore, MD 21202
(410) 576-6470
Counsel for the Plaintiff States


12