# EXHIBIT F



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Thomas H. Brock, Esq.
Bureau of Competition
Federal Trade Commission
Room 360
600 Pennsylvania Ave., N.W.
Washington, DC 20580

Direct Line (202) 326-2813
E-mail: TBrock@ftc.gov

August 3, 2006

**VIA E-MAIL AND WEBSITE SERVICE**

Karen N. Walker, Esq.
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005

Re:   Federal Trade Commission, *et al.*, v. Warner Chilcott Holdings Company III, Ltd., *et al.*, Civil Action Nos. 1:05-cv-2179-CKK, 1:05-cv-2182-CKK (D.D.C.)

Dear Karen:

This is in response to our exchange of e-mails on August 1 regarding Barr's production of documents.

Barr produced, in electronic format, more than 21,000 documents, consisting of more than 250,000 pages. However, Barr failed to designate the custodians of the documents.

I do not accept your rationale for the format of this production that you offered in your e-mail. First, as to documents maintained in electronic format, we have no basis for identifying the persons who regularly had access to these documents. This makes it virtually impossible for us to conduct a meaningful review of these documents in preparation for the depositions of Barr's personnel.

If Barr is unwilling to organize the documents with a designation of custodians, it should provide us, at the very least, with the underlying information that permits us to do so. For documents maintained on personal computers or servers, this includes the documents' metadata. For documents drawn from the central file, this includes information regarding the network path

Karen N. Walker, Esq.
August 3, 2006
Page 2

in which the file was retained. Barr produced these documents in tagged image file format, however, and did not include any of this underlying information.

    Second, your explanation for your production format does not apply to documents that Barr keeps in hard copy. Regardless of the difficulties Barr might face with its electronic documents, it could readily identify the custodian of the files in which these hard-copy documents were retained. Barr's failure to do this seriously interferes with our assessment of Barr's document production: I note, for example, that nine of the first ten documents in Barr's production (*i.e.,* BARR-OVCON 000001 through 000045) contain handwritten notations, which presumptively indicates that these materials were maintained in hard-copy format.

    I will call you in the next day to confer pursuant to Local Rule 7(m) to determine if Barr is prepared to address this deficiency in its production. However, I remind you that the Barr depositions are scheduled to begin in a month. Therefore, unless we reach an immediate resolution of these problems that is acceptable to us, I intend to apply to the Court on an expedited basis for an order directing Barr to comply with the Federal Rules of Civil Procedure.

                                                 Sincerely,

                                                 /s/

                                               Thomas H. Brock

cc:     Contact Attorneys (via website service)