# EXHIBIT A



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Thomas H. Brock, Esq.
Bureau of Competition
Federal Trade Commission
Room 360
600 Pennsylvania Ave., N.W.
Washington, DC 20580

Direct Line (202) 326-2813
E-mail: TBrock@ftc.gov

July 31, 2006

**VIA E-MAIL AND WEBSITE SERVICE**

Karen N. Walker, Esq.
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005

    Re:    Federal Trade Commission, *et al.,* v. Warner Chilcott Holdings Company III, Ltd., *et al.,* Civil Action Nos. 1:05-cv-2179-CKK, 1:05-cv-2182-CKK (D.D.C.)

Dear Karen:

    I have reviewed your opposition to the government plaintiffs' motion to compel Barr to produce documents dated July 28, 2006. Based on my review, I believe that we may be able to narrow the issues pending before the Court on this motion.

    On page 4 of your brief, you state that Barr is willing to produce documents in response to Requests Numbers 14, 22, 27, 30, 37, 38, 39, 40, and 42 as they relate to Barr's other oral contraceptives. Please confirm that Barr's production on July 28, 2006, contains the documents responsive to these requests. If you can provide me this confirmation and identify where in the production we can find the documents to confirm their production, I may be able to advise the Court in our reply brief that the parties have resolved the disagreements regarding these requests.

    Also, on page 4 you state that Barr has not objected to Request Number 41 to the extent that it relates to products other than Ovcon. I apparently misunderstood Barr's June 5 written response to our document request that it would produce "empty Ovcon package materials responsive to this request." If Barr produces the package materials for all its oral contraceptives,

Karen N. Walker, Esq.
July 31, 2006
Page 2

plaintiffs will be able to withdraw their motion to compel Barr to produce samples of its oral contraceptives, at least for the time being.[1]  If this approach is acceptable, please let me know when I can expect to receive the production of the packaging.

I plan to file a reply brief on this motion by the end of this week and it would be helpful if I could hear from you on these matters before then.

On a related matter, I note that Barr's production included more than 250,000 pages of documents and it will take some time to complete our review of these documents.  Based on our previous discussions, I think it would be best if you could propose new dates for the deposition of Timothy Catlett, preferably sometime in September.  Finally, please let me know if and when Barr expects to produce any additional documents and the names of the document custodians, if any, whose documents have not yet been produced.

Thank you for your cooperation.

Sincerely,

/s/

Thomas H. Brock

cc:   Contact Attorneys (via website service)

---

[1]   I must reserve the right to seek the production of samples in the future.  I have not found any case law that supports your contention that Barr may not produce contraceptive products in response to a request under Rule 34, Fed. R. Civ. P.  Unsurprisingly, third-party pharmaceutical companies have produced samples of their oral contraceptives in response to subpoenas in this litigation and I understand that pharmaceutical companies, including Barr, have produced samples of prescription drugs in response to requests of the FTC in previous investigations.  Still, I will consider specific suggestions you have for jointly applying to the Court to allay your concerns, such as an amendment to the Case Management Order or the Joint Protective Order.

Alternatively, I will discuss approaches that might eliminate the need to produce samples of the prescription drugs.  For example, Barr might eliminate the need for production if it will stipulate that its active pills and the corresponding placebo pills for each of these drugs are identical in size and shape.