# EXHIBIT C



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580



Thomas H. Brock, Esq.
Bureau of Competition
Federal Trade Commission
Room 360
600 Pennsylvania Ave., N.W.
Washington, DC 20580

Direct Line (202) 326-2813
E-mail: TBrock@ftc.gov

June 30, 2006

**VIA E-MAIL AND WEBSITE SERVICE**

Karen N. Walker, Esq.
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005

    Re:    Federal Trade Commission, *et al.*, v. Warner Chilcott Holdings Company III, Ltd., *et al.*, Civil Action Nos. 1:05-cv-2179-CKK, 1:05-cv-2182-CKK (D.D.C.)

Dear Karen:

    This is in response to your letters of June 27 and 29, 2006.

    Depositions. The dates and cities that you proposed for the depositions of Messrs. Sawyer, Catlett, Bogda, and Bisaro are acceptable, subject to our review of the dates proposed by Warner Chilcott and the final approval by the States and private plaintiffs. Based on your letter, I understand that you are proposing that the depositions of the latter three witnesses will be conducted at Barr's headquarters or another location in Woodcliff Lake that you designate. Please let me know if I am incorrect.

    We still must address scheduling the depositions of several other Barr witnesses. Based on your June 27 letter, I ask that you propose dates for the depositions of Mr. Kirk and Ms. Mundkur. Also, while I withdraw our request that you propose dates for the depositions of Ms. Ben-Maimon and Mr. McKee, I reserve the right to notice their depositions, especially because in its initial disclosures Barr identified Ms. Ben-Maimon as a person likely to have discoverable information.

Karen N. Walker, Esq.
June 30, 2006
Page 2

    At your request, I will reassess the need for Mr. Killion's deposition as we proceed with discovery. To this end, I agreed that you could propose a date for his deposition toward the end of the discovery period. Still, I currently believe that we need to depose Mr. Killion. Therefore, to give Mr. Killion as much notice as possible, I will notice his deposition at a time convenient for plaintiffs in either late September or October if you do not propose specific dates that are convenient for him.

    <u>Document Requests</u>. On June 23, 2006, I called you to conduct a meet and confer session regarding your objections to our discovery requests. Unfortunately, we did not resolve our disputes in our conversation. Therefore, as I told you at the end of our phone call, we would file a motion to compel the production of documents responsive to our requests.[1]

    Our discussions since then have not changed things, either procedurally or substantively. Procedurally, your June 29 letter suggests that we have not reached an impasse because, after our June 23 phone call, Barr decided to make new proposals to settle our discovery disputes. We considered your proposals, which were wholly unacceptable, but this did not oblige us to start the meet and confer process all over again or to delay our request to the Court for its assistance.

    Your June 29 letter does not provide an acceptable framework for a substantive resolution of our dispute, either. Our requests seek the production of documents that contain information highly relevant to the case, including documents regarding Barr's price data for its oral contraceptives (Request No. 13), cost data for it oral contraceptives (Request No. 26), IMS and Impact RX reports and data (Requests Nos. 32-33), sales, revenues and profit data for its oral contraceptives (Request No. 34), Barr's pricing plans and strategies (Request No. 35), and generic substitution for Barr's contraceptive products (Request No. 36).

    We are willing to consider proposals that might limit the number of documents that Barr has to produce, as long we obtain documents that contain the information that we seek. However, we will not accept proposals that are focused on restricting the information that we seek because the information is highly relevant to Barr's affirmative defenses. In particular, we are not willing to limit the document production to documents relating to "substitutability" or "interchangeability" because, as discussed in my June 12 letter, that is only one way that documents relating to oral contraceptives are relevant to the issues that defendants raised.

---

[1] It has not been easy to address Barr's concerns about our document requests. In its response, Barr objected to our document requests on the grounds that discovery relating to any drug other than Ovcon was irrelevant to the case but, in your June 29 letter, you stated that Barr "would withdraw" that objection. Therefore, we will work from the assumption that you are now willing to produce documents relating to Barr's other oral contraceptives but that you object to our requests as overbroad and onerous.

Karen N. Walker, Esq.
June 30, 2006
Page 3

    With this in mind, we plan to file a motion to compel next week. Still, I remain willing to discuss these matters with you at any time before the Court rules on our motion to compel.

                        Sincerely,

                        /s/

                        Thomas H. Brock

cc:    Contact Attorneys (via website service)