# EXHIBIT D

AO88. (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| THE | DISTRICT OF | NEW JERSEY |
|---|---|---|

Federal Trade Commission

V.

Warner Chilcott Holdings Co. III, Ltd., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:05CV02179 (CKK)

United States District Court
for the District of ColumbiA

TO:  Berlex, Inc.
Custodian of Records c/o Legal Department
6 West Belt
Wayne, NJ 07470-6806

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A of the attached.

| PLACE      Simpson Thacher & Bartlett LLP, 555 11th Street N.W., 7th Floor      Washington, D.C. 20004 | DATE AND TIME      7/5/2006 5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)      Attorney for Warner Chilcott | DATE      6/20/2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Peter C. Thomas, Simpson Thacher & Bartlett LLP
555 11th Street N.W., 7th Floor, Washington, DC 20004  (202) 220-7700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>                              Plaintiff,<br>        v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., et al.<br>                              Defendants. | Civil Action No.     1:05-CV-02179 (D.D.C.)<br><br>Judge Colleen Kollar-Kotelly<br><br>NOTICE OF SUBPOENA DUCES<br>TECUM TO BERLEX, INC. |

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 26, 34(c), and 45, notice is hereby given that Defendants in the above-captioned case, by and through their counsel, request that Berlex, Inc., produce the documents described in Exhibit A attached hereto by July 20, 2006 at the offices of Simpson Thacher & Bartlett LLP, 555 11th Street, N.W., 7th Floor, Washington, D.C. 20004, or such place as may be agreed upon by counsel.

**EXHIBIT A**

**DEFINITIONS**

A.   "Berlex," "You," "Yours," or "the Company" refers to Berlex, Inc., as well as its current and former parents, subsidiaries, and affiliates.

B.   "Combined Hormonal Contraceptive," "CHC", or "CHC Product" means any prescription drug, including brands and generics, used to prevent pregnancy that contains two synthetic hormones, including, but not limited to, Ovcon 35, oral contraceptives, transdermal patches, vaginal rings, and pills.

C.   "Communication" is used in the broadest possible sense and means every conceivable manner or means of disclosure, transfer, or exchange of oral, written, or electronic information between one or more persons or entities.

D.   "Document" or "documents" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. "Document" means anything which may be considered to be a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes

of meetings or communications, electronic mail/messages and/or "e-mail,"
questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes,
disks, data cells, print-outs of information stored or maintained by electronic data
processing or word processing equipment, all other data compilations from which
information can be obtained (by translation, if necessary, by You through detection
devices into usable form), including, without limitation, electromagnetically sensitive
storage media such as floppy disks, hard disks and magnetic tapes and any preliminary
versions, as well as drafts or revisions of any of the foregoing.

E.    "Ovcon 35" is an oral contraceptive used to prevent pregnancy that is sold by Warner
Chilcott.

F.    "Person" refers to natural persons, firms, partnerships, associations, joint ventures,
corporations, sole proprietorships, and governmental entities, divisions, departments and
agencies, including, but not limited to, Berlex.

G.    "Relating to" is used in the broadest possible sense and means, in whole or part,
addressing, analyzing, concerning, constituting, containing, commenting, in connection
with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining
to, referring to, reflecting, reporting, stating, or summarizing.

H.    "Sample" means a four-week supply of any oral contraceptive product or combined
hormonal contraceptive that is provided at no cost to any person.

I.    "Berlex Contraceptive Product" refers to any oral contraceptive or combined hormonal
contraceptive marketed, sold, manufactured, or developed by Berlex.

2

## INSTRUCTIONS

A.    Unless otherwise indicated, this Request covers any and all documents generated, prepared, created, sent, or received during, and all documents relating to, the period from January 1, 2000 to the present.

B.    Documents requested are those in the actual or constructive possession, custody, or control of You, or anyone acting on behalf of You.

C.    You are to produce all electronically stored data, including data stored as ASCII text files, database files, Microsoft Excel files, or Microsoft Access files in electronic format. You are to produce database files as delimited ASCII text files with field names as the first record, or as fixed-length flat files with appropriate record layout. For ASCII text files, provide field-level documentation. All database files should include or be accompanied with the definitions of the field names, codes, and abbreviations used in the database. You are to produce Microsoft Excel or Access files in native format.

D.    If you object to any part of a request, set forth the basis for your objection and respond to all parts of the request to which you do not object. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which you intend to rely in response to any motion to compel.

