IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v.  ) | Civil Action Nos. | 1:05-cv-2179-CKK |
| ) | | 1:05-cv-2182-CKK |
| WARNER CHILCOTT HOLDINGS ) | | |
| COMPANY III, LTD., *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |

**PLAINTIFFS' MOTION AND MEMORANDUM TO COMPEL DEFENDANT BARR TO COMPLY WITH RULE 26(b)(5), RULE 34, AND RULE 37, FED. R. CIV. P.**

By this motion, the Federal Trade Commission, 34 Plaintiff States and the District of Columbia respectfully move the Court for an order compelling defendant Barr Pharmaceuticals, Inc. to comply with Rule 26(b)(5), Rule 34, and Rule 37, Fed. R. Civ. P., in its response to our May 5, 2006, First Request for the Production of Documents.

We must bring two matters to the attention of the Court:

- First, Barr has refused to produce a log of the documents as to which it asserts a privilege. We need Barr's privilege log immediately both to assess Barr's claims of privilege and to challenge any unwarranted privilege claims before the depositions of Barr's personnel begin on September 6, 2006.

- Second, Barr has refused to give any assurances either that its document production is complete or that it will complete its document production promptly. We need Barr to complete its production immediately if we are to have the opportunity to use those documents at the depositions of Barr's personnel.

I.  **Barr Should Be Ordered to Produce a Privilege Log.**

First, we ask the Court to order Barr to comply with the provisions of Rule 26(b)(5) of the Federal Rules. Rule 26(b)(5) directs a party to produce a log of documents as to which it claims a privilege with information sufficient to enable other parties (and the Court) to assess the assertion of the privilege. To date, Barr has produced approximately 21,000 documents responsive to our request but it has yet to provide a log identifying a single privileged document responsive to our request that it has withheld. We need this log immediately so that we have the chance to resolve any disputed claims of privilege before we begin the depositions of Barr's personnel on September 6, 2006.

Rule 26(b)(5), Fed. R. Civ. P., is explicit. It states:

> "When a party withholds information otherwise discoverable under these rules by claiming it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection."

Barr did not produce a privilege log with its June 5, 2006, response to our document request. And, it did not produce a privilege log either with its tardy production of documents on July 28, 2006, or its supplementary production of documents on August 4, 2006.[1]

Barr's position regarding the production of its privilege log is representative of its strategy in most of our discovery disputes: Barr adopts an extreme (and indefensible) negotiating

---

[1] Pursuant to Local Rule 7(m), we advise the Court that counsel had a telephone conference on this issue on August 17, 2006. Counsel for the parties were unable to resolve this discovery issue, and Barr opposes this motion.

position and then, when the Rule 7(m) negotiations are unproductive, it complains to the Court that the we have refused to compromise. Here, for example, Barr insisted that it would produce a privilege log to us only when all plaintiffs produce their logs. *See* Exhibit A. In other words, although the FTC and the Plaintiff States served privilege logs on Barr months ago – and have supplemented the log entries at defendants' request – Barr has refused to produce its privilege log to us until, apparently, all ten private plaintiffs agree to produce their privilege logs.[2]

Nonetheless, Barr is obliged to prepare a privilege log identifying the withheld documents that are not the subject of contested objections. As the Advisory Committee Notes explain:

> "If a broad discovery request is made – for example, for all documents of a particular type during a twenty year period – and the responding party believes in good faith that production of documents for more than the past three years would be unduly burdensome, it should make its objection to the breadth of the request and, with respect to the documents generated in that three year period, *produce the unprivileged documents and describe those withheld under the claim of privilege.*" Rule 26(b)(5), Advisory Committee Notes, 1993 Amendments (emphasis added).

We need the opportunity to review Barr's assertion of privilege for any documents – and

---

[2] Barr knows full well that tying its own privilege log in this case to the private plaintiffs' actions is contrary to the Case Management Order (Document No. 42), which deliberately kept the government enforcement actions separate from the various private plaintiffs' lawsuits, except as the CMO specified. Also, linking the exchange of privilege logs is impractical: we are not parties to the private actions and the government enforcement agencies have no way to induce (or compel) the private plaintiffs to produce their privilege logs. And, the interests of the private parties and the government enforcement agencies may not be identical on this issue: we need Barr's privilege log immediately, while the private plaintiffs, Warner Chilcott, and Barr do not have any immediate need (or incentive) to exchange privilege logs because the discovery in the private actions does not end until March 2007.

