# EXHIBIT A

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Karen N. Walker
To Call Writer Directly:
202 879-5096
kwalker@kirkland.com

202 879-5000

www.kirkland.com

Facsimile:
202 879-5200

August 16, 2006

**Via Electronic Mail and Electronic Filing Service**

Thomas H. Brock, Esq.
Bureau of Competition
Federal Trade Commission
Room 360
600 Pennsylvania Avenue, N.W.
Washington, DC  20580

Re:  *Ovcon Antitrust Litigation*

Dear Tom:

I have received your letter of August 10 and discussed it with my client and those attorneys involved in the document collection process. As an initial matter, I would agree that civil discussions and negotiations should be the hallmark of our efforts, particularly regarding discovery issues, which really ought to be resolved between the parties without burdening the Court.

I disagree with your statement that Barr has not voiced any willingness to provide information regarding the documents produced in connection with this case. I never indicated that Barr would not provide "custodians" where that was possible. I explained that in certain instances it was not possible, such as when a document comes from a central filing area, for example, Finance, in which case a number of people use and have access to such files. I indicated in my letter that we are willing to prepare an index of sources, which is simply a more accurate term because in some cases the source will not be a single "custodian" of files. Nothing about Barr's previous indices is inconsistent with this description. While Barr is not willing nor required to provide every one of the onerous items sought in your motion, Barr did offer to produce an index of reasonable source information. Barr is simply not willing to undertake the burden of what should be the FTC's review efforts, especially given that the volume of the production is being caused by the unreasonable scope of the FTC's own requests.

The FTC has had the vast majority of relevant documents for over a year, as the most relevant information was produced to you in the pre-complaint phase. Now two

Thomas H. Brock, Esq.
August 16, 2006
Page 2

additional productions have been provided, including information regarding products not at issue in this case. In addition, because of the overbroad requests and instructions the FTC has posed, we also collected over 136,000 additional potentially responsive e-mails and e-files that had to be reviewed. That review is still in process. We expect to make a supplemental e-mail production later this week or early next week. We will continue to search and supplement with responsive information, if any. Since the process is ongoing, I cannot give a date when we expect to "complete" our production, if by that you mean when the last possible piece of paper is produced. Ongoing searches, discovery (including depositions), and duties to supplement do not make such a statement feasible at this time.

Finally, we disagree that Barr has not provided a privilege log. A log was provided in the pre-complaint investigation and has been produced as well to the other litigants in these actions. We will prepare an additional log to include additional documents, if any, withheld based on privilege from Barr's supplemental productions. We are willing to provide this supplemental log on a mutual basis when all plaintiffs agree to a reciprocal date on which to produce their logs.

I look forward to productive discussions to work out discovery issues in the future. If you are unable to reach me, please feel free to contact Chong Park as well.

Sincerely,

/s/ Karen N. Walker

Karen N. Walker

cc: Contact Attorneys Via DealRoom