IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action Nos. 1:05-CV-02179-CKK<br>1:05-CV-2182-CKK |

**DEFENDANT BARR'S OPPOSITION TO
PLAINTIFFS' EXPEDITED MOTION TO COMPEL**

Barr Pharmaceuticals, Inc. ("Barr") opposes the Government Plaintiffs' expedited motion to compel Barr to comply with its unnecessary and unreasonable discovery demands.

This motion—a discovery quarrel, really—is before the Court at the FTC's, not Barr's, insistence. In short, the FTC makes demands that have either been agreed to or are in no way required by the Federal Rules of Civil Procedure. Moreover, there has been no effort whatsoever to resolve such minor discovery disagreements through negotiation and compromise, despite Barr's willingness to do so. (*See* 8/9/06 K. Walker Letter to T. Brock, on the day the Government Plaintiffs filed this motion (attached as Ex. A) ("I think it would be particularly inappropriate, inefficient, and intrusive on the District Court to file a motion over a garden variety disagreement about document productions. I would far prefer that, as experienced counsel, we engage in civil discussions to reach a compromise regarding an appropriate

timetable for providing reasonable source information.").) In short, Barr has produced huge amounts of information responsive to the FTC's incredibly broad requests, and Barr is simply "not obligated to wrap up the volumes of data into neat little packages" (at its own cost) for its opponent. *Liddell v. Board of Educ. of City of St. Louis, Mo.*, 771 F. Supp. 1496, 1499 (E.D. Mo. 1991).

The Government Plaintiffs' motion should be denied for two main reasons. *First*, it is **unnecessary**: Barr has already produced the vast majority of the relevant documents as kept in the regular course of business as part of the FTC's two-year investigation into the publicly-announced option and supply agreement between Warner Chilcott and Barr. In fact, it was for this reason that the Government Plaintiffs argued for (and obtained) an expedited discovery schedule in this case, *i.e.*, because they represented that they already had substantial discovery. This motion is also unnecessary because Barr has repeatedly indicated it is willing to provide the FTC with an index of the documents produced. The FTC, however, has simply rejected all attempts to reach agreement or even discuss such an index, choosing to file this motion instead. Barr remains willing to provide such an index and invites the FTC to participate in a good-faith meet-and-confer in order to reach a reasonable compromise.

*Second*, the Government Plaintiffs' motion is **unreasonable**. It demands the immediate production of document-by-document information, new documents, and data nowhere required by the Federal Rules. Among other things, it demands for each and every document produced an "optical character recognition or an extracted text file," each document's "metadata, including information regarding the network path in which the file is retained," a separate document "identifying the personal computer or server from which the document was drawn," a "copy of the label of the folder in which the document is retained," the "name and the physical location of

the file drawer in which the folder is kept," and the "identification of the custodian(s) of the file" without regard to whether the file is an individual, common, departmental, or central file. (Pls.' Mot. at 2.) This motion singles out Barr alone, for such information has not been provided by *any* other party in this litigation. Not even the Government Plaintiffs themselves have produced documents, or can do so, in the manner they outline in their motion. For these two main reasons, the Court should deny the Government Plaintiffs' motion.

I.   **THE MOTION TO COMPEL IS UNNECESSARY BECAUSE THE GOVERNMENT PLAINTIFFS HAVE THE VAST BULK OF RELEVANT DOCUMENTS IN THEIR POSSESSION, AND BARR IS WILLING TO PREPARE AN INDEX.**

   A.   **Barr Has Produced The Vast Bulk Of Relevant Documents As Kept In The Regular Course Of Business To The FTC.**

At this stage in the litigation, the FTC has a large repository of documents to which it has access: Barr has produced over 14,000 pages of responsive information to the FTC in the pre-complaint phase and to the private plaintiffs in April 2006, and followed up with the production of an additional 265,000 pages of documents in July 2006, and approximately an additional 20,000 pages in August 2006. (*See, e.g.,* Ex. A, 8/9/06 K. Walker letter to T. Brock; *see also* 8/16/06 K. Walker letter to T. Brock (attached as Ex. B).) In fact, at the initial scheduling conference, the FTC argued for an expedited discovery schedule and indicated that it already had a substantial amount of discovery available from its two-year investigation into the publicly-announced option and supply agreement between Warner Chilcott and Barr. (*See* 4/4/06 Hr'g Tr. 45:12-17 (indicating the FTC had "30 plus boxes" from defendants, "[e]ight boxes" from third parties, and "investigational hearings which are essentially deposition transcripts") (attached as Ex. C).)

