# EXHIBIT A

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Karen N. Walker
To Call Writer Directly:
202 879-5096
kwalker@kirkland.com

202 879-5000

www.kirkland.com

Facsimile:
202 879-5200

August 9, 2006

**BY ELECTRONIC MAIL AND**
**ELECTRONIC FILING SERVICE**

Thomas H. Brock, Esq.
Bureau of Competition
Federal Trade Commission
Room 360
600 Pennsylvania Avenue, N.W.
Washington, DC   20580

Re:   *Ovcon Antitrust Litigation*

Dear Tom:

I am responding to your letter of today. As a threshold matter, we completely disagree with your accusation that there is a "wide range of deficiencies" in our document production in this case. There is not. Barr produced 14,370 pages of responsive information to the FTC in the pre-complaint phase and to the private plaintiffs in April 2006. Barr next produced 265,325 pages of documents on July 28, 2006, and produced 920 additional pages on August 4, 2006. As even you admit, these documents were produced "directly from the sources as kept in the usual course of business." Accordingly, there is nothing remotely deficient about Barr's production and your failure to cite any specific provision of Rule 34 that would indicate otherwise is telling.

That said, we offered to produce an index. You indicate that — although such an option is *clearly* in compliance with Rule 34(b) — you will not agree to Barr producing an appropriate index of requests to which the documents produced respond. Finding out what type of index would be preferable to you was exactly what I was trying to find out during our call on Friday, but you refused to answer that question, instead screaming at me about the volume and form of the documents produced. From the statement in your letter, apparently you prefer an index of the source of the documents in the production rather than by request and response. Understanding that, we are willing to provide you with an index of the source location of both electronic and hard copy documents. That said, the extensive, duplicative, and multiple demands in your letter as to what our index should contain are simply not feasible, realistic, necessary, or required by the Federal Rules. As to the timing of our preparation of the index, given the volume of documents produced and the fact that we now have to go through them to track and log their

Chicago          London          Los Angeles          Munich          New York          San Francisco

## KIRKLAND & ELLIS LLP

Thomas H. Brock, Esq.
August 9, 2006
Page 2


source locations for you, it is simply impossible to complete such a huge task in less than two weeks time.

     I regret that you apparently intend to take up the Court's time with an unnecessary motion to compel. For the record, I did not in any way make *any* "acknowledgement that [you] should take the matter to Court." To the contrary, I think it would be particularly inappropriate, inefficient, and intrusive on the District Court to file a motion over a garden variety disagreement about document productions. I would far prefer that, as experienced counsel, we engage in civil discussions to reach a compromise regarding an appropriate timetable for providing reasonable source information.

                                            Sincerely,

                                            Karen N. Walker


cc: Contact Attorneys Via DealRoom