IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v.  ) | Civil Action Nos. | 1:05-cv-2179-CKK |
| ) | | 1:05-cv-2182-CKK |
| WARNER CHILCOTT HOLDINGS ) | | |
| COMPANY III, LTD., *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF EXPEDITED MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANT BARR**

This motion (Doc. No. 54-1) addresses the failure of defendant Barr Laboratories, Inc., Inc., to comply with Rule 34(b), Fed. R. Civ. P., in its response to our First Request for the Production of Documents. In this reply brief, we address specific issues that Barr raised in its response to our motion and respectfully ask the Court for a quick resolution of this dispute.

**ARGUMENT**

**I.   Production of Documents as Kept in the Ordinary Course of Business.**

In response to the Government's first request for documents, Barr simply dumped 265,000 pages of documents without any information about the files from which the documents came. When we asked Barr to provide us with a list of the documents' custodians, Barr claimed that it had not logged any custodians and that it "would not have been possible for the most part anyway since many of the documents were produced as maintained in the ordinary course from central files and servers." Document No. 54-6 (August 9, 2006). We then filed this motion to compel Barr to produce the information necessary for us to make meaningful use of its document

production.  On August 28, 2006, Barr provided us with the custodian list we requested.  And despite Barr's claimed inability "for the most part" to attribute custodians to the documents it has produced, Barr's list manages to attribute two thirds of the produced documents to specific individuals and the remaining third to specific departments within Barr.  Therefore, except as set forth below, we withdraw the portion of this motion seeking an order compelling Barr to produce the documents as kept in the ordinary course of business.[1]

## II.     Barr Should Be Ordered To Produce Additional Information for its Electronic Documents.

The second half of our motion seeks an order compelling Barr to produce electronic documents in a usable format.  Barr does not respond to our request that it should be ordered to produce documents identifying the personal computer or server from which each document was stored.  However, Barr does oppose our request that it be ordered to produce its electronic documents in a usable electronic format, rather than in the simple image format contained on the disk that it did produce.  *See* Barr's Response at 9-10.  And, Barr also asserts that, under the Federal Rules, it has no obligation to produce the electronic documents' "metadata."  *Id.* at 10-11.

The decisions cited by Barr do not support its hardline position.  Barr cites both *Northern Crossarm Co. v. Chemical Specialties, Inc.,* 2004 U.S. Dist. LEXIS 5381 (W.D. Wis. 2004), and *India Brewing, Inc. v. Miller Brewing Co.,* 2006 WL 2023396 (E.D. Wis., July 13, 2006), for the proposition that "there is no requirement dictating the format in which Barr must produce

---

[1]     We must reserve the discretion to seek additional information from Barr regarding these documents and, if necessary, to renew this portion of the motion, either as to Barr's initial production of documents or any supplemental production if necessary.

responsive information." *See* Barr's Response at 9-10.  In both cases, however, the courts explicitly recognized the discretion of the requesting party to specify the mode of production of electronic documents.  In the words of the *Northern Crossarm* court:

> "If a party specifically requests the production of electronic information in a specific electronic format, then the respondent cannot simply ignore the request; it must comply, compromise, or seek court protection."  *Id.*[2]

Here, we "specifically request[ed] the production of electronic information in a specific electronic format" and Barr "cannot simply ignore the request."  We gave Barr the discretion to choose one of several electronic formats, but we specified that, regardless of the format it chose, the text of electronic documents be produced in a format in which the text was searchable or retrievable.[3]  Despite our instructions – and notwithstanding the decisions in both *Northern Crossarm* and *India Brewing*, on which it relies – Barr did not "comply, compromise, or seek court protection."

Barr's description of *Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 650 (D. Kan. 2005), for the proposition that "the FTC's demand for metadata is not required by the Federal

---

[2]  Thus, both the *Northern Crossarm* and *India Brewing* courts ruled that the responding party could choose the mode of production of its electronic documents, but only because the requesting party had not set forth a "specification of the format" for production.  *See India Brewing* at *10; *cf. Northern Crossarm* at *4.

[3]  Specifically, in paragraph 2 of our Instructions to our May 5, 2006, document request we asked Barr to produce all Microsoft Excel files in native format.

We extended the discretion to Barr to produce its other electronically stored information either in native format, in TIFF files, or in PDF format.  However, we explicitly stated that, if Barr chose to produce the files in TIFF, it should produce "a corresponding file containing the extracted text from the document," as well as "metadata and other information about the documents."  And, we specified that, if Barr produced the electronically stored information in PDF format, the files "must be searchable and include all metadata and attachments."

Rules," is similarly misleading. Barr's Response at 10-11. Although the *Williams* court believed that the Federal Rules did not provide "sufficient guidance," it ultimately ruled that metadata was properly the subject of discovery.

For the Court's information, we already have identified eighteen different electronic documents that Barr has produced in image format that, facially, are highly relevant to this case but are difficult (if not impossible) to digest fully unless they are produced in native file format, as we requested in our document request. Therefore, by letter dated August 25, 2006, we asked Barr to start by providing us with these eighteen documents in native file format. *See* Exhibit A.

Unfortunately, Barr turns each of our efforts to address these discovery disputes amicably into a vehicle to further delay its response to our May 5, 2006, discovery request. As of today, nearly two weeks after our request, Barr has told us nothing about whether and when it expects to produce these documents, but only that it "hope[s] to update" us on the status of our request later this week. *See* Exhibit B. This type of response is insufficient. With the depositions of Barr's personnel scheduled for the next four weeks, this built-in delay in Barr's production of documents ultimately works in Barr's favor – assuming of course that, absent Court intervention, Barr ever produces the documents.[4]

---

[4]   Barr's allegation that we did not comply with Local Rule 7(m) before filing this motion is without merit. The parties exchanged at least a half dozen letters and e-mails to resolve this discovery dispute. On August 4, 2006, the parties had a telephone conference pursuant to Local Rule 7(m), which ended with Barr's counsel telling us to take the matter to Court. Finally, on August 9, 2006 – after we complied with Rule 7(m) – we wrote Barr again in a last-ditch effort to resolve our disagreement. *See* Exhibit C. Barr never responded to our August 9 letter.

## CONCLUSION

Once again, the FTC and the Plaintiff States respectfully remind the Court that a delay in the resolution of this issue is effectively a decision in Barr's favor. Therefore, we respectfully move the Court for an order compelling Barr to comply with the provisions of Rule 34(b).

Respectfully submitted,

Dated: _____

/s/
Markus H. Meier (DC Bar # 459715)
Bradley S. Albert
Thomas H. Brock (DC Bar # 939207)
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20580
Telephone:   (202) 326-3759
Counsel for Plaintiff
Federal Trade Commission


/s/
Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
STATE OF COLORADO
1525 Sherman Street, 5th Floor
Denver, CO 80203
(303) 866-5079

Meredyth Smith Andrus
Assistant Attorney General
STATE OF MARYLAND
200 St. Paul Street
Baltimore, MD 21202
(410) 576-6470

Counsel for the Plaintiff States