## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Civil Action Nos. 1:05-cv-2179-CKK** |
| | ) **1:05-cv-2182-CKK** |
| **WARNER CHILCOTT HOLDINGS** | ) |
| **COMPANY III, LTD.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFFS' JOINT MOTION FOR THE COURT TO ISSUE A LETTER ROGATORY REQUESTING INTERNATIONAL JUDICIAL ASSISTANCE TO COMPEL TESTIMONY IN CANADA AND TO GRANT PLAINTIFFS LEAVE TO TAKE THE DEPOSITION OF A FOREIGN NATIONAL BEYOND THE FACT DISCOVERY DEADLINE

Plaintiffs, the Federal Trade Commission ("Commission") and Plaintiff States, request that, pursuant to Rule 28(b)(2) of the Federal Rules of Civil Procedure, this Court issue a Request for International Judicial Assistance ("Request") to the Ontario Superior Court of Justice in the Province of Ontario, Canada, requesting the assistance of the Ontario Superior Court in compelling oral testimony from a resident of Ontario. Judicial assistance is necessary to enable Plaintiffs to obtain deposition testimony from Debbie Rak, an employee of Patheon, Inc. ("Patheon"), who is beyond the subpoena power of this Court and is unwilling to testify voluntarily. Plaintiffs will seek to introduce her deposition testimony at trial pursuant to Rule 32(a)(3)(B) of the Federal Rules of Civil Procedure. Plaintiffs are filing herewith a proposed Request for International Judicial Assistance.

Plaintiffs also request that the Court permit a deposition of this witness beyond the fact

discovery deadline of October 18, 2006, since – due to the process of obtaining a subpoena for testimony in a foreign country – the deposition cannot be accomplished before then. Accordingly, Plaintiffs are also filing herewith a proposed order granting this request.

Pursuant to Local Civil Rule 7(m), we have conferred with defendants about the relief sought in this motion.  Defendants do not oppose either our request that this Court issue the attached Request for International Judicial Assistance or that the deposition of Ms. Rak be taken after the October 18, 2006 fact discovery deadline.

## I.    Summary of Action

As alleged in Plaintiffs' complaint, Warner Chilcott Holding Company III, Ltd. ("Warner Chilcott") sells Ovcon 35 ("Ovcon"), an oral contraceptive used to prevent pregnancy.  On March 24, 2004, Warner Chilcott entered into an agreement with Barr Pharmaceuticals, Inc. ("Barr") – the only company approved by the United States Food and Drug Administration ("FDA") to sell a generic version of Ovcon – by which Warner Chilcott paid Barr $20 million to stay off the market for Ovcon for five years and to be available as a supplier of the drug. Plaintiffs allege that this agreement, which has deprived consumers of the ability to select a lower-cost generic version of Ovcon, is a naked restraint of trade and violates Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a) (2005), and similar state laws.

In response, Defendants argue that Warner Chilcott's previous supplier of Ovcon, Bristol-Meyers Squib, was inadequate and that Warner Chilcott had no alternative source of supply for Ovcon other than Barr.  The Defendants further argue that the supply agreement, which prevented Barr from launching its generic version of Ovcon, and the $20 million payment were necessary to ensure reliable supply of the drug from Barr.

In fact, however, there were other companies that could have supplied Warner Chilcott with Ovcon at the time of the agreement. One of those companies was Patheon, a Missisauga, Ontario, contract manufacturer of pharmaceuticals, including numerous oral contraceptives. Patheon's Mississauga Site Director, Debbie Rak, is expected to testify that Patheon would have had the ability, capacity, and interest to manufacture Ovcon for Warner Chilcott at the time of the challenged agreement.

## II.    Assistance Required

Ms. Rak's testimony is important to the Plaintiffs' case. She is an employee of a large firm that routinely does business in the United States and which may avail itself of the protection of the courts of the United States in connection with that business.[1] If she were a resident of the United States, Plaintiffs would issue a routine subpoena for her attendance at trial or deposition pursuant to Rule 45 of the Federal Rules of Civil Procedure without seeking this Court's assistance. However, because she is a resident and national of Canada, she cannot be compelled to testify in this country against her wishes and counsel for Patheon has indicated that Ms. Rak is unwilling to do so voluntarily. By this motion, the Plaintiffs request that this Court issue a letter rogatory to the Ontario Superior Court of Justice seeking the Ontario court's assistance in requiring her to give oral testimony in Ontario. If the Court grants this motion, the Plaintiffs will engage counsel in Canada to execute the letter rogatory before the Ontario court and will seek to obtain her testimony pursuant to the Ontario court's order.

