IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br>600 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20580<br><br>                      Plaintiff,<br>v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD.<br>    100 Enterprise Drive<br>    Rockaway, N.J. 07866-2129<br><br>WARNER CHILCOTT CORPORATION<br>    100 Enterprise Drive<br>    Rockaway, N.J. 07866-2129<br><br>WARNER CHILCOTT (US) INC.<br>    100 Enterprise Drive<br>    Rockaway, N.J. 07866-2129<br><br>WARNER CHILCOTT COMPANY, INC.<br>    Union Street, Km. 1.1<br>    Fajardo, Puerto Rico 00738<br><br>                      Defendants. | Civil Action No. 1:05-cv-02179-CKK |

**Joint Motion For Entry of Final Order and
Stipulated Permanent Injunction**

The Federal Trade Commission ("FTC" or "Commission") and Defendants Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., and Warner Chilcott Company, Inc. (collectively "Warner Chilcott"), by their respective attorneys, respectfully move this Court to enter the accompanying proposed Final Order and Stipulated Permanent Injunction. Entry of the Final Order will end the litigation as between the

FTC and Warner Chilcott. A copy of the proposed Final Order is attached as Exhibit A. As grounds for this request, the parties state as follows:

1.  On December 5, 2005, the Federal Trade Commission filed its First Amended Complaint against Warner Chilcott pursuant to Section 13(b) of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 53(b). The Commission's Amended Complaint alleges that Warner Chilcott and Barr Pharmaceuticals, Inc. violated Section 5 of the FTC Act by entering into an agreement that eliminated competition from Barr's generic version of regular Ovcon 35, a branded oral contraceptive product sold by Warner Chilcott.

2.  In its Amended Complaint, the FTC seeks a permanent injunction to invalidate the exclusivity provision that prevented Barr from introducing a generic version of Ovcon, and "such other equitable relief as the Court finds necessary to redress and prevent recurrence of defendants' violation."

3.  On September 25, 2006, the FTC filed a motion for preliminary injunction to prevent Warner Chilcott from withdrawing regular Ovcon 35 from the marketplace as Warner Chilcott prepared to introduce a chewable version of the product. Later that day, having announced previously that it would consider the effect of the launch of its chewable product manufactured at its own facilities on its agreement with Barr, Warner Chilcott irrevocably waived the exclusivity provision in its agreement with Barr. Subsequently, Barr announced that it would introduce a generic version of regular Ovcon 35 in October 2006.

4.  Warner Chilcott has reached a settlement with the FTC. In so doing, it does not admit any issues of fact or law, other than the Court's jurisdiction over this action. Warner Chilcott specifically denies that it engaged in any conduct violating Section 5 of the FTC Act or

any other wrongdoing and further contends that the agreement at issue was justified by Warner Chilcott's need for a reliable alternate supplier of regular Ovcon 35, and that the subject agreement was procompetitive because of Warner Chilcott's continued distribution of Ovcon 35 samples.

5.  The proposed Final Order contains three principal elements: (a) a general conduct prohibition that prevents Warner Chilcott from entering into certain agreements (Paragraphs III and IV and as defined therein), including agreements similar to the one challenged here (Paragraph III); (b) a provision requiring Warner Chilcott in the future to give notice to the FTC of a broader group of agreements (Paragraph V as defined therein); and (c) provisions of limited duration designed to provide the opportunity for a generic version of regular Ovcon 35 to enter and compete (Paragraph VI). The proposed Final Order provides for the FTC and Warner Chilcott to bear their respective costs in the action.

6.  On October 10, 2006, Warner Chilcott executed a Stipulation for Entry of Final and Stipulated Permanent Injunction, a copy of which is attached as Exhibit B, in settlement of all claims brought against it in the above-captioned case. On October 19, 2006, Warner Chilcott's Board of Directors voted unanimously to accept the proposed Final Order. On October 20, 2006, the Commission voted 5-0 to accept the proposed Final Order. Thus, Warner Chilcott and the FTC jointly request that the Court enter the attached proposed Final Order and place it on the public record, thereby bringing the litigation between the FTC and Warner Chilcott to an end.

|  |  |
|---|---|
|  | Respectfully submitted, |
| *(signature)* | *(signature)* |
| Peter C. Thomas (D.C. Bar #495928) | Markus H. Meier (D.C. Bar # 459715) |
| Simpson Thacher & Bartlett LLP | Federal Trade Commission |
| 601 Pennsylvania Avenue, N.W. | 600 Pennsylvania Avenue, N.W. |
| North Building | Washington, D.C. 20580 |
| Washington, D.C. 20004 | (202) 326-3759 |
| (202) 220-7700 |  |
|  |  |
| Counsel for Defendant | Counsel for Plaintiff |
| Warner Chilcott | Federal Trade Commission |
|  |  |
| Dated: October 20, 2006 |  |