# EXHIBIT A

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

202 879-5000

www.kirkland.com

Karen N. Walker
To Call Writer Directly:
202 879-5096
kwalker@kirkland.com

Facsimile:
202 879-5200

October 23, 2006

Thomas H. Brock, Esq.
Bureau of Competition
Federal Trade Commission
Room 360
600 Pennsylvania Avenue, N.W.
Washington, DC   20580

Re:   *Ovcon Antitrust Litigation*

Dear Tom:

I write in response to your October 19, 2006 letter. As an initial matter, the documents produced on October 18, 2006 represent the documents of only 11 custodians. (*See* October 18, 2006 Source Index.) Only four of the 11 custodians whose documents were produced Wednesday were produced for the first time. (*See id.*) Moreover, nearly half of the production is largely composed of Barr Paralegal Marc Singer's documents and are largely duplicates of other documents already produced in this litigation simply because Mr. Singer is carbon copied on much of the internal correspondence at Barr.

In addition, roughly half of the documents represent IMS data and their attachments, documents which Barr objected to producing in its responses. As we previously clarified, when we stated our production was "substantially complete" last summer, we specifically stated that was as to requests to which we did not object. Plaintiffs have requested such data and, most recently, the private plaintiffs renewed their request for the same. Accordingly, Barr chose to produce these documents rather than stand on its objections. It should be noted that these data contain large Microsoft Excel spreadsheets that greatly increase the number of pages per document, in many cases by hundreds of pages.

Additionally, the custodians of the documents produced on October 18, 2006 were not listed by the FTC of State Plaintiffs as potential fact witnesses in this case, nor were they noticed as deponents by any party to this litigation. Although we would consider each request on a case-by-case basis, we do not agree that the Government Plaintiffs may, on a wholesale basis, reopen fact discovery to notice additional witnesses or re-question witnesses already deposed in this case.

## KIRKLAND & ELLIS LLP

Thomas H. Brock, Esq.
October 23, 2006
Page 2

      Finally, your request to depose Amy Niemann is untimely. Government Plaintiffs had ample time to notice Ms. Niemann's deposition prior to the close of fact discovery. Yet, Ms. Niemann was never listed as a potential fact witness in this case by either the FTC of State Plaintiffs. We also completed production of over 16,000 pages of documents of which Ms. Niemann is custodian several weeks ago, in addition to the 1048 pages of documents belonging to Ms. Niemann that were produced during the FTC pre-complaint investigation. (*See* October 18, 2006 Source Index at 1-4, 6.) And as Bruce Downey indicated during his testimony, Ms. Niemann reports to Tim Catlett. (*See* Deposition Transcript of Bruce Downey at 139, line 9.) Any testimony by Ms. Niemann would thus be cumulative to that of Mr. Catlett.

      Sincerely,

Karen N. Walker

cc: Contact Attorneys Via
DealRoom