IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>             **Plaintiff,**<br><br>   v.<br><br>**BARR PHARMACEUTICALS, INC.**<br><br>             **Defendant.** | Civ. Action No.:  1:05-CV-02179-CKK-AK<br><br>Magistrate Judge Alan Kay |
| **STATE OF COLORADO,** *et al.*<br><br>             **Plaintiffs,**<br><br>   v.<br><br>**WARNER CHILCOTT HOLDINGS CO. III, LTD.,** *et al.*<br><br>             **Defendants.** | Civ. Action No.:  1:05-CV-02182-CKK-AK<br><br>Magistrate Judge Alan Kay |

**DEFENDANT BARR PHARMACEUTICAL, INC.'S OPPOSITION TO
FEDERAL TRADE COMMISSION'S AND PLAINTIFF STATE'S
MOTION FOR LEAVE TO FILE SURREPLY TO EXPEDITED MOTION TO COMPEL**

Barr Pharmaceuticals, Inc. ("Barr") opposes the Federal Trade Commission's and Plaintiffs State's (collectively "Government Plaintiffs") motion.  Government Plaintiffs' need to file a surreply is as unnecessary and unreasonable as their original motion to compel filed August 9, 2006.

*First*, Government Plaintiffs' purported justification for their surreply simply restates the arguments set forth in their opening papers.  Nothing in Government Plaintiffs' latest

motion demonstrates that Barr's document production was in any way defective.[1] Indeed, Government Plaintiffs, in their Expedited Motion to Compel filed August 9, 2006, concede that Barr has produced documents in full compliance with the Federal Rules of Civil Procedure. (*See* Gov't Pls.' Expedited Mot. to Compel at 8 n.8 (D.E. 54) (stating that "Rule 34 allows a party to produce documents either as maintained in the ordinary course of business or organized and labeled to correspond with the categories in the request. Barr opted to produce the documents, apparently, as they were maintained in its ordinary course of business . . . .") And, Barr has *already* produced an accompanying index documenting the source and corresponding Bates ranges of the documents it has produced to date — an effort made to address the very relief that Government Plaintiffs seek in their "Expedited Motion." In fact, Barr has produced the same documents and indices to all parties in these related cases and no other party has moved to compel Barr to produce documents in any other format. And, no other party in these related cases, not even the FTC or State Plaintiffs themselves, has produced or has been demanded to produce documents in the onerous format that Government Plaintiffs demand of Barr. In short, Government Plaintiffs' latest motion simply restates the arguments of their opening motion — a motion that should now be considered largely moot.

*Second*, Government Plaintiffs' latest motion provides no basis to impose demands on Barr that far exceed the requirements of the Federal Rules of Civil Procedure. As described in Barr's Opposition to Government Plaintiffs' Expedited Motion, the Government

---

[1] As Government Plaintiffs indicate, Barr continued to produce documents responsive to their joint first discovery requests on a rolling basis subsequent to the filing of the Expedited Motion to Compel. As we indicated to Government Plaintiffs, roughly half of the last production represent IMS data and their attachments. These data, documents which Barr originally objected to producing but ultimately chose to produce rather than stand on its objections, were specifically requested by the plaintiffs in these related action. (*See* Ex. A to Gov't Pls.' Mot. for Leave to File Surreply.) And production of these data was in no way "last-minute." Barr completed production of documents responsive to Government Plaintiffs' joint first requests by the close of fact discovery on October 18, 2006, a deadline insisted upon by Government Plaintiffs and ultimately agreed upon by the parties.

Plaintiffs' various demands, including identification of the personal computer or server from which each document was drawn, metadata for each document, and optical character recognition or extracted text file for each document, are unreasonable and overly burdensome. Governmental Plaintiffs' latest motion provides no justification or explanation for these burdensome requests.[2]

### Conclusion

For the foregoing reasons, Barr respectfully requests that the Court deny Government Plaintiffs' Motion for Leave to File Surreply to Their Expedited Motion to Compel.

Date:   November 16, 2006                Respectfully submitted,

/s/ Karen N. Walker

Karen N. Walker (D.C. Bar # 412137)
Mark L. Kovner (D.C. Bar # 430431)
Chong S. Park (D.C. Bar # 463050)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Suite 1200
Washington, D.C.  20005
Tel. (202) 879-5000
Fax (202) 879-5200

*Counsel for Defendant Barr Pharmaceuticals, Inc.*

---

[2] As stated in their reply brief, Government Plaintiffs have previously requested that several electronic documents be reproduced in native format.  After consulting with our vendor regarding the costs and burdens associated with restoring the tapes on which those documents were stored, we promptly produced on September 13, 2006 23 spreadsheets free of charge to Government Plaintiffs.  (*See* Sept. 13, 2006 Letter from K. Walker to T. Brock, attached as Ex. A.)  Barr would consider similar requests on a case-by-case basis; however, it would be exorbitantly costly and unduly burdensome to reproduce each and every document in the form that Government Plaintiffs demand.