IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BARR PHARMACEUTICALS, INC.,<br><br>Defendant. | Civil Action No. 1:05-cv-2179-CKK |
| STATE OF COLORADO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., *et al.*,<br><br>Defendants. | Civil Action No. 1:05-cv-2182-CKK |

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
TO PREVENT DEFENDANTS FROM CIRCUMVENTING
THIS COURT'S NOVEMBER 17, 2006 FACT DISCOVERY CUT-OFF**

The Federal Trade Commission and the Plaintiff States move the Court for a protective order, pursuant to Federal Rule of Civil Procedure 26(c) and the Case Management Order dated April 14, 2006, as amended, to prevent Warner Chilcott and Barr from evading this Court's November 17, 2006 fact discovery deadline. The grounds for this motion are set forth below:

- Fact discovery in the Government enforcement actions closed on November 17, 2006;

- With fact discovery over in the Government enforcement actions, Warner Chilcott issued a subpoena in one of the ten related private plaintiff actions for the deposition of Tamar Howson (a third-party witness) to take place on December 1, 2006 (*see* Exhibit A);

- Neither the Federal Trade Commission nor the Plaintiff States have agreed, as required by Rule 29 of the Federal Rules of Civil Procedure, that the Howson deposition may take place after the close of fact discovery, and thus do not intend to participate in the deposition;

- Nonetheless, Warner Chilcott and Barr both insist that the Howson deposition is being "noticed for all Pending Actions as defined in the Case Management Order," including the Government enforcement actions.

Warner Chilcott's and Barr's position would render this Court's November 17 fact discovery deadline meaningless. Although fact discovery is over, Warner Chilcott and Barr apparently believe that they can circumvent this Court's deadline simply by noticing any deposition they choose in one of the private actions, and then unilaterally declaring that the deposition is being "noticed for all Pending Actions." We therefore respectfully request a protective order that the December 1, 2006 deposition of Tamar Howson shall not be taken for purposes of the Government enforcement actions.

**Argument**

Ever since these lawsuits began, Warner Chilcott and Barr have tried to tie the discovery schedule in the Government enforcement actions to the discovery in the tag-along private litigation. At the initial scheduling conference, Barr's counsel acknowledged that their proposed

fact discovery cutoff for the government and private actions was "if not identical, very similar." Initial Scheduling Conference Tr. at 42 (Apr. 4, 2006).[1]  The Court rejected defendants' approach, instructing the parties that the government lawsuits "are going to have a shorter discovery schedule" than the private lawsuits.[2]  Later that morning, when counsel for Warner Chilcott tried to revisit the issue, the Court was explicit: "You've lost that battle."[3]  The Case Management Orders in the various lawsuits incorporate the Court's decision that fact discovery in the Government enforcement actions would end well before fact discovery ends in the private lawsuits.[4]

Having "lost th[e] battle" for their proposed discovery schedule, Warner Chilcott and Barr are now trying to win the war by evading the Court's clear directive.  Fact discovery in the Government enforcement actions ended on November 17, 2006.[5]  Notwithstanding that the Court-imposed fact discovery deadline expired last week, Warner Chilcott and Barr apparently believe that they are entitled to continue fact discovery in the Government actions as long as discovery is open in the private lawsuits.  Thus, Warner Chilcott subpoenaed Tamar Howson, an

---

[1] *Compare* Civil Rule 16.3 Report (Document No. 28-1 in Civil Action Nos. 05-2179 and 05-2182) (Feb. 8, 2006), *with* Civil Rule 16.3 Report, *Meijer, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.* (Document No. 18-1 in Civil Action No. 05-2195) (Feb. 9, 2006).

[2] Initial Scheduling Conference Tr. at 16 (Apr. 4, 2006).

[3] *Id.* at 48.

[4] Thus, the CMOs specified that fact discovery in the government enforcement actions would end on October 18, 2006, while discovery in the private lawsuits would continue until March 2, 2007. *Meijer, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.* (Document No. 18-1 in Civil Action No. 05-2195) (Feb. 9, 2006).

