# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MEIJER, INC., et al.<br><br>                  Plaintiffs,<br><br>       v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., et al.<br><br>                  Defendants. | Civil Action No.    1:05-CV-02195 (D.D.C.)<br><br>Judge Colleen Kollar-Kotelly<br><br>NOTICE OF SUBPOENA AD<br>TESTIFICANDUM TO TAMAR HOWSON |

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30 and 45, notice is hereby given that the Warner Chilcott Defendants in the above-captioned cases, by and through their counsel, will take the deposition upon oral examination, to be recorded by stenographic and video means, of Tamar Howson. The deposition will take place at the offices of Cravath, Swaine & Moore LLP, 825 Eighth Avenue, New York, NY 10019 on December 1, 2006 at 9:00 a.m., or at such time and place as may be agreed upon by counsel.

PLEASE TAKE NOTICE that the deposition of this witness, pursuant to paragraph 21 of the Case Management Order, dated April 14, 2006, is being noticed for all Pending Actions as defined in the Case Management Order.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN      DISTRICT OF      NEW YORK

Meijer, Inc., et al.

V.

Warner Chilcott Holdings Company III, Ltd., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:05CV02195 (CKK)

United States District Court
for the District of Columbia

TO: Tamar Howson
c/o Jessica L. Richman, Esq.; Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Cravath, Swaine & Moore LLP 825 Eighth Avenue, New York, NY 10019 | DATE AND TIME 12/1/2006 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for Warner Chilcott | DATE 11/13/2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Peter C. Thomas, Simpson Thacher & Bartlett LLP
601 Pennsylvania Avenue, NW, North Building, Washington, D.C. 20004 (202) 220-7700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEIJER, INC., et al.<br><br>                    Plaintiffs,<br><br>     vs.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, Ltd. et al.<br><br>                Defendants | Case No.: 05 CV 0295 (D.D.C)<br><br>United States District Court<br>for the District of Columbia<br><br><u>AFFIDAVIT OF SERVICE</u> |

STATE OF NEW YORK    )
                        : SS.
COUNTY OF NEW YORK  )

       Frantz Michaud, being duly sworn deposes and says:  Deponent is not a party to the within action, is over the age of 18 years of age and is employed at Simpson Thacher and Bartlett, 425 Lexington Avenue, New York, NY.

       On the 13th day of November, 2006, at approximately 4:45 P.M. at the following address: 825 Eight Avenue, New York, New York, on the 40th floor, deponent served the annexed **NOTICE OF SUBPOENA AD TESTIFICANDUM TO TAMAR HOWSON AND SUBPOENA IN CIVIL CASE** upon:

                       Tamar Howson
                       c/o Cravath Swaine & Moore
                       825 Eight Avenue
                       New York, NY

By personally delivering to and leaving with Robert Zwillich, Assistant Managing Clerk, a true and correct copy of said papers. Mr. Zwillich stated that he was authorized to accept service papers on behalf of Cravath Swaine & Moore.

A description of Robert Zwillich is follows:

Sex: ----------------------------------------------------------------------------- Male

Color of Skin: ------------------------------------------------------------------ White

Color of Eyes:----------------------------------------------------------------- Brown

Color of Hair: ------------------------------------------------------------------ Brown

Approximate Height: --------------------------------------------------- 5'7" – 5'10"

Approximate Weight:---------------------------------------------------170 -180 lbs.

Approximate Age:----------------------------------------------------- 45 -55 years old

Other identifying features: --------------------------------------------- Glasses

_____
Frantz Michaud

Sworn before me this
13th day of November, 2006

_____
Notary Public

STEVE M. METRO
Notary Public, State of New York
No. 01ME5003624
Qualified in Orange County
Commission Expires July 5, 2010