IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:05-cv-2179-CKK-AK |
| BARR PHARMACEUTICALS, INC., | ) ) | Judge Colleen Kollar-Kotelly |
| Defendant. | ) ) ) | Magistrate Judge Alan Kay |
| STATE OF COLORADO, *et al.*, | ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 1:05-cv-2182-CKK-AK |
| v. | ) ) | Judge Colleen Kollar-Kotelly |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*, | ) ) ) ) | Magistrate Judge Alan Kay |
| Defendants. | ) ) | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
AND IN OPPOSITION TO MOTION FOR LEAVE TO TAKE DEPOSITION**

Fact discovery in the government enforcement actions closed on November 17, 2006. Defendants insist, however, that the close of discovery does not prevent them from taking depositions in the government actions. According to defendants, they can sidestep the discovery deadline in the government case quite easily: simply schedule the deposition in one of the tag-along private actions (where discovery remains open); declare unilaterally that the deposition – though scheduled in one of the private actions – "is being noticed for all Pending Cases," including the government actions; and then treat the deposition "as if it were obtained through

discovery in each Pending Case," including the government actions. *See* Warner Chilcott Opp. at 9.

What do defendants point to in support of their approach? They cannot point to the schedule established by the Court, because that clearly states that fact discovery in the government cases ended last month. They cannot rely on the Federal Rules of Civil Procedure, because those rules permit depositions to be taken after the close of discovery only in limited circumstances – none of which exists here. And they cannot rely on the Court's Case Management Order, because nothing in that order permits a party to disregard the Court-imposed discovery deadline.[1]

In the absence of any real support for this position, defendants try to change the subject. We reply to these arguments below.

1. Barr labels this dispute as an evidentiary issue concerning the future admissibility of the Howson deposition, rather than a dispute about defendants' compliance with the discovery schedule. In our motion, however, we seek no ruling on the admissibility of evidence. Instead, we ask only that the Court preclude defendants from circumventing the November 17, 2006 fact discovery cut-off date by taking depositions in the government enforcement actions after that date. *See* Plaintiffs' Motion at 2 (requesting an order that the deposition of "Tamar Howson not

---

[1] By selectively quoting paragraph 21 of the CMO, defendants change its meaning. When the full paragraph is read in context, it is clear that a deposition can be noticed for all lawsuits only "at the request of the contact attorneys for any opposing party and *consistent with the orders entered in each lawsuit*." (Emphasis added). Neither of those conditions were met with respect to the Howson notice.

be taken for purposes of the Government enforcement actions").[2]

2. Barr suggests that the November 17, 2006 discovery deadline does not apply because "Ms. Howson's deposition was not noticed for either of the government enforcement actions." Barr's Opp. at 5. The clear and unambiguous language of the Howson deposition notice, however, says otherwise:

> PLEASE TAKE NOTICE that the deposition of this witness. . . is being noticed for all Pending Actions as defined in the Case Management Order."[3]

The Case Management Order, in turn, defines Pending Actions to include the government enforcement actions.[4] Indeed, both Warner Chilcott and Barr confirmed in subsequent correspondence that the deposition was being noticed for the government enforcement actions.[5] And in its opposition, Warner Chilcott obviously expects that any transcript of the Howson deposition will be "treated as if it were obtained through discovery in each Pending Case." Warner Chilcott Opp. at 9, *citing* CMO, at ¶ 21.

3. Defendants improperly impose on plaintiffs the burden to show why defendants should be required to abide by the terms of the scheduling orders. Defendants, of course, have it backwards. "The scheduling order and the timetable it establishes [are] binding." 6A Wright

---

[2] Of course, whether defendants are permitted to take the deposition of Ms. Howson in the context of the government action after the discovery deadline may affect the admissibility of that deposition at trial. This does not, however, somehow transform the Court's enforcement of its Case Management Order into an evidentiary dispute.

[3] *See* Plaintiffs' Motion for Protective Order dated November 24, 2006.

[4] As defined in the Case Management Order, "Pending Actions" include Civil Action No. 1:05-cv-2179-CKK and Civil Action No. 1:05-cv-2182-CKK.

[5] *See* Plaintiffs' Motion for Protective Order dated November 24, 2006.

Miller & Kane, Federal Practice and Procedure ¶ 1522.1 at 230-31 (1990).  And, the "schedule shall not be modified except upon showing of good cause." Fed. R. Civ. P. 16(b).  It is, therefore, incumbent upon defendants to demonstrate why the Court's established scheduling order should be modified to allow them to proceed with the Howson deposition after the close of discovery.[6]  Defendants fail to meet that burden.

4. Finally, Warner Chilcott's accusation that we objected to the Howson deposition purely for "tactical" reasons is way off the mark.  Our concern is that discovery in the private lawsuits (which currently is stayed) will continue well past the time we expect to go to trial.  Therefore, tying our discovery to the schedule in the private actions is impractical.  Further, contrary to Warner Chilcott's suggestions, we are not concerned about Ms. Howson's deposition testimony.  We anticipate that Ms. Howson – a senior executive at Bristol-Myers Squibb with no direct responsibilities for supply – can do nothing more than confirm the testimony of her colleagues.

And, as Warner Chilcott acknowledges, we had expressed our willingness to compromise on the timing of Ms. Howson's deposition, but only if defendants similarly agreed that a third-party deposition that we had noticed almost three months ago (and initially schedule for October) could be conducted after November 17, 2006.[7]  Barr, however, rejected our proposal.

---

[6] The cases defendants cite to support their burden-shifting attempt are not relevant here.  Barr's Opp. at 5-6; Warner Chilcott's Opp. at 7-8.  In those cases, the moving party sought to preclude discovery on the grounds that it was onerous and, therefore, precluded by Rule 26(c).  In contrast, we ask only that the Court enforce the scheduling order that it already entered.

[7] On September 19, 2006, we issued a subpoena in the Southern District of Ohio for the deposition of Patheon – one of the world's leading contract pharmaceutical manufacturers.  We expect testimony from Patheon will rebut defendants' allegation that Barr was the only possible alternate source of supply for Ovcon.  Specifically, we expect that a Patheon

Accordingly, we filed the pending motion to prevent defendants from circumventing the Court's scheduling order.

For the reasons discussed above, Warner Chilcott's belated motion for leave to take the Howson deposition after the close of discovery should also be denied.

Dated: December 18, 2006.                   Respectfully submitted,

                                                     /s/
Markus H. Meier (DC Bar # 459715)
Bradley S. Albert
Thomas H. Brock (DC Bar # 939207)
601 New Jersey Avenue, N.W.
Washington, D.C. 20580
Telephone: (202) 326-3759
Counsel for Plaintiff
Federal Trade Commission

                                                     /s/
Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
STATE OF COLORADO
1525 Sherman Street, 5th Floor
Denver, CO 80203
(303) 866-5079
Counsel for the Plaintiff States

---

representative will testify that Patheon had the technical capability, the manufacturing capacity, and the interest, to manufacture Ovcon for Warner Chilcott. Patheon, however, moved to quash that subpoena and the Ohio court has not yet ruled on the motion. Moreover, the Ohio court asked for additional briefing on whether the FTC enforcement action against Barr is moot. Despite our best efforts, therefore, we have been unable to depose Patheon prior to this Court's discovery deadline.

On that same day, we also submitted an unopposed motion for this Court to issue Letters Rogatory requesting international assistance from the appropriate Canadian court to compel the oral testimony of Debbie Rak, a Patheon employee and resident of Ontario, Canada. That motion is still pending.