**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**<br><br>                **Plaintiff,**<br><br>     **v.**<br><br>**WARNER CHILCOTT HOLDINGS**<br>**COMPANY III, LTD.,** *et al.*<br><br>                **Defendants.** | **Civil Action No. 1:05-CV-02179-CKK** |

| | |
|---|---|
| **STATE OF COLORADO,** *et al.*<br><br>                **Plaintiffs,**<br><br>     **v.**<br><br>**WARNER CHILCOTT HOLDINGS**<br>**COMPANY III, LTD.,** *et al.*<br><br>                **Defendants.** | **Civil Action No. 1:05-CV-02182-CKK** |

**BARR PHARMACEUTICALS, INC.'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFF FEDERAL TRADE COMMISSION'S AND PLAINTIFF STATES'**
**JOINT FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Barr Pharmaceuticals, Inc. ("Barr") generally and specifically objects on the following grounds to Plaintiff Federal Trade Commission's and Plaintiff States' First Request for the Production of Documents ("Plaintiffs' First Request") served upon it on or about April 24, 2006 in the above-captioned actions.  Plaintiffs' First Requests are set forth verbatim below, each of which is followed by Barr's response.  Each response is made subject to the objections and conditions identified in that response, as well as to the General Objections and Conditions that precede those responses.

## GENERAL OBJECTIONS AND CONDITIONS

1.     Barr makes the following general objections, whether or not separately set forth in response to each request, to each and every instruction, definition, and request in Plaintiffs' First Request.  These general objections specifically may be referred to in response to certain requests for the purpose of clarity; however, the failure to specifically incorporate a general objection should not be construed as a waiver of the objection.

2.     Barr objects to Plaintiffs' First Requests in their entirety, including all instructions, definitions, and document requests, to the extent that they purport to alter or expand in any manner its obligations under the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, the Case Management Order entered by this Court, or any other applicable law or order.

3.     Barr objects to each document request to the extent that it seeks any documents or information beyond Barr's knowledge, possession, care, custody, or control.

4.     Barr objects to each document request to the extent that it seeks documents and information that are not relevant to the subject matter of the pending actions or the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence.

5.     Barr objects to each document request to the extent that it is cumulative or duplicative and seeks information already sought and obtained through prior discovery.

6.     Barr objects to each document request to the extent that it seeks documents or information that may more directly, easily, or conveniently be obtained from other sources, are more appropriately sought from parties or third parties to whom requests have been or may be

directed, or are publicly available to plaintiffs. Barr will produce documents only to the extent that such information or materials are in the possession, care, custody, or control of Barr.

7.      Barr objects to each document request to the extent that it calls for the production of privileged documents and information, including, but not limited to, documents and information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable immunity, privilege, or exemption from discovery recognized by any applicable law or rule. Barr will not produce any such documents. To the extent that any such protected documents or information are inadvertently produced in response to these Requests, the production of such documents or information shall not constitute a waiver of Barr's right to assert the applicability of any privilege or immunity, and any such documents or information shall be returned to Barr's counsel immediately upon discovery thereof pursuant to Paragraph 17 of the Joint Protective Order Governing Discovery Material, entered by the Court on April 5, 2006.

8.      Barr objects to the production of documents that were disclosed to it by any third party pursuant to a non-disclosure agreement.

9.      Barr reserves all objections that may be available to it at any hearing or trial or on any motion to the use or admissibility of any material produced. The production of any material by Barr does not constitute an admission by Barr that such material or the information contained therein is relevant to this action or admissible as evidence.

10.     The failure of Barr to make a specific objection to a particular, individual request is not, and shall not be construed as, an admission that responsive information exists. Likewise, any statement herein that Barr will produce any documents in response to an individual request does not mean that Barr in fact has any such documents, or that any such documents exist, or that

Barr will search all files maintained by any person, but instead reflects the intention of Barr, subject to its Objections and Conditions, to conduct a reasonable search for responsive documents in locations where Barr reasonably believes that relevant documents are likely to be located.

