UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　Plaintiff,<br><br>　　　v.<br><br>BARR PHARMACEUTICALS, INC.,<br><br>　　Defendant. | Civil Action No. 05-2179 (CKK) |

**ORDER**
(March 24, 2007)[1]

On January 19, 2007, Defendant Barr Pharmaceuticals, Inc. ("Barr") filed a [107] Motion to Strike the Expert Report of Richard P. Dickey, a medical doctor, which Plaintiff submitted as a rebuttal expert report in response to the expert reports filed by Barr and by defendants in other, related, matters. In the alternative, Barr filed a [108] Motion for Leave to File an Expert Rebuttal Report in response to Dr. Dickey's Report.

Barr argues that, although Plaintiff submitted Dr. Dickey's report on January 8, 2007, the date on which the parties were to exchange rebuttal expert reports, and titled Dr. Dickey's report a "rebuttal" expert report, Dr. Dickey's report is in fact an affirmative opinion on the relevant product market definition in this action. *See* Barr Mot. to Strike at 1-2. Barr asserts that Dr. Dickey's report does not purport to and is not intended to rebut the opinions offered by Barr's experts in their opening reports. *Id.* As a result, Barr argues, Plaintiff should have submitted Dr.

---

[1] An unredacted copy of this Order shall be filed under seal with the Clerk of the Court for the United States District Court for the District of Columbia.

Dickey's expert report on December 11, 2006, the date on which the parties exchanged opening expert reports. *Id.* Barr further argues that Plaintiff's failure to submit Dr. Dickey's expert report on December 11, 2006 violates this Court's November 11, 2006 scheduling order as well as Federal Rule of Civil Procedure 26. For its part, Plaintiff asserts that in their reports, Barr's experts – who are economists and not medical doctors – "**REDACTED**." Gov't Pls' Opp'n at 1. Plaintiff argues that Dr. Dickey's report is therefore a proper rebuttal because it "**REDACTED**." *Id.* at 3.

Upon review of Barr's motions, Plaintiff's Opposition, Barr's Reply memoranda, and the exhibits thereto, the Court shall deny Barr's motions to strike Dr. Dickey's expert report, but shall grant Barr leave to file a very pointed report in response to Dr. Dickey's expert report. The Court agrees that Dr. Dickey's report is not purely rebuttal, insofar as it concurs with many of the opinions offered by Barr's experts and supplements Plaintiff's opening expert report of Professor Daniel L. Rubinfeld, in which Professor Rubinfeld **REDACTED**. *See* Barr Mot. to Strike, Exs. A (12/11/06 Exp. Rep. of Prof. Daniel L. Rubinfeld) and B (12/5/07 Exp. Rep. of Dr. Richard P. Dickey). However, the expert reports filed by Barr and by defendants in the related actions do **REDACTED**. *See, e.g.*, Gov't Pls' Opp'n Ex A (12/11/06 Exp. Rep. of Sumanth Addanki) at 2 ("**REDACTED**."); Ex. B (12/11/06 Exp. Rep. of Gregory K. Bell) at 11 ("**REDACTED**."). Dr. Dickey's report certainly rebuts those experts' conclusions **REDACTED**. *See* Barr Mot. to Strike Ex. B (Dickey Exp. Rep.) at 11 ("**REDACTED**"). The Court therefore declines to strike Dr. Dickey's expert report on the grounds that it not a proper rebuttal report.

Nevertheless, the Court recognizes that Dr. Dickey's report "**REDACTED**." Barr Mot. to Strike at 2. The Court shall therefore grant Barr leave to file a very limited sur-rebuttal report

in response to Dr. Dickey's expert report. Barr's sur-rebuttal report shall be filed on or before April 12, 2007, and shall be limited to the narrow issue of **REDACTED.**[2]

Accordingly, it is this 24th day of March, 2007,

**ORDERED** that Defendant Barr's [107] Motion to Strike the expert report of Dr. Richard P. Dickey is DENIED; it is further

**ORDERED** that Defendant Barr's alternative [108] Motion for Leave to File Expert Rebuttal Report in response to Dr. Dickey's report is GRANTED, insofar as Barr may file a sur-rebuttal report that is limited to the narrow issue of **REDACTED**.

**SO ORDERED**.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[2] In a footnote to their Opposition to Defendants' motions to strike, Plaintiffs state that Dr. Dickey's deposition was noticed for February 16, 2007. Gov't Pls' Opp'n at 9 n. 30. Plaintiffs suggest that Defendants should be required to file any sur-rebuttals prior to Dr. Dickey's deposition or that Dr. Dickey's deposition should be postponed to allow sufficient time for the review of the sur-rebuttal. *Id.* The Court does not know whether Dr. Dickey's deposition in fact occurred on February 16, 2007; however the Court notes that Plaintiffs did not request that the Court to postpone Dr. Dickey's deposition pending a ruling on the instant motions.