# EXHIBIT 7

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Patrick M. Bryan
To Call Writer Directly:
202 879-5285
pbryan@kirkland.com

202 879-5000

www.kirkland.com

Facsimile:
202 879-5200
Dir. Fax: 202 654-9585

May 11, 2007

**Via E-Mail and Electronic Service**

Garth W. Huston, Esq.
Bureau of Competition
Federal Trade Commission
601 New Jersey Avenue
Room 360
Washington, D.C. 20580

      Re:   *Federal Trade Commission v. Barr Pharmaceuticals, Inc.*, Civil Action No. 1:05-cv-2179-CKK (D.D.C.)

Dear Garth:

      I write in response to your letter of May 10th. It is clear from your letter that you misapprehend both the Court's instructions at the March 1st discovery hearing and my letter of May 7th.

      As an initial matter, however, I would like to set the record straight. Contrary to the representation in your May 10th letter, the FTC did not request "five discrete categories of material." Rather, the FTC identified broad categories of documents and requested all "other similar" documents and spreadsheets (in both native and tiff file format). (*See* Mar. 13, 2007 Letter from Bradley Albert to Karen N. Walker.) Barr promptly responded to the FTC's broad requests, producing thousands of documents as well as thousands of spreadsheets in native file format. Notably, although Barr previously agreed to, and did, in fact, produce certain spreadsheets in native file format in response to discrete, specific requests by the FTC, *see, e.g.*, Aug. 25, 2006 Letter from Thomas H. Brock to Karen N. Walker, and Aug. 28, 2006 Letter from Karen N. Walker to Thomas H. Brock, the FTC did an about-face and refused to identify any additional spreadsheets that it wished to have re-produced in native file format; instead, the FTC requested that all "similar" spreadsheets be re-produced in native file format. Therefore, Barr re-produced — at considerable expense — all spreadsheets in native file format (as requested by the FTC), as well as "other similar" documents requested by the FTC.

      In short, Barr did not "dump" documents on the FTC as you claim in your letter; it produced documents requested by the FTC. Thus, your complaint about the size of Barr's recent production is wholly disingenuous. Indeed, given the volume of Barr's prior productions,

Chicago      London      Los Angeles      Munich      New York      San Francisco

## KIRKLAND & ELLIS LLP

Garth W. Huston, Esq.
May 11, 2007
Page 2


the volume of spreadsheets and other documents recently produced by Barr should have come as no surprise.

      Furthermore, as I indicated in my prior letter, Barr is under no obligation (under either the Federal Rules of Civil Procedure or the Court's instructions at the March 1st discovery hearing) to confirm for the FTC that it has in its possession the documents and data that it is "looking for." Nor is Barr under any obligation to, as you request, "identify the appropriate Bates ranges for this information." In fact, your request to have Barr confirm that the FTC has what it is "looking for" and, indeed, where to find it, defies logic.

      In any event, as I indicated in my prior letter, we are looking into whether it is possible to produce a single consolidated transactional database containing records regarding sales of both the supplied products and Balziva. We will inform you shortly whether we are able to do so and, if so, when such a production can be expected.

      Best regards,

      Patrick M. Bryan


cc:    Contact Attorneys (via Dealroom)