**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>    Plaintiff,<br><br>  v.<br><br>**BARR PHARMACEUTICALS, INC.,**<br><br>    Defendant. | Civ. Action No. 1:05-CV-02179-CKK-AK<br><br>Judge Colleen Kollar-Kotelly<br><br>Magistrate Judge Alan Kay |
| **STATE OF COLORADO,** *et al.***,**<br><br>    Plaintiffs,<br><br>  v.<br><br>**WARNER CHILCOTT HOLDINGS CO. III, LTD.,** *et al.***,**<br><br>    Defendants. | Civ. Action No. 1:05-CV-02182-CKK-AK<br><br>Judge Colleen Kollar-Kotelly<br><br>Magistrate Judge Alan Kay |

**BARR PHARMACEUTICAL, INC.'s RESPONSE TO GOVERNMENT PLAINTIFFS'
SUPPLEMENTAL REPORT TO MAGISTRATE JUDGE KAY**

Barr hereby responds to the May 14, 2007 "Supplemental" Report filed by Government Plaintiffs after the Court issued an Order dismissing as moot their motions to compel. Government Plaintiffs are simply mistaken. As Barr has previously represented to the Court, it produced, by April 20, 2007, the documents and data requested by Government Plaintiffs. Their motions are therefore moot.

In their "Supplemental" Report to the Court, Government Plaintiffs seemingly complain that Barr produced too many documents in response to their "narrow" and "discrete" requests. Contrary to Government Plaintiffs' assertions, however, their requests were neither

narrow nor discrete. Instead of requesting from Barr "what it is that [Barr] did not explore that [Government Plaintiffs] feel is critical to [their] ability to prosecute this case effectively," as directed by the Court (Tr. of Mar. 1, 2007 Hearing on Discovery Motions Before the Honorable Alan Kay ("Hearing Tr.") at 62), Government Plaintiffs requested five broad categories of information, and, with the exception of three Bates-numbered documents, did not identify the specific documents from Barr's production they needed but did not have in native file format (instead requesting "similar spreadsheets" and "similar documents" to the three documents identified). Nevertheless, Barr, at great burden and expense, searched for, reviewed, and produced (and, in some cases, re-produced) nearly 60,000 pages of additional documents, and over 19,000 pages of Excel spreadsheets in native file format that Government Plaintiffs requested or are similar to those Government Plaintiffs requested.

The 3,000 spreadsheets that were produced in imaged, or ".tiff" format were produced in that manner because that has been the protocol in this case, *i.e.*, every time Barr (or any other party in this matter) produced documents in response to document requests, it has been produced in ".tiff" format, which allows Barr to assign (and, if necessary, later identify) a Bates number to each page of each document. (*See* May 18, 2007 Letter from P. Bryan to G. Huston, attached as Ex. A.) In any event, each and every one of the spreadsheets provided in ".tiff" format was *also* produced to Government Plaintiffs in native file format.

Government Plaintiffs also accuse Barr of producing native file spreadsheets for products "completely unrelated to the contraceptive area." In doing so, Barr was simply producing documents as kept in the regular course of business. (*See* Ex. A.) Thus, as previously explained to Government Plaintiffs, Barr was merely following the standard practice of producing responsive documents along with all non-privileged attachments, without regard to

2

whether each attachment itself is relevant. (*See* Barr's Opp'n to Gov't Pls.' Mot. to Compel at 5, n. 5 (D.E. # 60).) Regardless of Government Plaintiffs production preferences, Barr must continue to produce documents as kept in the regular course of business because, as dictated by the Joint Case Management Order entered in this case, each supplemental production Barr provides to Government Plaintiffs is also furnished to all plaintiffs in the Ovcon-related litigations.

In addition, Government Plaintiffs' contention that Barr did not produce IMS data for the period June 2006 through February 2007, in native file format, for combined hormonal contraceptive products is simply false. IMS is a third-party vendor that makes certain data publicly available to subscribers for a fee, similar to Westlaw or Lexis-Nexis. Thus, Barr does not have free access to all the data retained by IMS, nor is all IMS data is in Barr's possession. (*See* Ex. A.) Barr produced to Government Plaintiffs responsive IMS data that it had previously purchased (and was therefore in its possession or control) from the period June 2006 through February 2007. (*See id.*) As Barr has repeatedly explained to Government Plaintiffs, Barr is not obliged to seek out and pay for additional data from a third-party vendor, and create new documents, because the FTC would like access to certain fields of information. (*See, e.g.*, Ex. A; Ex. 2 to Report of Gov't Pls.' to Magistrate Judge Kay (D.E. #123).)

Finally, with regard to the "Ovcon Product Information," we believe that we have provided responsive data on all Ovcon/Balziva units sold in both the April 20, 2007 production, as well as in previous productions. Nevertheless, and as we have told Government Plaintiffs, we are looking into whether we can prepare a spreadsheet containing transactional data relating to Ovcon, similar to that produced with regard to Balziva, even though we do not believe we are required to do so. (*See* May 8, 2007 Letter from P. Bryan to G. Huston, attached as Ex. 5 to

Gov't Pls.' Supp. Report; May 11, 2007 Letter from P. Bryan to G. Huston, attached as Ex. 7 to Gov't Pls.' Supp. Report.)

For the reasons stated above, Barr believes that it has produced the documents and data requested by Government Plaintiffs and therefore respectfully requests that the Court stand on its Order dismissing Government Plaintiffs' motions to compel as moot.

Date:  May 18, 2007                                   Respectfully submitted,

*/s/ Karen N. Walker*
Karen N. Walker (D.C. Bar # 412137)
Mark L. Kovner (D.C. Bar # 430431)
Patrick M. Bryan (D.C. Bar # 490177)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C.  20005
(202) 879-5000
(202) 879-5200 (fax)

***Attorneys for Defendant Barr Pharmaceuticals, Inc.***