IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>BARR PHARMACEUTICALS, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. | 1:05-CV-2179-CKK |

**JOINT MOTION FOR ENTRY OF FINAL ORDER
AND STIPULATED PERMANENT INJUNCTION**

Plaintiff Federal Trade Commission and defendant Barr Pharmaceuticals, Inc., by their respective attorneys, respectfully move this Court to enter the proposed Final Order and Stipulated Permanent Injunction, a copy of which is attached. Entry of the Final Order will end this litigation. In support of this motion, the parties state as follows:

1. On December 5, 2005, the Federal Trade Commission filed its First Amended Complaint against Barr pursuant to Section 13(b) of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 53(b). The Commission's Amended Complaint alleges that Barr and Warner Chilcott violated Section 5 of the FTC Act by entering into an agreement that eliminated competition from Barr's generic version of regular Ovcon 35, a branded oral contraceptive product sold by Warner Chilcott.

2. In its Amended Complaint, the FTC seeks a permanent injunction to invalidate the exclusivity provision that prevented Barr from introducing a generic version of Ovcon, and "such

other equitable relief as the Court finds necessary to redress and prevent recurrence of defendants' violation."

3. On September 25, 2006, Warner Chilcott irrevocably waived the exclusivity provision in the agreement. Subsequently, Barr introduced a generic version of regular Ovcon 35 in October 2006.

4. Barr has reached a settlement with the FTC. In so doing, it does not admit any issues of fact or law. Barr specifically denies that it engaged in any conduct violating Section 5 of the FTC Act or any other wrongdoing and further contends that the agreement at issue was justified.

5. The proposed Final Order contains two principal elements: (a) a prohibition that prevents Barr from entering into certain supply agreements similar to the one challenged here or other agreements that unreasonably restrain trade (Paragraph III); and (b) a provision requiring Barr in the future to give notice to the FTC of a broader group of agreements (Paragraph IV). The proposed Final Order provides for the FTC and Barr to bear their respective costs in the action.

6. On October 31, 2007, the Commission voted 5-0 to accept the proposed Final Order. Thus, Barr and the FTC jointly request that the Court enter the attached proposed Final Order and place it on the public record, thereby bringing the litigation between the FTC and Barr to an end.

Dated: November 9, 2007                                       Respectfully submitted,


　　/s/                                                                         　　/s/
Karen N. Walker (D.C. Bar #412137)              Markus H. Meier (D.C. Bar # 459715)
Mark L. Kovner (D.C. Bar # 430431)              Bradley S. Albert
Chong S. Park (D.C. Bar # 463050)                James E. Rhilinger (DC Bar # 472255)
Patrick M. Bryan (D.C. Bar # 490177)            Federal Trade Commission
KIRKLAND & ELLIS LLP                                  600 Pennsylvania Avenue, N.W.
655 Fifteenth Street, N.W.                                  Washington, D.C. 20001
Washington, D.C. 20005                                    Telephone: (202) 326-3759
Telephone: (202) 879-5000                               Facsimile: (202) 326-3384
Facsimile: (202) 979-5200

*Counsel for Defendant*                                    *Counsel for Plaintiff*
*Barr Pharmaceuticals, Inc.*                              *Federal Trade Commission*