E.    All objections must state with particularity whether and in what manner the objection is being relied upon as a basis for limiting the scope of any search for documents or for withholding any responsive document. If you are withholding responsive information pursuant to any general objection, you should so expressly indicate. If, in responding to any Request, you claim any ambiguity in interpreting either the Request or a definition or

3

instruction applicable thereto, such claim shall not be used by you as a basis for refusing

to respond, but shall set forth as part of your response the language deemed to be

ambiguous and the interpretation used in responding to this Request.

F.    You are to produce entire documents including all attachments, cover letters, memoranda

and appendices.  Copies which differ in any response from an original (because, by way

of example only, handwritten or printed notations have been added) should be produced

separately. Each document requested herein must be produced in its entirety and without

deletion, abbreviation, redaction, expurgation, or excisions, regardless of whether you

consider the entire document to be relevant or responsive to these Requests.  If you have

redacted any portion of a document, stamp the word "redacted" on each page of the

document which you have redacted.  Privileged redactions must be included in a privilege

log; any non-privileged redactions must also be included in a log describing the basis for

the redaction.

G.    If any privilege is claimed as a ground for not producing a document or tangible thing,

provide a privilege log describing the basis for the claim of privilege and all information

necessary for defendants and the Court to assess the claim of privilege, in accordance

with Federal Rule of Civil Procedure 26(b)(5).  Separately, for each document and

attachment withheld or redacted, the log shall include the following: (a) specific grounds

for the claim of privilege; (b) the title of the document or attachment; (c) the date of the

document or attachment; (d) the author of the document or attachment; (e) the addressees

and recipients of the document or attachment or any copy thereof (including persons

"cc'd," "bcc'd" or "blind cc'd"); (f) a description of the subject matter of the document or

attachment in sufficient detail to assess the claim of privilege; (g) the bates range or page

4

length of the document or attachment; and (h) the Requests to which the document or attachment are responsive. Any attachment to an allegedly privileged Document shall be produced unless the attachment is also subject to a claim of privilege and the basis for such claim is described in a privilege log.

H.   This request covers all documents in your possession, custody or control. If documents responsive to any request were, but are no longer, in your possession or subject to your control, or in existence, describe the document, including its date, author(s), recipient(s) and contents, and state whether it (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) has been disposed of in some other manner. If such a document was transferred to others or destroyed, identify the person who directed that such documents be transferred or destroyed, state the reason for such transfer or destruction, and, if transferred, identify the person to whom such document was transferred.

I.   Whenever necessary to bring within the scope of a Request a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

   a.   Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Request more inclusive;

   b.   Construing the singular form of any word to include the plural and the plural form to include the singular;

   c.   Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

   d.   Construing the masculine form to include the feminine form;

   e.   Construing the term "Date" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters; and

5

    f.   Construing negative terms to include the positive and vice-versa; and

    g.   Construing "include" or "including" to mean include or including "without limitation."

## DOCUMENTS REQUESTED

1.    From January 1, 2000, all documents relating to any measure of the sales, price, revenues, profit, and costs of each stock keeping unit of Berlex's Contraceptive Products, including, but not limited to:

    a.   gross and net sales in units and dollars;

    b.   gross number and dollar value of promotional Sample units distributed;

    c.   gross and net profits in dollars;

    d.   cost of goods sold in dollars;

    e.   sales, promotion, or marketing expenses; and

    f.   rebates, credits, allowances, charge-backs, and any other adjustments to price.

2.    For each rebate period since January 1, 2000 and with respect to the sales of Berlex Contraceptive Products, all documents relating to the Medicaid Rebate Program under 42 U.S.C. § 1396r-8, including, but not limited to any documents submitted to or received from any state or federal agency.

3.    All documents relating to Berlex's detailing and distribution of oral contraceptive or CHC Product Samples, including, but not limited to:

    a.   the number of Samples distributed by Berlex to physicians, if any;

    b.   the standards for determining the number of Samples to distribute to either a physician or a group of physicians;

    c.   the number of Samples that physicians returned or destroyed;

6

    d.    how physicians distribute Samples among their patients;

    e.    how Samples influence physicians' prescribing patterns;

    f.    training manuals or other documents provided to Berlex sales representatives, if any, relating to the detailing or distribution of Samples to physicians;

    g.    communications with physicians concerning the detailing or distribution of Samples to patients;

    h.    the per unit standard (or actual) cost of goods manufactured for Samples, and the costs incurred in sales and marketing for the detailing or distribution of Samples; and

    i.    the effect that the detailing or distribution of Samples has on the revenues, sales, or profits of Berlex Contraceptive Products

4.    All documents, if any, relating to pricing, sampling, forecasts, projections, anticipated sales figures, marketing plans, brand plans, and strategic plans for any Berlex Contraceptive Product.

5.    All documents relating to the number of actual or expected refills for each new oral contraceptive product prescription, including, but not limited to, differences between Samples, brand-name oral contraceptives, and generic-brand contraceptives.