Therefore, we respectfully ask the Court to remember Barr's negotiating strategy when, in its response to this motion, Barr labels us as "intransigent" or accuses us of needlessly asking the Court to resolve discovery disputes.

the opportunity to challenge that assertion – in preparation for the depositions of Barr personnel that are currently scheduled to begin on September 6, 2006. Therefore, we respectfully move the Court for an order compelling Barr to comply with Rule 26(b)(5), Fed. R. Civ. P.[3]

**II.     Barr Should Be Ordered to Complete Its Document Production.**

Second, we ask the Court to order Barr to complete the production of documents responsive to our May 5, 2006, document request. While Barr served its written response to our request on June 6, 2006, it began producing responsive documents only in late July. And, as of today, it has not produced any additional documents in two weeks.

It is critically important for Barr to complete its document production. As Barr is sure to remind the Court when it responds to this motion, it has produced more than 265,000 pages of documents in this litigation, in addition to the documents it produced in the pre-complaint investigation. To date, however, Barr has responded to our May 5, 2006, document request with a classic document dump and with little regard to the relevance or responsiveness of the produced materials. By way of example,

- More than 15,000 pages are blank, except for a string of "0" in one of the columns.[4]

---

[3]     Barr's failure to produce a privilege log on a timely basis may constitute a waiver of any privilege that it might otherwise assert. *Banks v. Office of the Senate Sargeant-At-Arms*, 222 F.R.D. 7 (D.D.C. 2004); *Avery Dennison Corp. v. Four Pillars*, 190 F.R.D. 1, 2 (D.D.C. 1999) ("Failure to produce a privilege log may be deemed a waiver of the privilege.").

Therefore, we reserve the option to seek further relief if Barr does not produce its privilege log expeditiously.

[4]     *See, e.g.,* BARR-OVCON-15200-20033.

4

- Other documents are blank except for Barr's own label of the document as "junk" with notations such as "beer_pong," "elastic_band," and "SNL Tattoo."[5]

- Still other documents are unidentified personal photographs of women, children, and homes.[6]

These documents are worthless, and either Barr knew this when it produced them or it produced these documents without any review.[7] Either way, Barr's production of piles of irrelevant documents is not a substitute for Barr's responding to our requests.

Unfortunately, Barr has been unwilling to give us any indication whether its document production is complete. Barr itself labeled its July 28, 2006, document production as its "initial supplemental production."[8] *See* Exhibit B. And, its August 4, 2006, cover letter merely transmitted its "second supplemental production." *See* Exhibit C. Therefore, we wrote to counsel for Barr on August 10, 2006, to determine "when Barr expects to complete its production." *See* Exhibit D.

Barr has responded to our inquiry *reductio ad absurdum*. Barr reframed our question to make it look unreasonable and then dismissively refused to answer the question as it had been reframed:

---

[5] BARR-OVCON-107023-107025, 107029.

[6] BARR-OVCON-109172-109178.

[7] Of course, this latter explanation is dubious if only because Barr had three months to thoroughly review the documents before production.

[8] Barr's July 28, 2006, cover letter transmitting its first response to plaintiffs' May 5, 2006, document request, is confusing. Barr characterizes its initial production as "supplemental," but apparently because this first response is in addition to the documents Barr produced during the FTC's administrative investigation of Barr and Warner Chilcott.

> "Since the process is ongoing, I cannot give a date when we expect to 'complete' our production, *if by that you mean when the last possible piece of paper is produced."* See Exhibit A (emphasis added).

Barr's word game is especially inappropriate in light of Barr's own promise, two months ago, that it hoped "*to substantially complete that production by the end of July.*" See Exhibit E (italics added).

With the impending commencement of Barr's depositions on September 6, 2006, the completion of document production by Barr is essential. Therefore, we respectfully move the Court for an order compelling Barr to complete its production of documents responsive to Plaintiffs' First Requests for the Production of Documents.

## CONCLUSION

For the foregoing reasons, the FTC and the Plaintiff States respectfully move the Court for an order that Barr (i) provide us with a privilege log; and (ii) certify that it has substantially completed the production of documents responsive to our First Request for the Production of Documents.

Respectfully submitted,

Dated: August 18, 2006

/s/
Markus H. Meier (DC Bar # 459715)
Bradley S. Albert
Thomas H. Brock (DC Bar # 939207)
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20580
(202) 326-3759

Counsel for Plaintiff
Federal Trade Commission

6

                /s/
Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
STATE OF COLORADO
1525 Sherman Street, 5th Floor
Denver, CO 80203
(303) 866-5079

Meredyth Smith Andrus
Assistant Attorney General
STATE OF MARYLAND
200 St. Paul Street
Baltimore, MD 21202
(410) 576-6470

Counsel for the Plaintiff States