Significantly, Government Plaintiffs concede in their own motion that much of the production already in their possession is satisfactory. (Pls.' Mem. at 5 (citing production during

3

the FTC's administrative investigation of Warner Chilcott and Barr).)  In this sense, much of Barr's production would already be in compliance with the FTC's demands.[1]  Moreover, many of the documents produced in Barr's supplemental productions were also produced to the FTC in connection with a previously closed investigation regarding another oral contraceptive, Mircette, and the FTC did not challenge the content, format, or quality of the same documents in that matter either.  As to the documents in Barr's supplemental productions, Barr has indicated that it is willing to provide a source index within a reasonable amount of time (as the large production was not indexed in its entirety prior to production, given the FTC's request that Barr produce as quickly as possible on a rolling basis).  As to the content of such an index, Barr has merely indicated to the FTC that it is not possible in all cases to identify an individual custodian for certain documents, which may be company-wide documents (such as financial reports) or may belong to a departmental or central file rather than an individual's files.  Barr has repeatedly tried to explain this to the FTC.  (*See, e.g.,* Ex. E to Pls.' Mem., (8/1/06 K. Walker e-mail to T. Brock) (indicating that as to the first supplemental production, Barr did not "log any custodians" and that in some cases such a log would not be possible "since many documents were produced as maintained in the ordinary course from central files and servers"); *see also* Ex. B, 8/16/06 K. Walker letter to T. Brock.)  In short, Barr's core production was apparently acceptable; Barr's supplemental productions were in large part viewed as acceptable in prior FTC reviews; and, in

---

[1] Government Plaintiffs intimate that Barr is somehow misrepresenting the facts surrounding its production and files by suggesting that "unless Barr has completely revamped its filing system in the past two years, it still has the capacity today to identify the location of these folders and files and the custodian of documents," and cites as support a letter during the pre-complaint investigation that provides some custodial information.  (*See* 5/25/03 M. Kovner letter to A. Ginsburg, Pls.' Mem. at 5 n.5.)  However, the letter in no way indicates that *all* Barr documents have identifiable custodians, and the Government Plaintiffs' suggestions to the contrary are misplaced.  Nor has Barr taken the position that it cannot provide individual custodians for some documents—just not all documents.

any event, Barr has indicated it is willing to index such supplemental productions for the FTC within a reasonable amount of time.

The Government Plaintiffs' broad charges that Barr's production is "a mess" is overstated at best. Rather, the documents were produced as kept in the regular course of business. (*See, e.g.,* Ex. A, 8/9/06 K. Walker letter to T. Brock ("As even you admit, these documents were produced 'directly from the sources as kept in the usual course of business.'").) *See also Doe v. District of Columbia,* 231 F.R.D. 27, 36 (D.D.C. 2005) ("As long as plaintiff produced the documents 'as they are kept in the usual course of business,' he was in compliance with the discovery rules"); *DCA Inc. v. Resorts Intern. Inc. of New Jersey*, No. 88-6644, 1989 WL 138846, at *1 (E.D. Pa. Nov. 15, 1999) ("although the materials may not have been arranged in the order which plaintiff wished them to be, if the documents were organized in the manner in which they were maintained during the usual course of business...then the defendant was in compliance with Rule 34(b)."). Thus, neither the courts nor the Federal Rules require the production of documents in a format more exacting than what is usually done in the regular course of business. FED. R. CIV. P. 34(b); *see also Liddell*, 771 F. Supp. at 1499 ("The City Board did not violate any rules regarding discovery...The City Board was not obligated to wrap up the volumes of data into neat little packages for the State."). The FTC's conclusory allegations that the produced documents were disorganized do not, without more, show a violation of Rule 34.[2]

---

[2] Because Barr has agreed to produce an index, the authorities the Government Plaintiffs cite in support of their motion are moot or of limited value at best. *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001) (court faulting the discovered party for, among other things, failure to provide an index); *Scripps Clinic v. Baxter Travenol Labs., Inc.*, No. 87-140-CMW, 1988 WL 70013 (D. Del. June 21, 1988) (ordering index).