---

[1]    Plaintiffs intend to issue a subpoena duces tecum and ad testificandum to Patheon, Inc. in the Southern District of Ohio, where Patheon Pharmaceuticals Inc., a wholly owned subsidiary of Patheon, Inc., is located. That subpoena, however, will not ensure that Plaintiffs secure the testimony of Ms. Rak.

The Court's issuance of such a letter rogatory is consistent with the Federal Rules of Civil Procedure and international law.  This Court has jurisdiction under the Federal Rules of Civil Procedure to order discovery, including the taking of a deposition, from any person regarding any matter relevant to the subject matter of the pending action.  Federal courts are authorized pursuant to 28 U.S.C. § 1781 to issue a letter rogatory, and they also have inherent authority to do so.  *See Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361 (D.C. Cir. 1968), *United States v. Reagan,* 453 F.2d 165, 171-73 (6th Cir. 1971), *cert. denied,* 406 U.S. 946 (1972).

The evidence sought by the Plaintiffs from Ms. Rak is relevant to assessing whether to credit Defendants' purported justification for the agreement.  Defendants claim that the agreement and payment were necessary in order to guarantee a reliable source of supply from the only firm that was in a position to manufacture Ovcon.  Ms. Rak stands in a position to rebut Defendants' allegation that Barr was the only alternative source of supply for Ovcon.  Because this evidence is in the possession of a third party in Canada, the evidence is not otherwise obtainable at trial through the Court's compulsory process, and it is necessary in order to do justice in this case.

Plaintiffs, therefore, respectfully requests that this Court issue the Request for International Judicial Assistance addressed to the Ontario Superior Court of Justice, filed herewith, to compel the testimony of Debbie Rak in Ontario, Canada.   The Request will include a request, pursuant to the Canada Evidence Act, R.S. 85, c. C-5, Part II, that the proceedings be conducted, as nearly as possible consistent with Canadian law, pursuant to the Federal Rules of Civil Procedure.

4

**III.    Need to Depose Witness After the Fact Discovery Deadline**

Plaintiffs have unsuccessfully attempted to secure Ms. Rak's testimony voluntarily.  Due to the length of the process necessary to compel a foreign deposition, Plaintiffs will not be able to take the deposition of Debbie Rak before October 18, 2006, the deadline for fact discovery set forth in the Court's Case Management Order.  Accordingly, Plaintiffs request that the Court permit the deposition of this witness in Canada beyond that date.

Plaintiffs were diligent in attempting to secure the deposition of Ms. Rak.  When Ms. Rak was initially identified as a witness with relevant facts in August 2006, Patheon's in-house counsel indicated that Ms. Rak would likely be willing to testify voluntarily in the United States. Patheon subsequently informed Plaintiffs on August 24, 2006 that neither Ms. Rak nor any other Patheon employee would agree to testify.  Plaintiffs listed Ms. Rak on its witness list on September 1, 2006 and have continued to attempt to secure Ms. Rak's testimony voluntarily, but, after several conversations with Patheon's outside counsel, Ms. Rak continues to refuse to appear.  Accordingly, Plaintiffs file this motion requesting the Court's assistance.

The process to get a subpoena compelling the testimony of a foreign national cannot be completed by the October 18, 2006 deadline for fact witness discovery.  Assuming the Court issues a Request for International Judicial Assistance, the request must then be lodged with the Ontario Superior Court of Justice and served under the rules of the Ontario court, and a ruling must be issued by that court compelling Ms. Rak's testimony.  While every attempt will be made to expedite these steps and to ask the Ontario court to do likewise, completion of these steps depends on Ontario judicial procedure and the discretion of the Ontario court.  The experience of

the Federal Trade Commission and other federal agencies suggests that this process will take *at least* forty-five days from the date on which this Court issues the Request.

      This deposition after the discovery cutoff will not prejudice Defendants, particularly since a trial date has not yet been set.

## III.    Conclusion

      For the reasons stated above, Plaintiffs request that the Court issue the Request for International Judicial Assistance filed herewith and grant Plaintiffs' request to take the deposition of Ms. Rak beyond the fact discovery deadline.

Dated: September 19, 2006

Respectfully submitted,

                                /s/
                              Markus H. Meier (DC Bar # 459715)
                              Bradley S. Albert
                              Thomas H. Brock (DC Bar # 939207)
                              Federal Trade Commission
                              601 New Jersey Avenue, N.W.
                              Washington, D.C. 20580
                              Telephone:    (202) 326-3759
                              Facsimile:    (202) 326-3384

                              Counsel for Plaintiff
                              Federal Trade Commission

                                    /s/
                              Devin M. Laiho
                              Assistant Attorney General
                              Consumer Protection Section
                              STATE OF COLORADO
                              1525 Sherman Street, 5th Floor
                              Denver, CO 80203
                              (303) 866-5079

                              Counsel for the Plaintiff States