[5] Minute Order (Oct. 3, 2006).

executive at Bristol-Myers Squibb, to appear for a deposition on December 1, 2006, in one of the ten private lawsuits, but then announced in its notice that the deposition would be taken for "all Pending Actions," including the government lawsuits. Although not issuing the notice itself, Barr has informed us that it endorses Warner Chilcott's position for purposes of the Commission's lawsuit.[6]

Defendants attempt to justify their evasion of the Court's discovery schedule by invoking paragraph 18 of the CMO, which specifies that "[d]epositions taken in any of the Pending Cases shall be treated as if they were obtained through discovery in the above-captioned cases."[7] To begin with, defendants point to the wrong part of the CMO. Paragraph 18 governs party depositions, not the depositions of a third party like Ms. Howson. In any event, the relevant provision of the CMO, paragraph 21, offers no support for defendants' approach. Paragraph 21 specifies that a third-party deposition noticed in one lawsuit may be conducted for the other lawsuits, but only if (1) "consistent with the orders entered in each lawsuit," and (2) "at the

---

[6] *See also* Letter from Chong S. Park to Bradley S. Albert (Nov. 15, 2006) (Exhibit B); Letter from Annette C. Rizzi to Thomas H. Brock (Nov. 15, 2006) (Exhibit C). We confirmed Barr's position pursuant to Local Rule 7(m) in a conversation with Barr's counsel on November 21, 2006.

At the last minute, Warner Chilcott changed its position, suggesting that the States did not need to file a motion for a protective order because the States always could object to the admissibility of the deposition testimony of Ms. Howson at trial. Letter from Annette C. Rizzi to Devin M. Laiho (Nov. 22, 2006) (Exhibit D). Obviously, Warner Chilcott confuses the discovery scheduling issue presented by this motion with an evidentiary issue that is not before the Court. Anyway, this ploy presents the States with a dilemma: the States can either incur the needless costs of attending the Howson deposition (and any others that defendants elect to notice after the close of discovery in our cases) or the States can accept the risk that at trial defendants will be permitted to use deposition transcripts of witnesses that the States did not cross examine.

[7] *See* Exhibit B.

request of the contact attorneys for any opposing party." The Howson deposition notice satisfies neither of these conditions.

First, taking the Howson deposition on December 1, 2006, is clearly inconsistent with the Case Management Orders entered in the Government enforcement actions, which direct the parties to finish third-party depositions by November 17, 2006.

Second, neither the FTC nor the Plaintiff States (the relevant "opposing part[ies]" for purposes of paragraph 21) have requested taking the Howson deposition in the Government enforcement actions.

Therefore, while defendants may notice the Howson deposition in the private lawsuits, they may not depose her after the close of discovery in the Government enforcement actions.

Finally, a protective order precluding the Howson deposition will not prejudice defendants. Under Rule 29, Fed. R. Civ. P., parties may agree to take depositions after the time set for the completion of discovery, and we remain willing to stipulate to additional discovery when, *inter alia,* there is good reason that the parties could not conduct a particular deposition before November 17.[8] And, if the parties cannot reach an agreement, a party can always apply to the Court for leave to conduct a deposition. Here, however, Warner Chilcott and Barr cannot

---

[8] Thus, we agreed to depose Warner Chilcott executives, Roger Boissonneault and Carl Reichel after November 17, 2006. There, though, there was good reason to conduct the depositions after the discovery cut-off date: after the parties had agreed to schedule the depositions of Messrs. Boissonneault and Reichel for late September and early October, Warner Chilcott unilaterally cancelled the depositions and then refused to reschedule them at a mutually-convenient time before November 17, 2006.

give the Court (or us) any good reason for their failure to schedule the Howson deposition during the discovery period established by the Court.[9]

## Conclusion

For the foregoing reasons, we respectfully move the Court for a protective order that the deposition of Tamar Howson shall not be conducted for Civil Action Nos. 05-2179 and 05-2182.

Respectfully submitted,

Dated: November 24, 2006

/s/
Markus H. Meier (DC Bar # 459715)
Bradley S. Albert
Thomas H. Brock (DC Bar # 939207)
601 New Jersey Avenue, N.W.
Washington, D.C. 20580
(202) 326-3759

Counsel for Plaintiff
Federal Trade Commission


/s/
Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
STATE OF COLORADO
1525 Sherman Street, 5th Floor
Denver, CO 80203
(303) 866-5079

Counsel for the Plaintiff States

---

[9] Warner Chilcott and Barr certainly knew that they might depose Ms. Howson since at least July 3, 2006, when they listed her on their preliminary witness list.