11.     Barr objects to performing searches duplicative of earlier searches performed in response to subpoenas or other requests of the Federal Trade Commission for similar documents.

12.     Barr objects to the timeframe of these requests as overbroad and unduly burdensome, and objects to producing documents already produced to the Federal Trade Commission in connection with any subpoenas or other requests of the Federal Trade Commission for similar documents.

13.     Barr objects to such requests to the extent that they seek to impose unreasonable costs upon Barr, objects to these requests as unduly burdensome, and objects that it is unreasonable and unduly burdensome for the searches and productions called for by these requests to be completed in the requested time period.

14.     Barr objects to each document request to the extent that it requires Barr to search for and produce documents that are not reasonably accessible because of undue burden and cost.

15.     Barr objects to each document request to the extent that it requests information that calls for non-public, proprietary, confidential, commercially sensitive, or business or trade secret information.  To the extent that such documents are produced by Barr in response to Plaintiffs' First Request, such documents are subject, where appropriate, to the Joint Protective Order Governing Discovery Material entered by the Court on April 4, 2006.

16.     By responding to these requests, Barr does not waive any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of

any documents or information produced.  Barr reserves the right to object on any ground to the use of any documents or information produced in response to these requests.

17.     Barr reserves the right, at any time, to supplement, revise, correct, clarify, add to, or otherwise modify any responses or objections contained herein.  Barr also reserves the right to assert any other applicable objections to these document requests and to object to any other demands related to the subject matter of the responses herein.  Barr's response to these document requests is not a waiver of any rights.

18.     Barr objects to each document request to the extent that it explicitly or implicitly characterizes facts, events, circumstances, or issues relating to the subject of this litigation.

19.     Barr's responses to Plaintiffs' First Requests shall not be construed in any way as an admission that any definition provided by plaintiffs is either factually or legally binding upon Barr.  Neither the fact that an objection is interposed to a particular request, nor the fact that no objection is interposed necessarily means that responsive documents exist.  Barr's undertaking to produce documents responsive to Plaintiffs' First Requests is subject to the general proviso that Barr only agrees to produce documents to the extent that such documents are identified on the basis of a reasonable search in the places such documents would likely be located.

20.     No incidental or implied admissions are intended by these responses and none should be inferred.  Nothing stated in these responses is an admission of the existence of any fact or document referred to or assumed in any request for production, or that anything stated in this response is admissible evidence, or a waiver of any objection.

21.     To the extent that Barr objects to any individual request on the grounds that it is vague or ambiguous, Barr reserves the right to further object to the request to the extent the request is later clarified.

22.     Barr objects to plaintiffs' definition of "Branded Contraceptive" as set forth in Definition E as ambiguous, vague, overly broad, and unduly burdensome.

23.     Barr objects to plaintiffs' definition of "Consumer" as set forth in Definition H as ambiguous, vague, overly broad, and unduly burdensome.

24.     Barr objects to plaintiffs' definition of "Document" or "Documents" as set forth in Definition I as ambiguous, vague, overly broad, and unduly burdensome. Barr further objects to this definition to the extent that it seeks to impose discovery obligations on Barr beyond the requirements of the Federal Rules of Civil Procedure.

25.     Barr objects to plaintiffs' definition of "Electronically Stored Information" as set forth in Definition J as ambiguous, vague, overly broad, and unduly burdensome. Barr further objects to this definition to the extent that it requires Barr to search for and produce information, including e-mails and similar electronic information, that is not reasonably accessible and will impose an undue burden and cost on Barr.

26.     Barr objects to plaintiffs' definition of "Finished Drug Product" as set forth in Definition L as ambiguous, vague, overly broad, and unduly burdensome.

27.     Barr objects to plaintiffs' definition of "Generic Contraceptive" as set forth in Definition N as ambiguous, vague, overly broad, and unduly burdensome.