6.    All analyses, studies, surveys, or other data concerning the use of oral contraceptive products or CHCs, including, but not limited to:

    a.    the average number of consecutive months that a woman take a brand-name oral contraceptive or CHC;

    b.    the average number of consecutive months that a woman takes a generic-brand oral contraceptive or CHC;

    c.    the average number of consecutive months that a woman takes an oral

        contraceptive or CHC that was distributed as a Sample; and

    d.    the average number of consecutive months that a woman takes a Berlex

        Contraceptive Product.

7.     Data sufficient to show monthly Samples distributed of each Berlex Contraceptive

Product from January 1, 2000 to the present.

8.     A copy of each manufacturing or supply agreement between Berlex and any other entity

relating to any Berlex Contraceptive Product.

9.     All documents relating to the advantages or disadvantages of entering into an exclusive

supply agreement.

10.    All documents relating to the advantages or disadvantages of entering into a non-

exclusive supply agreement.

11.    All documents relating to the risks, if any, associated with having an oral contraceptive

placebo pill and active ingredient pill that have the same physical dimensions or

appearance.

12.    From January 1, 2000 to the present, all documents relating to the projected, anticipated,

or actual effect that a generic version of Levlite would have or has had on the sales,

sampling, revenues, or profits of Levlite.

13.    All documents relating to the effect that the introduction of Yasmin has had on the sales,

sampling, pricing, and revenues of Levlite or generic versions of Levlite, including but

not limited to:

    a.    Your efforts and strategies to convert Levlite prescriptions to Yasmin; data

        tracking substitution for Levlite to:

      b.   Yasmin, generic versions of Levlite, and any other contraceptive product; and

      c.   the importance of introducing Yasmin before the entry of generic Levlite.

14.    From January 1, 2000 to the present, all documents relating to the projected, anticipated, or actual effect that a generic version of any oral contraceptive or CHC Product would have or has had on the sales, sampling, revenues, or profits of any other oral contraceptive or CHC Product.

15.    All documents relating to Ovcon 35, including, but not limited to documents relating to this case.

16.    All documents relating to communications with the Federal Trade Commission or the office of any state agency, including but not limited to the state attorney general, regarding Ovcon 35 or other Combined Hormonal Contraceptive.

17.    All documents sufficient to show (i) the per unit price paid and (ii) the total amount paid to You by any Plaintiff State, for any oral contraceptive or CHC Product, including but not limited to sales made pursuant to Medicaid or similar state medical programs for Levlite.

18.    All documents sufficient to show the (1) per unit rebate paid, (ii) the total rebate paid, and (iii) the total number of units supplied by You to any Plaintiff State, on a quarterly basis, for any oral contraceptive or CHC Product, including but not limited to sales made pursuant to Medicaid or similar state medical programs for Levlite

19.    Documents sufficient to show all government program(s), including but not limited to Medicaid, under which you pay rebates in response to request number 18 above and the specific amount of the rebate(s).

9

20.     All documents produced by You in response to the subpoena served on You by the

Federal Trade Commission and 35 State Attorneys General on May 30, 2006.

UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

Index No. 1:05CV02179 (CKK)

FEDERAL TRADE COMMISSION

, Plaintiff(s)

– against –

WARNER CHILCOTT HOLDING CO. III, LTD., ET. AL.

, Defendant(s)

State of New Jersey    )
                       )  SS.:
County of Union )

AFFIDAVIT OF SERVICE

John Fary being duly sworn, deposes and says
that he is over the age of 18 years; is not a party to this action and resides
within the State of New Jersey.  That on 06/21/2006 at  3:40 PM at:
          BERLEX, INC.
          6 WEST BELT
          WAYNE NJ 07470
Deponent served the:

SUBPOENA IN A CIVIL CASE
NOTICE OF SUBPOENA DUCES TECUM TO BERLEX, INC

on BERLEX, INC.

a domestic and/or foreign corporation
by delivering thereat true copies to John Calvo
personally, deponent knew said corporation so served to be the corporation,
described in same as said recipient and knew said individual to be the
Attorney and who stated that they were
authorized to accept service thereof.

Deponent describes the individual served as follows:
AGE: 40 HEIGHT: 5'7''    WEIGHT: 180    HAIR: BLACK    RACE: WHITE    SEX: MALE

$40.00 the authorized witness fee was tendered to the recipient.

John Fary                    License N/A

SWORN TO BEFORE ME 6-22-06

HOWARD APPEL
Notary Public
State of New Jersey
My Commission Expires Sep 17, 2007

OUR DOC# 14518
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York NY 10017
212-455-2000