Nor need the Court take the Government Plaintiffs' sense of urgency—a make-or-break request for compliance to its request by August 21, 2006—at face value. (*See, e.g.,* Pls.' Mot. at 1 ("If Barr does not complete a production of documents consistent with the Federal Rules by August 21, 2006, it will interfere with our preparations for complete depositions of Barr's personnel").) As an initial matter, the Plaintiff States have argued that they do not need this discovery whatsoever. (*See* State Pls.' Mot. for Leave to File Partial Summ. J. Mot. (Civ. Action No. 1:05-CV-02182-CKK, D.E. #44).) In any event, the FTC has had the vast majority of relevant documents for over a year, as the most relevant information was produced to it during the pre-complaint phase. (Ex. B, 8/16/06 K. Walker letter to T. Brock.) In fact, in part relying on the fact that it had much of the information needed from its pre-complaint investigation, the FTC requested (and received) an expedited discovery schedule in this case at the initial scheduling conference, over Barr's explicit concerns about the shortness of the discovery period. (*See, e.g.,* Ex. C, 4/4/06 Hr'g Tr. 34:25-35:2 (FTC arguing for expedited schedule); *id.* at 43:2-21 (Barr expressing concerns over the short discovery schedule).) For these reasons, the Government Plaintiffs' Motion is unnecessary.

Moreover, it is notable that not a single party to this litigation has produced all documents requested by August 21—not the FTC (who is still withholding hundreds of documents based on vague privilege claims), not the States (who refuse to produce any documents from any of their relevant agencies, as discussed in Defendants' pending motion to compel), not the direct purchaser plaintiffs (who have produced little to date other than basic purchase data), and not the indirect purchaser plaintiffs (who have failed to produce the same type of information they have requested from Defendants). There are still several months of discovery in both the Government and the private plaintiff cases. Barr has produced the bulk of the documents it originally agreed

to produce. The fact that Barr is continuing with supplemental searches and productions (as are other parties in this case), in part due to the continued broad demands of (and negotiations with) the FTC, is certainly not out of the ordinary.

> **B.   The Court Should Deny The Government Plaintiffs' Motion For Failure To Meet-and-Confer In Good Faith.**

The Government Plaintiffs state that they bring this motion "[p]ursuant to a letter dated August 2, 2006, and a telephone conversation on August 4, 2006" during which the FTC and Barr "discussed the anticipated motion and we determined that defendant Barr opposed this motion." (Pls.' Mot. at 2.) Actually, the FTC has not complied with Local Rule 7(m), which describes the duty of counsel to confer on nondispositive motions:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a *good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement*. A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed (emphasis added).

*See also* FED. R. CIV. P. 37(a)(2)(B) (Motions to compel "must include a certification that the movant has *in good faith* conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action") (emphasis added.) The FTC's mere claim that counsel "discussed the anticipated motion and we determined that defendant Barr opposed this motion" does not constitute a certification of good-faith meet-and-confer.

Indeed, from the beginning, Barr has attempted to accommodate the FTC's requests for more specificity. Before the FTC filed this motion, Barr explicitly agreed "to provide you with an index of the documents produced. However, because such an index was not prepared contemporaneously with the collection and production process, it will be very labor-intensive

7

and time-consuming." (Ex. G to Pls.' Mem. (8/8/06 K. Walker letter to T. Brock).) But counsel for the FTC refused. (*See, e.g.,* Ex. A, 8/9/06 K. Walker letter to T. Brock ("we offered to produce an index. You indicate that—although such an option is *clearly* in compliance with Rule 34(b)—you will not agree to Barr producing an appropriate index of requests to which the documents produced respond"); *see also* Ex. B, 8/16/06 K. Walker letter to T. Brock ("Barr did offer to produce an index of reasonable source information").)