28.     Barr objects to plaintiffs' definition of "Generic Ovcon" as set forth in Definition O as ambiguous, vague, overly broad, and unduly burdensome.

29.     Barr objects to plaintiffs' definition of "Ovcon Chewable" as set forth in Definition O as ambiguous, vague, overly broad, and unduly burdensome.

30.     Barr objects to plaintiffs' definition of "Product" as set forth in Definition W as ambiguous, vague, overly broad, and unduly burdensome.

31.     Barr objects to plaintiffs' definition of "Tenure" as set forth in Definition AA as ambiguous, vague, overly broad, and unduly burdensome.

32.     Barr objects to plaintiffs' definition of "Warner Chilcott/Barr Agreement" as set forth in Definition CC as ambiguous, vague, overly broad, and unduly burdensome.

33.     Barr objects to Instruction A as overly broad, unduly burdensome, not relevant, and inconsistent with the time periods encompassed by the Complaint.  Barr further objects to this instruction to the extent that it requires Barr to produce documents or information already in plaintiffs' possession.

34.     Barr objects to Instruction B as imposing requirements beyond those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, the Case Management Order entered by this Court, or any other applicable law or order.

35.     Barr objects to Instruction C as unduly burdensome and imposing requirements beyond those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, the Case Management Order entered by this Court, or any other applicable law or order.

36.     Barr objects to Instruction D as unduly burdensome and imposing requirements beyond those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, the Case Management Order entered by this Court, or any other applicable law or order.  Barr further objects to these instructions to the extent that they seek to require Barr to: (1) produce documents or data in a particular format; (2) convert documents or data into a particular format; (3) produce data, fields, records, or reports about produced documents or data; (4) produce documents or data on any particular media; (5) search for and/or produce any documents or data on back-up tapes; (6) produce any proprietary software, data, programs, or databases; or (7) violate any licensing agreement or copyright laws.

37.     Barr objects to Instruction G as imposing requirements beyond those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, the Case Management Order entered by this Court, or any other applicable law or order.

38.     Barr objects to Instruction H as imposing requirements beyond those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, the Case Management Order entered by this Court, or any other applicable law or order.

39.     In its responses below, when Barr refers to "Ovcon" in its response it refers collectively to Ovcon, Ovcon Chewable, and/or any generic equivalent of Ovcon.

**RESPONSE TO SPECIFIC REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:**

> One copy of each organization chart and personnel directory for the Company as a whole and for each of the Company's facilities or divisions involved in any activity relating to oral contraceptives or combined hormonal contraceptives.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 1 as ambiguous, vague, and overly broad.  Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced sufficient to identify personnel involved with Ovcon at a mutually convenient time and location.

**REQUEST NO. 2:**

> Documents that relate in any way to any departures from the Company's policies, procedure, and practices relating to the retention and destruction of documents that would otherwise by called for by these Requests.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 2 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 2 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced that reflect departures from Barr's document retention policies at a mutually convenient time and location.

**REQUEST NO. 3:**

> All documents that relate in any way to any investor conference calls or meetings relating to Ovcon, Ovcon Chewable, or the introduction of a generic version of Ovcon.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 3 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 3 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-

privileged documents not previously produced reflecting investor conference calls and/or meetings relating to Ovcon at a mutually convenient time and location.

**REQUEST NO. 4:**

> All documents that relate in any way to any presentation to industry analysts or to industry conferences relating to Ovcon, Ovcon Chewable, or the introduction of a generic version of Ovcon.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 4 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 4 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced reflecting industry analyst or conference presentations regarding Ovcon at a mutually convenient time and location.

**REQUEST NO. 5:**

> A copy of each final audited annual financial statement since 2000.

**RESPONSE:**

Subject to the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced at a mutually convenient time and location.