When counsel for Barr attempted to find out what type of index would be preferable to the FTC, counsel for the FTC refused to answer or negotiate over an appropriate format, instead choosing to abruptly terminate the discussions. (*Id.*) Nonetheless, counsel for Barr offered to provide the FTC with an index of the source location of both electronic and hard copy documents, which would take some time because it would require going through the produced documents again to track and log their source locations for each document. This index would have addressed any reasonable concerns the FTC could raise. (*See, e.g.,* Pls.' Mem. at 9 (asking for information about the source location of documents).) Rather than actually address Barr's offered compromise, Government Plaintiffs filed this motion in violation of Local Rule 7(m). *See, e.g., United States v. Philip Morris USA Inc.*, 219 F.R.D. 9, 11 n.2 (D.D.C. 2003) (filing of motion shortly after spurning opponent's attempts to reach compromise would be a violation of Local Rule 7(m)). For this reason, the motion is not properly before the Court and should be denied.

II. **THE MOTION TO COMPEL IS UNREASONABLE BECAUSE IT DEMANDS A BURDENSOME FORMAT OF PRODUCTION NOT REQUIRED BY THE RULES.**

   A. **The Government Plaintiffs Demand A Format Of Production Far More Burdensome Than What The Federal Rules Require.**

In their motion, the Government Plaintiffs demand from Barr a document-by-document production of, among other things, "a copy of the label of the folder in which the document is retained," "the name and the physical location of the file drawer in which the folder is kept," identification of "the documents by the physical or electronic folder from which the document was drawn," the name of "the person(s) whose work papers are routinely included in the file drawer," identification of "the personal computer or server from which the document was drawn," "information regarding the network path in which the file is retained," and "an optical character recognition ["OCR"] or an extracted text file." (Pls.' Mot. at 2.) These demands are unreasonable and not required by the Federal Rules. (*See also* Ex. B, 8/16/06 K. Walker letter to T. Brock ("Barr is simply not willing to undertake the burden of what should be the FTC's review efforts, especially given that the volume of the production is being caused by the unreasonable scope of the FTC's own requests.").)[3]

As to the FTC's demands for electronically searchable documents and related data, no such requirement exists. There is no requirement dictating the format in which Barr must produce responsive information. *Northern Crossarm Co., Inc. v. Chemical Specialties, Inc.*, No.

---

[3] Nor has the FTC itself tried to compel Barr to produce documents in this particular format in this case before: During the pre-complaint investigation, Barr produced its documents in unstapled hard-copy form and the FTC did not raise any such complaint as it does now. Furthermore, *Wagner*, a case the FTC cites, is not on point. In *Wagner,* the discovered party produced irrelevant documents in four separate file cabinets, without index, Bates identification, or organization in any way whatsoever. By contrast, the documents here are relevant, organized as kept in the ordinary course of business, Bates-stamped, and an index is being offered.

03-C-415-C, 2004 WL 635606, at *1 (W.D. Wis. Mar. 3, 2004) (defendant who produced e-mails in hard copy not required to produce electronically: "neither the letter nor the spirit of Rule 34 mandates that a party is *entitled* to production in its preferred format…if a party produces its electronic information in a hard copy format that mimics the manner in which that information is stored electronically, then that party has not disobeyed Rule 34"); *see also India Brewing, Inc. v. Miller Brewing Co.*, No. 05 C 0467, 2006 WL 2023396, at *3 (E.D. Wis. July 13, 2006) (allowing production of electronic documents in hard copy format). At this point Barr has produced tens of thousands of pages *free of charge* to the Government Plaintiffs. This is, in fact, highly unusual, given that normally in civil litigation, the parties are expected to pay, at a minimum, the reasonable photocopying or imaging costs of the productions they are given. Typically, the parties negotiate a per-page charge (*e.g.*, .05 per page) at the outset of discovery. At the same time, civil litigants also negotiate and reach agreement regarding whether they will mutually agree to provide OCR or searchable images to each other, or simply copies or images (all that is required by the Rules). In this case, no such negotiations occurred and no such agreements were reached, and Barr's substantial production of documents with no charge whatsoever for the copying or imaging costs involved is already extremely reasonable. It is unfair for the Government Plaintiffs to belatedly try to impose *more* costs unilaterally on Barr by demanding that, in addition to providing copies and images at its own cost, Barr must now provide documents in a *different* format. The FTC can and does regularly work with vendors who can construct discovery databases and provide OCR capabilities should the FTC so desire. Barr should not belatedly and at its own cost be required to do the FTC's discovery work.