**REQUEST NO. 6:**

> A copy of the most recent resume or curriculum vitae for the Relevant Barr Officials.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 6 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and unduly intrudes upon these individuals' privacy interests. Subject to the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced to the extent that Barr officials substantially involved with Ovcon possess such current resumes at a mutually convenient time and location.

**REQUEST NO. 7:**

> All documents that relate in any way to the Warner Chilcott/Barr Agreement, including, but not limited to, discussions, analyses, consultant reports, communications, forecasts, projections, presentations, or negotiations, concerning the Warner Chilcott/Barr Agreements, and drafts of the Warner Chilcott/Barr Agreement (whether or not incorporated in the executed agreement).

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 7 on the grounds that it is ambiguous, vague, overly broad, and unduly burdensome. Barr further objects to Request No. 7 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced that relate to the Warner Chilcott/Barr Agreement at a mutually convenient time and location.

**REQUEST NO. 8:**

> All documents that relate in any way to Barr's plans for Generic Ovcon, including, but not limited to: business plans; short term and long range strategies and objectives; collaboration plans, budgets and financial projections; regulatory plans; and presentations to management committees, executive committees, or boards of directors.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 8 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 8 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to Barr's plans for Generic Ovcon at a mutually convenient time and location.

**REQUEST NO. 9:**

> All documents that relate in any way to Barr's efforts or preparations to begin commercial marketing of Generic Ovcon, including, but not limited to: product launch checklists, oral contraceptive clinical communications status reports, and launch packs.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 9 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to Barr's commercial marketing of Generic Ovcon at a mutually convenient time and location.

**REQUEST NO. 10:**

> All documents that relate in any way to the projected or anticipated effect that a generic version of Ovcon would have on Warner Chilcott's sales, revenues, or profits of Ovcon.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 10 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 10 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to the effect of a generic version of Ovcon on Warner Chilcott's sales of Ovcon at a mutually convenient time and location.

**REQUEST NO. 11:**

> All documents that relate in any way to the projected or anticipated effect that any Branded Contraceptive or Generic Contraceptive (other than a generic version of Ovcon) would have on Warner Chilcott's sales, revenues, or profits of Ovcon.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 11 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 11 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to the effect of other product sales on Ovcon at a mutually convenient time and location.

**REQUEST NO. 12:**

> All documents that relate in any way to the projected or anticipated effect that any Branded Contraceptive or any Generic Contraceptive, including but not limited to Ovcon Chewable, would have on Barr's sales, revenues, or profits of any Barr Contraceptive Product, including, but not limited to Barr's Generic Ovcon.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 12 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the

extent that it seeks documents or information not related to Ovcon Chewable. Barr further objects to Request No. 12 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to the effect of Ovcon Chewable on Barr's sales of Generic Ovcon at a mutually convenient time and location.

**REQUEST NO. 13:**

> For each rebate period from January 1, 1998 to the present, with respect to the sales of any Barr Contraceptive Product, all documents that relate in any way to the Medicaid Rebate Program under 42 U.S.C. § 1396r-8, including, but not limited to: (a) agreements with the Department of Health and Human Services, or the Centers for Medicaid and Medicare Services; (b) submissions of Barr to the Department of Heath and Human Services or the Center for Medicaid and Medicare Services or the Plaintiff States pursuant to the Medicaid Rebate Program; and (c) calculations of the "manufacturer's best price," "average manufacturer price," "the manufacturer's average sales price," the "manufacturer's wholesale acquisition cost," and "sales made at a nominal price," as those terms are defined in 42 U.S.C. § 1396r-8.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 13 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to its sales of Ovcon at a mutually convenient time and location.

**REQUEST NO. 14:**

> All documents that relate in any way to the inventory and distribution of Barr Contraceptive Product samples required to be maintained pursuant to 21 U.S.C. § 353(d)(3)(C).

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 14 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not previously produced relating to the inventory and distribution of Ovcon samples at a mutually convenient time and location.