Nor is the FTC's demand for metadata required by the Federal Rules. *See, e.g., Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 650 (D.Kan. 2005) ("neither the federal rules nor

case law provides sufficient guidance on the production of metadata.") In particular, *The Sedona Principles for Electronic Document Production* offer guidelines as to how to proceed when metadata becomes an issue in document production. Principle 12 states that "[u]nless it is material to resolving the dispute, there is no obligation to preserve and produce metadata absent agreement of the parties or order of the court." *The Sedona Principles*, Principle 1, available at http://www.thesedonaconference.org/content/miscFiles/7_05TSP.pdf. Comment 12.a to the *Sedona Principles* provides that "there should be a modest legal presumption in most cases that the producing party need not take special efforts to preserve or produce metadata" and it is likely to remain the exceptional situation in which metadata must be produced. *The Sedona Principles*, Cmt. 12.a, available at http://www.thesedonaconference.org/content/miscFiles/7_05TSP.pdf.

Last, to satisfy some of the FTC's requests would require Barr to create additional information and documents it does not have: "electronic folder" information, for example, does not exist (Pls. Mtn. at 2), and to identify each custodian for each document by "identifying the person(s) whose work papers are routinely included in the file drawer," or "producing the name and the physical location of the file drawer in which the folder is kept," for example, would require counsel for Barr to essentially create a list of what it thinks is the most likely custodian given the documents contained in a particular location. Neither courts nor the Federal Rules impose the burden of creating new documents for the discovering party. *See, e.g., Ingram v. Home Depot, U.S.A., Inc.*, No. Civ.A. 97-8060, 1999 WL 88939, at *3 (E.D. Pa. Feb. 19, 1999) ("Rule 34 cannot be used to require the adverse party to prepare, or cause to be prepared, a writing to be produced for inspection, but can be used only to require the production of things in existence.")

**B.     The FTC Demands A Format of Production Not Available To Barr And Not Followed By Any Other Party In This Suit—Not Even The FTC Itself.**

Not only are the Government Plaintiffs' demands unreasonable—in some instances, Barr has informed the FTC that they are impossible to accommodate. As Barr has informed the FTC, many documents from its supplemental searches were located in the ordinary course of business in central files and servers, such that individual custodial information is inapplicable. (Ex. E to Pls.' Mem. (8/1/06 K. Walker e-mail to T. Brock) ("many documents were produced as maintained in the ordinary course from central files and servers"); *see also* Ex. B, 8/16/06 K. Walker letter to T. Brock ("I explained that in certain instances, that [providing custodians] was not possible, such as when a document comes from a central filing area...in which case a number of people use and have access to such files").) Therefore, Barr cannot identify the custodians in the manner that Government Plaintiffs would try and force Barr to do.

Moreover, *no party* in this litigation—not the state plaintiffs, the private plaintiffs, co-defendant Warner Chilcott, nor even the FTC itself—has produced documents in the format it seeks to impose on Barr (and Barr alone). No other parties have produced documents to include the metadata, searchable formats, native files, or folder information the FTC has demanded from Barr. Accordingly, given the substantial burden, the absence of a showing of need, Barr's willingness to provide a source index, and the fact that the information sought is not required by the Federal Rules, the motion should be denied.

In the alternative, were the Court to require Barr to comply with the FTC's requests beyond the provision of the index it offered to the FTC, Barr requests that the costs of any such additional production activity be borne by the FTC as, to date, Barr has unilaterally absorbed *all* the costs of production. *See, e.g., Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 297 (W.D.N.Y. 1996) ("Rule 34 allows the plaintiff 'to inspect and copy' relevant documents

and does not require a responding party to pay for copying costs of voluminous materials"); *see generally* MOORE'S FEDERAL PRACTICE § 34.14.6 ("A party producing documents will ordinarily not be put to the expense of making copies for the requesting party.")

## Conclusion

For the foregoing reasons, Barr respectfully requests that the Court deny the FTC's Motion.

Dated: August 24, 2006

Respectfully submitted,

/s/ Karen N. Walker

Karen N. Walker (D.C. Bar # 412137)
Mark L. Kovner (D.C. Bar # 430431)
Chong S. Park (D.C. Bar # 463050)
KIRKLAND & ELLIS LLP
655 15th Street, NW
12th Floor
Washington, DC  20005
(202) 879-5000
(202) 879-5200 (fax)

*Counsel for Barr Pharmaceuticals, Inc.*