**REQUEST NO. 15:**

> All documents that relate in any way to Barr's manufacture, production, or sale of Ovcon or Generic Ovcon for Warner Chilcott.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 15 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to its manufacture, production, or sale of Ovcon at a mutually convenient time and location.

**REQUEST NO. 16:**

> All documents that relate in any way to communications between Warner Chilcott and Barr concerning Ovcon, Ovcon Chewable, or Generic Ovcon.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 16 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 16 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to communications with Warner Chilcott regarding Ovcon at a mutually convenient time and location.

**REQUEST NO. 17:**

> A copy of each Warner Chilcott purchase order for Ovcon or Generic Ovcon from Barr.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 15 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged

documents sufficient to show Warner Chilcott's purchases of Ovcon from Barr at a mutually convenient time and location.

**REQUEST NO. 18:**

> All documents that relate in any way to Barr's performance in manufacturing and/or delivering Ovcon or Generic Ovcon to Warner Chilcott pursuant to each purchase order provided in response to Document Request No. 17.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 18 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to Barr's manufacture and delivery of Ovcon to Warner Chilcott at a mutually convenient time and location.

**REQUEST NO. 19:**

> All documents that relate in any way to Warner Chilcott purchases of Ovcon supply from Bristol-Myers Squibb.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 19 on the grounds that it is overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 19 to the extent that it calls for documents or information that is accessible to

plaintiffs through other sources or are more appropriately sought from parties or third parties to whom requests have been or may be directed. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to Warner Chilcott's purchases of Ovcon from Bristol-Myers Squibb to the extent that such information is in the possession, care, custody, or control of Barr at a mutually convenient time and location.

**REQUEST NO. 20:**

> All documents that relate in any way to the validation required by the FDA of Barr's manufacturing process for Barr's Generic Ovcon.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 20 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 20 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to the validation of Barr's Ovcon manufacturing process at a mutually convenient time and location.

**REQUEST NO. 21:**

> All documents that relate in any way to any actual or proposed changes made by Barr to the placebo pill used in Barr's Generic Ovcon.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 21 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to any actual or proposed changes to Barr's Ovcon placebo pill at a mutually convenient time and location.

**REQUEST NO. 22:**

> All documents that relate in any way to the risk of cross-contamination in those circumstances in which an oral contraceptive placebo pill is the same size as an oral contraceptive active ingredient pill.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 22 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this

request, and that Barr will produce non-privileged documents not previously produced relating to any actual or proposed changes to Barr's Ovcon placebo pill at a mutually convenient time and location.

**REQUEST NO. 23:**

> All documents that relate in any way to Barr's compliance with current Good Manufacturing Practices (cGMPs) for any Barr facility that manufactures any Barr Contraceptive Product.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 23 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not previously produced relating to Ovcon manufacturing practices at a mutually convenient time and location.

**REQUEST NO. 24:**

> Documents sufficient to identify the production capacity for any Barr facility, including, but not limited to, any portion of any manufacturing facility, such as a manufacturing line, that is used or capable of being used to produce any Barr Contraceptive Product.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 24 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not previously produced relating to its Ovcon production capacity at a mutually convenient time and location.

**REQUEST NO. 25:**

> Documents sufficient to identify the other products manufactured on any line used or capable of being used to produce Ovcon or any Barr Contraceptive product.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 25 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not previously produced identifying other products manufactured on any line used to produce Ovcon at a mutually convenient time and location.

**REQUEST NO. 26:**

> For each product manufactured on any line used or capable of being used to produce Ovcon or any Barr Contraceptive Products, from January 2003 to the present, documents sufficient to determine any and all revenues and costs of producing, manufacturing, marketing, and/or selling each product on a monthly, quarterly, and annual basis, including the following measures of costs and profits: (a) gross revenue; (b) net revenue; (c) cost of goods sold; (d) manufacturing cost; (e) sales and/or distribution cost; (f) marketing cost; (g) any and all other costs, including but not limited to allocation of depreciable equipment, capital improvements, research and development, technology related expenses; and licensing fees and/or royalties, individuated by category; (h) short-run average variable costs; (i) long run

average variable costs; (j) fixed costs; (k) materials cost; (l) labor
cost; and (m) marginal cost.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 26 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not previously produced sufficient to determine Ovcon revenues and costs at a mutually convenient time and location.

**REQUEST NO. 27:**

One copy of each agreement in which Barr manufactures or supplies a Finished Drug Product for another company.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 27 on the grounds that it seeks documents not relevant to the claims or defenses of any party and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 27 to the extent that it seeks documents and information disclosed to Barr by any third party pursuant to a non-disclosure agreement. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not previously produced constituting agreements to manufacture or supply Ovcon or another oral contraceptive for another company at a mutually convenient time and location.

**REQUEST NO. 28:**

> All documents that relate in any way to setting or prioritizing production schedules for any manufacturing line that produces or could produce Ovcon and Generic Ovcon.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 28 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not previously produced relating to Ovcon production schedules at a mutually convenient time and location.

**REQUEST NO. 29:**

> All documents that relate in any way to whether, and how, the introduction of any oral contraceptive product or combined hormonal contraceptives could affect Barr's distribution of samples of any Barr Contraceptive Product.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 29 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not

previously produced relating to how the introduction of another product could affect any distribution of Ovcon samples at a mutually convenient time and location.

**REQUEST NO. 30:**

> All documents that relate in any way to Barr's strategies, plans, objectives, or policies with respect to the distribution of samples of any Barr Contraceptive Product to physicians, including, but not limited to: (a) the decision whether to distribute samples of Barr's contraceptive Product; (b) the decision whether, and when, to discontinue the distribution of Barr Contraceptive samples; (c) the standards for determining the number of samples for Barr to distribute; and (d) the standards for determining how Barr allocates the number of Barr Contraceptive samples to be distributed to particular physicians.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 30 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not previously produced relating to Barr's strategies or policies with respect to the distribution of Ovcon samples at a mutually convenient time and location.

**REQUEST NO. 31:**

> All documents that relate in any way to the FDA regulatory approval of Barr's Generic Ovcon.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 31 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the

grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Barr further objects to Request No. 31 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine.  Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to FDA regulatory approval of Barr's Generic Ovcon at a mutually convenient time and location.

**REQUEST NO. 32:**

> All IMS reports or IMS data in electronic format for oral contraceptives or combined hormonal contraceptives from January 1, 1998 to the present.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 32 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Barr also objects to plaintiffs' Request No. 32 to the extent that it seeks the production of documents or information more appropriately obtained from other sources.  Barr further objects to plaintiffs' Request No. 32 to the extent that it calls for production of documents in a specific format. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not previously produced constituting IMS reports for Ovcon at a mutually convenient time and location.

**REQUEST NO. 33:**

> All Impact RX reports or Impact RX data in electronic format for oral contraceptives or combined hormonal contraceptives from January 1, 1998 to the present.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 33 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr also objects to plaintiffs' Request No. 33 to the extent that it seeks the production of documents or information more appropriately obtained from other sources. Barr further objects to plaintiffs' Request No. 33 to the extent that it calls for production of documents in a specific format. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not previously produced constituting Impact RX reports for Ovcon at a mutually convenient time and location.

**REQUEST NO. 34:**

> From January 1, 1998 to the present, for each SKU of each Barr Contraceptive Product, all documents in electronic format relating to any measure of the sales, price, revenues, profit, and marketing expense of each SKU, including, but not limited to: (a) gross and net sales in units and dollars; (b) gross number and dollar value of promotional sample units distributed; (c) gross and net profits in dollars; (d) cost of goods sold in dollars; (e) sales, promotion, or marketing expenses; and (f) rebates, credits, allowances, charge-back, and any other adjustments to price.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 34 on the grounds that it is ambiguous, vague, overly broad, unduly

burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to Barr's sales and revenues of Ovcon at a mutually convenient time and location.

**REQUEST NO. 35:**

> All documents that relate in any way to pricing plans, pricing policies, pricing forecasts, pricing strategies, pricing analyses, pricing projections, and pricing decisions regarding Barr's Contraceptive Products.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 35 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 35 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to Barr's Ovcon pricing at a mutually convenient time and location.

**REQUEST NO. 36:**

> All forecasts, analyses, projections, consultant reports, business plans, strategic plans, launch packs, or planning documents that relate in any way to generic substitution with respect to any Barr Contraceptive Product.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 36 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 36 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to Barr's Ovcon forecasts and projections at a mutually convenient time and location.

**REQUEST NO. 37:**

> All analyses, studies, surveys, or other data concerning the use of contraceptives, including, but not limited to: (a) the average Tenure of a woman using a Branded Contraceptive; (b) the average Tenure of a woman using a Generic Contraceptive; (c) the average Tenure of a woman using a Branded Contraceptive that is sampled to physicians; (d) the average Tenure of a woman using Ovcon.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 37 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it will produce non-privileged documents not

previously produced relating to studies and surveys relating to Ovcon use at a mutually convenient time and location.

**REQUEST NO. 38:**

> A copy of each manufacturing or supply agreement for a Finished
> Drug Product between Barr and any other company relating to any
> Barr Product.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 38 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr objects that Request No. 38 is unreasonably duplicative of Request No. 27. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced constituting Ovcon manufacturing or supply agreements at a mutually convenient time and location.

**REQUEST NO. 39:**

> All documents that relate in any way to the advantages or benefits,
> or disadvantages or concerns, of entering into an exclusive supply
> agreement.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 39 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to Request No. 39 to the extent that it seeks documents and information covered

by the attorney-client privilege or work product doctrine.  Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to the advantages of an exclusive supply agreement regarding Ovcon at a mutually convenient time and location.

**REQUEST NO. 40:**

> All documents that relate in any way to the advantages or benefits,
> or disadvantages or concerns, of entering into a supply agreement
> that was not exclusive.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 40 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Barr further objects to Request No. 40 to the extent that it seeks documents and information covered by the attorney-client privilege or work product doctrine.   Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced relating to the advantages or disadvantages of a non-exclusive supply agreement regarding Ovcon at a mutually convenient time and location.

**REQUEST NO. 41:**

> Provide one month supply of each Barr Contraceptive Product in
> both trade and sample form.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 41 on the grounds that it is unduly burdensome, seeks information not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr objects that this request imposes obligations not authorized by Rule 34, and that Barr is not authorized to distribute prescription drug products in this fashion. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it is willing to produce empty Ovcon package material responsive to this request.

**REQUEST NO. 42:**

> All documents that relate in any way to the benefits or savings
> generic drugs provide to consumers.

**RESPONSE:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 42 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states information relating to the benefits of generic drugs are contained in documents available on Barr's website and that Barr will produce any documents discussing generic drug benefits and Ovcon specifically at a mutually convenient time and location.

**REQUEST NO. 43:**

> All documents Barr intends to use in defense of the allegations in
> the Complaint or in support of your affirmative defenses.

**<u>RESPONSE</u>:**

In addition to the General Objections and Conditions set forth above, Barr objects to plaintiffs' Request No. 43 on the grounds that it is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Barr objects that this request is premature and that such documents will be identified during discovery and pretrial statements. Subject to and without waiving these specific objections and the General Objections and Conditions set forth above, Barr states that it has already produced documents responsive to this request, and that Barr will produce non-privileged documents not previously produced that may support Barr's denials and defenses as such documents are identified and discovered throughout the pretrial phase of this litigation.